# Exhibit F

*Augenbaum v. Anson Investments Master Fund LP et al.*, No. 1:22-cv-00249-AS

<u>Non-Argumentative Chart in Support of Moving Defendants' Motion to Dismiss the Amended Complaint</u>

| No. | Elements of Section 16(b) Claim Not Plausibly Alleged |
|:---:|:---|
| 1 | Moving Defendants were **members of a "group"** within the meaning of Section 13(d) of the Exchange Act and SEC Rule 13d-5(A) that agreed to act together in furtherance of a common objective.  *See, e.g.*, 5 U.S.C. § 78m(d)(3) ("When two or more persons act as a . . . syndicate, or other group for the purpose of acquiring, holding, or disposing of securities of an issuer, such syndicate or group shall be deemed a 'person' for the purposes of this subsection."); 17 C.F.R. § 240.13d–5(b)(1) ("[W]hen two or more persons agree to act together for the purpose of acquiring, holding, voting or disposing of equity securities of an issuer, the group formed thereby shall be deemed to have acquired beneficial ownership . . . of all equity securities of that issuer beneficially owned by any such persons."); *CSX Corp. v. Children's Inv. Fund Mgmt. (UK) LLP*, 654 F.3d 276, 283 (2d Cir. 2011) (citations omitted) (holding that the "touchstone of a group within the meaning of section 13(d) is that the members combined in furtherance of a common objective"). |
| 2 | Moving Defendants were members of a Section 13(d) "group" **at both the time of a purchase and the time of a sale of the relevant securities**.  *See, e.g.*, *Foremost-McKesson, Inc. v. Provident Sec. Co.*, 423 U.S. 232, 254 (1976) (concluding that it would be inconsistent with congressional intent "to impose liability on the basis of a purchase made when the percentage of stock ownership requisite to insider status had not been acquired"). |
| 3 | Plaintiff suffered **concrete harm and therefore has standing** to bring the Section 16(b) claim.  *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021); *Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, 19 F.4th 58, 64 n.2 (2d Cir. 2021) (concluding that "plaintiffs must show that the statutory violation caused them a concrete harm"); *Packer v. Raging Capital Mgmt., LLC*, No. 15-CV-05933 (JMW), 2023 WL 248442, at *8 (E.D.N.Y. Mar. 13, 2023) ("*Bulldog*'s grant of standing once a violation of Section 16(b) is alleged, without a showing of concrete harm beyond the violation, must yield to the principles announced in *TransUnion*."). |