UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD AUGENBAUM,<br><br>            Plaintiff,<br><br>v.<br><br>ANSON INVESTMENTS MASTER FUND LP; BRIO CAPITAL MASTER FUND LTD.; BRIO SELECT OPPORTUNITIES FUND, LP; CVI INVESTMENTS, INC.; EMPERY ASSET MASTER, LTD.; EMPERY DEBT OPPORTUNITY FUND, LP; EMPERY TAX EFFICIENT, LP; EMPERY ASSET MANAGEMENT, LP; IROQUOIS MASTER FUND LTD.; IROQUOIS CAPITAL INVESTMENT GROUP, LLC; L1 CAPITAL GLOBAL OPPORTUNITIES MASTER FUND; M3A LP; and RICHARD MOLINSKY,<br><br>            Defendants,<br><br>  -and-<br><br>KARTOON STUDIOS, INC.<br><br>            Nominal Defendant. | Civil Action No. 1:22-cv-00249-AS |

**ANSWER OF EMPERY ASSET MASTER, LTD., EMPERY DEBT OPPORTUNITY FUND, LP, EMPERY TAX EFFICIENT, LP, AND EMPERY ASSET MANAGEMENT, LP TO THE AMENDED COMPLAINT**

      Defendants Empery Asset Master, Ltd., Empery Debt Opportunity Fund, LP ("EODF"), Empery Tax Efficient, LP, and Empery Asset Management, LP (collectively, "Empery"), through their undersigned counsel, hereby submit their Answer to the Amended Complaint by Plaintiff Todd Augenbaum as follows.

1

## ANSWER AND GENERAL DENIAL

Except as otherwise expressly admitted herein, Empery denies each and every allegation set forth in the Amended Complaint and specifically denies any liability to Plaintiff, including, without limitation, its headers. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, allegations in the Amended Complaint to which no responsive pleading is required are deemed denied. Empery expressly reserves the right to seek to amend and/or supplement its Answer as necessary, including the right to assert and rely on additional defenses as may be discovered or identified.

On February 26, 2024, the Court entered an order amending the case caption to remove Genius Brands International, Inc. ("Genius Brands") and add Kartoon Studios, Inc. ("Kartoon") as the Nominal Defendant. Accordingly, all references in the Amended Complaint to Genius Brands have been deemed to refer to Kartoon.

As for the specific allegations of the Amended Complaint, Empery states as follows:

## INTRODUCTION

1. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5. Empery denies the allegations and characterizations in paragraph 5 to the extent they concern Empery's activities, and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to the actions of any other noteholder, investor, or shareholder.

6. Empery denies the allegations and characterizations in paragraph 6.

7. Empery denies the allegations and characterizations in paragraph 7 to the extent they concern Empery's activities.  Empery denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7.  For the portions of paragraph 7 that state a legal conclusion, no response is required.

8. Empery denies the allegations and characterizations in paragraph 8.  For the portions of paragraph 8 that state a legal conclusion, no response is required.

9. Empery denies the allegations and characterizations in paragraph 9.  For the portions of paragraph 9 that state a legal conclusion, no response is required.

## PARTIES

10. Empery knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11. (a) Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11(a).

(b) Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11(b).

12. (a) Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12(a).

(b) Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12(b).

      (c)    Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12(c).

13.    Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14.    (a)    Empery admits the allegations in paragraph 14(a).

      (b)    Empery admits the allegations in paragraph 14(b).

      (c)    Empery admits the allegations in paragraph 14(c).

      (d)    Empery admits the allegations in paragraph 14(d).

15.    (a)    Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15(a).

      (b)    Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15(b).

      (c)    Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15(c).

16.    Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17.    Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18.    Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19.    Empery admits that it is an investment fund that is not registered with or subject to regulation by the SEC as a broker-dealer.  Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 regarding the other Defendants.

20. Empery admits the allegations in paragraph 20, except states upon information and belief that the principal offices of Kartoon are located at 190 North Canon Drive, 4th Floor, Beverly Hills, CA 90210 and trades under the ticker symbol "TOON."

