

**Abraham, Fruchter & Twersky, LLP**

August 14, 2024

<u>*By ECF*</u>

Hon. Arun Subramanian
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 15A
New York, N.Y. 10007

   Re: *Augenbaum v. Anson Master Fund, L.P., et al.* Case No. 1:22-cv-0249

Dear Judge Subramanian:

  I am lead counsel for Plaintiff in this action and write pursuant to Rule 5.D of Your Honor's Individual Practices in Civil Cases (the "Individual Rules") to request an informal conference with respect to nominal defendant Kartoon Networks Inc. ("TOON" or the "Company") withholding documents from production based upon asserting the attorney-client privilege. The documents in question relate to TOON's communications with counsel including employees of Special Equities Group ("SEG"), then a division of Bradley Woods & Co. Ltd. ("BW").

  On August 2, 2024, BW's counsel informed Plaintiff that certain documents responsive to Plaintiff's subpoena were being withheld from production based upon TOON asserting attorney-client privilege. *See* Ex. A attached hereto. On August 5, 2024, TOON produced a privilege log a copy of which is attached hereto as Exhibit B. That evening Plaintiff emailed TOON's counsel questioning the privilege assertion since the privilege log reflected a variety of third parties being copied on those emails. On August 7, 2024, Plaintiff sent TOON a follow-up email also noting that TOON's privilege log failed to comply with Rule 5.G of the Individual Rules, requiring that counsel certify that a good faith basis exists for asserting privilege.

**<u>Plaintiff and TOON Are at an Impasse on the Scope of Attorney-Client Privilege</u>**

  On Thursday August 8, 2024, TOON emailed an updated privilege log containing a certification of counsel, a copy of which is attached hereto as Ex. C. TOON's email explained that it believed the materials were privileged because: (i) SEG's involvement in the communication was important to the Company obtaining legal advice; and (ii) the third parties were the functional equivalent of TOON employees. *Id*.

  On Monday, August 12, 2024, Plaintiff represented by me met and conferred by telephone with TOON, represented by Madison Lo, but no progress was made. Plaintiff stated that he believed the parties were at an impasse and intended to address the matter with the Court. TOON then sent two additional emails: the first stating that it would produce 35 documents on which Crescendo IR and VStock Transfer were included as recipients and the second stating that it would not continue to assert privilege with respect to communications involving Global One Filings Inc.

NEW YORK tel: 212.279.5050 fax: 212.279.3655  CALIFORNIA tel: 310.279.5125 fax: 212.279.3655  aftlaw.com
450 Seventh Avenue, 38th Floor, New York, NY 10123  9440 Santa Monica Blvd., Suite 301, Beverly Hills, CA 90210



Hon. Arun Subramanian
August 14, 2024
Page 2

*See* Ex. D. Plaintiff and TOON continue to be at an impasse with respect to communications involving SEG.

**TOON's Assertion of Privilege for Communications Involving SEG Should be Overruled**

Generally, a waiver of privilege occurs when the communications include a non-attorney third-party. *See, e.g., Dorce v. City of New York*, 2024 WL 139546, at *5 (S.D.N.Y. Jan. 12, 2024) (citation omitted). "It is axiomatic that the burden is on a party claiming the protection of a privilege to establish those facts that are the essential elements of the privileged relationship, ... a burden not discharged by mere conclusory or *ipse dixit* assertions." *In re Grand Jury Subpoena Dated Jan. 4, 1984*, 750 F.2d 223, 224-25 (2d Cir. 1984) (quotation marks and citations omitted). The party invoking the privilege also has the burden to show that the privilege has not been waived. *See, e.g., See, e.g., Universal Standard Inc. v. Target Corp.*, 331 F.R.D. 80, 86 (S.D.N.Y. 2019) (citation omitted).

TOON's contention that the communications involving SEG were made for the purposes of obtaining legal advice does not carry the Company's burden for insulating those materials from discovery. *U.S. v. Kovel*, 296 F.2d 918 (2d Cir. 1961), the primary authority the Company relies upon, was subsequently distinguished and clarified by the Second Circuit holding that the attorney-client privilege "protects communications between a client and an attorney, *not communications that prove important to an attorney's legal advice to a client*." *U.S. v. Ackert*, 169 F.3d 136, 139 (2d Cir. 1999) (emphasis added). Specifically, in *Ackert*, the communications at issue related to a third-party employee of Goldman Sachs, an investment banking firm – a role analogous to that of SEG in this action – providing information for the attorney "to better advise his client." *Id.* Here, the facts are remarkably similar with TOON failing to demonstrate that SEG was a necessary rather than merely an important participant in those communications.