21. Paragraph 21 states a legal conclusion for which no response is required.

## JURISDICTION AND VENUE

22. Paragraph 22 states a legal conclusion for which no response is required.

## SUBSTANTIVE ALLEGATIONS

**Genius Brands**

23. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 23.

24. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 24.

25. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 25.

**The Company's Operating Losses Require Multiple Rounds of Financing**

26. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 26.

27. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 27.

28. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 28.

29. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 29, except Empery admits that on or around October 29, 2015 it purchased Common Stock and warrants from the Company for $300,000.[1]

30. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 30.

31. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 31.

32. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 32, except Empery admits that it entered into a Warrant Exercise Agreement on or about February 9, 2017 pursuant to which Empery exercised all of its 2015 Warrants and received certain new warrants as set forth in the Warrant Exercise Agreement.[2]

33. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 33, except Empery admits that in October 2017 Empery purchased 300,000 shares of Common Stock.[3]

34. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 34.

35. Empery admits the allegations in the first and second sentences of paragraph 35. Empery denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations and characterizations in paragraph 35.

---

[1] EDOF did not exist at the time of this transaction and did not participate.  Another related entity, Empery Tax Efficient II, LP ("ETE II"), which no longer exists, was involved in this transaction.
[2] EDOF did not exist at the time of this transaction and did not participate.  Another related entity, ETE II, which no longer exists, was involved in this transaction.
[3] EDOF did not exist at the time of this transaction and did not participate.  Another related entity, ETE II, which no longer exists, was involved in this transaction.

36. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 36.

37. Empery admits that the Company filed an annual report on Form 10-K on or about April 1, 2019 and refers to such report for its contents.

**GBI's Attempt to Engage in a More Traditional Public Offering Fail**

38. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 38.

39. Empery admits that the Company filed a registration statement on Form S-1 on July 23, 2019 and refers to such registration statement for its contents, but denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations and characterizations in paragraph 39.

40. Empery admits that the Company filed a registration statement on Form S-1 on July 23, 2019 and refers to such registration statement for its contents, but denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations and characterizations in paragraph 40 and its subparts.

41. Empery admits that the Company filed a registration statement on Form S-1 on August 2, 2019 and refers to such registration statement for its contents, but denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations and characterizations in paragraph 41.

42. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 42.

43. Empery admits that the Company filed a Form NT-10-Q 1 on August 14, 2019 and refers to such form for its contents, but denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations and characterizations in paragraph 43.

44. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 44.

**The Company Defaults on the Secured Notes and Struggles to Avoid A Bankruptcy Filing**

45. Empery admits the allegations in paragraph 45, except that Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations concerning Kartoon's reasons for its conduct.

46. Empery admits the allegations in paragraph 46.

47. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 47.

48. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 48.

49. (a) Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 49(a).

    (b) Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 49(b).

    (c) Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 49(c).

    (d) Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 49(d).

(e) Empery admits that the Company filed a quarterly report on Form 10-Q on November 14, 2019 and refers to such form for its contents, but denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations and characterizations in paragraph 49(e).

50. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 50.

51. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 51.

52. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 52.

53. (a) Empery admits that on December 16, 2019 it entered into an Exercise Agreement with the Company and refers to the Exercise Agreement for its contents. Empery denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations and characterizations in paragraph 53(a).[4]

(b) Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 53(b) regarding other Defendants. Empery admits that the Company filed a Form S-1 on July 23, 2019 and refers to such filings for their contents. Empery denies that it filed a Form 13G on February 14, 2020 and otherwise denies the remainder of the characterizations in paragraph 53(b).

(c) Empery denies the allegations and characterizations in paragraph 53(c).

---

[4] EDOF did not exist at the time of this transaction and did not participate. Another related entity, ETE II, which no longer exists, was involved in this transaction.

**The Buyers Join Together with the Holders in Agreements Relating**
**to the Purchase, Holding, Voting and Disposing of the Common Stock**

54. Empery denies the allegations and characterizations in paragraph 54, except admits that on or about March 11, 2020 it entered into a Stock Purchase Agreement with the Company, and refers to the Stock Purchase Agreement for its contents.

55. Empery denies the allegations and characterizations in paragraph 55.

56. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 56.