Similarly lacking in merit is TOON's assertion that SEG was the functional equivalent of a corporate employee. The decisions in this District upholding an assertion of privilege based on the functional employee exception upon which TOON is relying, "are few in number." *SEC v. Rayat*, 2023 WL 4420325, at *3 (S.D.N.Y. July 10, 2023). "A key theme" of cases finding "the exception did not apply is that [1] the person at issue was not vested with discretion to make decisions on behalf of the corporation on a key corporate matter, [2] was not integrated into the corporate structure" with those facts creating "a particular need to consult corporate counsel to prevent its actions from giving rise to corporate liability." *Id.* at *6.

Here, ▮ *See, e.g.*, Ex. E attached hereto at EW-AUG0000488 ▮ Ex. F at TOON00016415 ¶2 ▮ TOON has also failed to demonstrate that SEG was integrated into the Company's corporate structure. Instead, ▮ *See id.* at TOON00016415 ▮ Quite pointedly, TOON retained SEG with the understanding that,

███████████████████████████████████████ In addition, ████████████
████████████████████████████ Finally, TOON should be precluded from claiming that SEG was the functional equivalent of a corporate employee because, if that were the case, the nature of the work SEG performed would cause it to be deemed a corporate officer subject to the filing and reporting requirements of Section 16. *See* SEC Rule 16a-1(f), 17 C.F.R. §240.16a-1(f) ("officer" is defined to include any person who performs policy making functions for the company). As a corporate officer, SEG would have been required to make Form 4 filings with the SEC by Section 16(a). *See* 15 U.S.C. §78p(a). Yet, the SEC's EDGAR database reflects that SEG made no such filings despite having transacted in TOON securities during the relevant period.

*Export-Import Bank of the U.S. v. Asia Pulp & Paper Co. Ltd.*, 232 F.R.D. 103 (S.D.N.Y. 2003), is on point in holding that that a financial advisor retained to negotiate on behalf of the defendant was not the functional equivalent of a corporate employee even where it helped formulate the company's financial strategies and articulate its positions to creditors where the defendant lacked management level personnel with restructuring experience. *Id.* at 112-14. Specifically, there was no showing that the advisor was "so thoroughly integrated into [the defendant's] structure that he should be treated as though he were a corporate employee for privilege purposes." *Id.* at 113. This was the case even though the advisor, unlike here, was given an office by the defendant there "were times he was free enough of his … obligations [to the defendant] to start and build a successful consulting business." *Id.* at 114.

The other cases TOON relies upon are not on point. *In re Copper Mkt. Antitrust Litig.*, 200 F.R.D. 213 (S.D.N.Y. 2001), involved a public relations consultant retained a by a foreign corporation in a high-profile litigation where the defendant's principals did not speak English well and lacked experience dealing with U.S. media. *See, e.g., Universal Standard*, 331 F.R.D. at 90. *Twentieth Century Fox Film Corp. v. Marvel Enters., Inc.*, 2002 WL 31556383, at *2 (S.D.N.Y. Nov. 15, 2002), "involved a movie studio that conducted its business 'through the use of independent contractors' rather than employees, which was "a result of the sporadic nature of employment in the motion picture industry." *Universal Standard, supra. Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, 2021 WL 4131650, at *2 (S.D.N.Y. Sept. 9, 2021), involved two companies "under common ownership, us[ing] the same corporate counsel." *Am. Mfrs. Mut. Ins. Co. v. Payton Lane Nursing Home, Inc.*, 2008 WL 5231831, at *3 (E.D.N.Y. Dec. 11, 2008), was a case where a third party "served as [the] [p]laintiffs' 'eyes and ears' in connection with the day-to-day supervision of [] construction project [and] likely possessed information which was not possessed by anyone else employed by [the] [p]laintiffs."

By 5:00 pm ET today, plaintiff should identify to Kartoon Networks 10 withheld documents that he would like the Court to review in camera. Kartoon Networks should furnish the Court with those documents, and an additional 10 documents of its choosing (if it wants), by Monday, August 19, 2024. The parties shall appear for a remote conference on August 21, 2024, at 2:00 p.m. The parties should dial 646-453-4442 and enter conference ID 333 868 83#. SO ORDERED.

Respectfully submitted,

*/s/ Jeffrey S. Abraham*
Jeffrey S. Abraham

Arun Subramanian, U.S.D.J.
Date: August 16, 2024