57. Empery admits the allegation in paragraph 57 that the Company was party to a Stock Purchase Agreement and refers to the Stock Purchase Agreement for its contents.  Empery denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 57.

58. Empery admits the allegation in paragraph 58 that the Company was party to a Stock Purchase Agreement and refers to the Stock Purchase Agreement for its contents.  Empery denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 58.

59. Empery denies the allegations in paragraph 59, and refers to the Stock Purchase Agreement for its contents.

60. Empery denies the allegations and characterizations in paragraph 60 and its subparts, and refers to the Lock-Up Agreement for its contents.

61. Empery denies the allegations and characterizations in paragraph 61 and refers to the Stock Purchase Agreement for its contents.

62. Empery denies the allegations and characterizations in paragraph 62, and refers to the Master Netting Agreement for its contents.

63. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 63. Empery refers to the Stock Purchase Agreement and Security and Pledge Agreement for their contents.

64. Empery admits that the Company was party to a Stock Purchase Agreement and refers to the Stock Purchase Agreement for its contents. Empery denies knowledge or information sufficient to form a belief as to the allegations in the second sentence of paragraph 64.

65. Empery denies the existence of a "Holders Group" or that this group entered into a single Voting Agreement or Lock-Up Agreement. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 65.

66. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 66.

67. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67, except admits that the Company filed a Form S-3 on January 17, 2020 and refers to such filing for its contents. For the portions of paragraph 67 that state a legal conclusion, no response is required.

68. Empery admits that Heyward sent a letter to the Company's shareholders, attached as an exhibit to a Form 8-K filed with the SEC on April 20, 2020 and refers to such filing for its contents. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations in the remaining allegations in paragraph 68.

69. Empery admits that the Company filed a Form 8-K on May 6, 2020 and refers to such filing for its contents. Empery denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 69.

70. Empery admits the allegation in paragraph 70 that the Company filed a Form 8-K on May 15, 2020 and refers to such filing for its contents. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations in the remaining allegations in paragraph 70.

71. Empery admits the allegations in paragraph 71.

72. Empery admits the allegations in paragraph 72 insofar as they pertain to Empery, and denies knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations regarding Special Equities and any other Defendants.

73. Empery admits the allegations in paragraph 73, except that Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations regarding Special Equities.

74. Empery admits the allegations in paragraph 74 insofar as they pertain to Empery and denies knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations regarding any other Defendants.

75. Empery admits that an article appeared in *Insider Financial* on June 3, 2020 entitled "*Will Netflix or Disney Buy Genius Brands International?,*" and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 75.

76. Empery admits that the Company filed a prospectus on June 11, 2020 and refers to such filing for its contents. Empery denies the remaining allegations in paragraph 76.

77. Empery admits that the Company filed a prospectus on June 11, 2020 and refers to such filing for its contents. Empery denies the remaining allegations in paragraph 77 and its subparts.

78. Empery admits that the Company filed a prospectus on June 11, 2020 and refers to such filing for its contents.

79. Empery denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 79.

80. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80.

81. Empery admits that articles containing the quoted excerpts were published on June 21, 2020 in *Insider Financial.*

82. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 82.

83. Empery denies the allegations and characterizations in paragraph 83, except admits that on or about June 23, 2020, the Company entered into a conversion agreement and refers to the Conversion Agreement for its contents.

84. Empery denies the allegations of paragraph 84, except admits that the Company entered into the Leak-Out Agreement and refers to the Leak-Out Agreement for its contents.

85. Empery denies the allegations and characterizations in paragraph 85 and its subparts.

86. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 86.

87. Empery admits that the Company issued a press release on June 23, 2020 and refers to that press release for its contents.

88. Empery admits the allegation in paragraph 88 that the Company filed a registration statement on June 26, 2020 and refers to such filing for its contents.

89. Empery admits the allegations in paragraph 89 that the Company filed a Form 10-Q on August 14, 2020 and refers to such filing for its contents. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations in the remaining allegations in paragraph 89.

**Genius Brands Touts Its Prospects to Facilitate Defendants'
Profitable Sale of the Common Stock Underlying Their Securities**

90. Empery admits that on July 6, 2020, the Company issued a press release containing the excerpts quoted in paragraph 90.

91. Empery admits that the Company filed a prospectus on July 8, 2020 and refers to such filing for its contents.

92. Empery admits that on July 15, 2020, the Company issued a press release containing the excerpts quoted in paragraph 92.

93. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 93.

94. Empery admits the allegation in paragraph 94 that the Company filed a preliminary proxy statement on July 24, 2020 and that Brio filed a Schedule 13G on July 28, 2020 and refers to such filings for their contents. Empery denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations and characterizations in paragraph 94.

95. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 95.

**CLAIM FOR RELIEF**

96. Empery repeats its responses to paragraphs 1 through 95 and incorporates them by reference as if fully set forth herein.

97. Paragraph 97 states a legal conclusion for which no response is required.

98. Paragraph 98 states a legal conclusion for which no response is required.

99. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99.

100. Empery denies the allegations and characterizations in paragraph 100.

101. Empery denies the allegations and characterizations in paragraph 101 concerning Empery's actions. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 101 regarding any Defendants other than Empery. For the portions of paragraph 101 that state a legal conclusion, no response is required.

102. Empery denies the allegations and characterizations in paragraph 102 concerning Empery's actions. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 102 regarding any Defendants other than Empery. For the portions of paragraph 102 that state a legal conclusion, no response is required.

103. Empery denies the allegations and characterizations in paragraph 103 concerning Empery's actions. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 103 regarding any Defendants other than Empery. For the portions of paragraph 103 that state a legal conclusion, no response is required.

104. Empery denies the allegations and characterizations in paragraph 104 concerning Empery's actions. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 104 regarding any Defendants other than Empery. For the portions of paragraph 104 that state a legal conclusion, no response is required.

105. Empery admits the allegations in paragraph 105 insofar as they pertain to Empery, except denies that it purchased shares in the offering taking place on or about March 22, 2020. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 regarding any Defendants other than Empery. For the portions of paragraph 105 that state a legal conclusion, no response is required.

106. Paragraph 106 states a legal conclusion to which no response is required. To the extent a response is required, Empery denies any liability under Section 16(b) and denies the remaining allegations in Paragraph 106.

107. Paragraph 107 states a legal conclusion to which no response is required. To the extent a response is required, Empery denies any liability under Section 16(b) and denies the remaining allegations in Paragraph 107.

## BASIS FOR INFORMATION AND BELIEF

108. Empery denies knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 108.

## DEFENSES

Without assuming the burden of proof on any matters where the burden of proof rests on the plaintiff, Empery asserts the following affirmative defenses with respect to the claims plaintiff purports to assert in the Amended Complaint.

## FIRST DEFENSE

Plaintiff lacks standing to assert the claims contained in the Amended Complaint.

## SECOND DEFENSE

The Amended Complaint is barred because Empery was not an insider subject to Section 16(b).

### THIRD DEFENSE

Empery received no profits that may be subject to disgorgement under Section 16(b).

### FOURTH DEFENSE

Plaintiff has identified no matching purchases and sales.

### FIFTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred by the doctrines of laches, waiver, and/or equitable estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Certain transactions are exempted from Section 16(b) pursuant to rules promulgated by the Securities and Exchange Commission.

### SEVENTH AFFIRMATIVE DEFENSE

The transactions were entered into on the basis of good faith reliance on a Securities and Exchange Commission rule, regulation, or order.

### EIGHTH AFFIRMATIVE DEFENSE

Applying Section 16(b) to the allegations of the Amended Complaint against Empery Asset Master, Ltd. could result in extraterritorial application of Section 16(b).

Empery hereby gives notice of its intention to rely on such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserve its right to amend this Answer and assert all such defenses.

### JURY TRIAL DEMANDED

Defendant Empery hereby demands a trial by jury.

Dated:  March 8, 2024

**SCHULTE ROTH & ZABEL LLP**

By: _____
Michael E. Swartz
Andrew D. Gladstein
919 Third Avenue
New York, New York 10022
Tel:  (212) 756-2000

*Counsel for Defendants Empery Funds*