UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD AUGENBAUM,<br><br>                              Plaintiff,<br><br>         -against-<br><br>ANSON INVESTMENTS MASTER FUND LP,<br><br>                              Defendants. | 22-cv-249 (AS)<br><br>ORDER |

ARUN SUBRAMANIAN, United States District Judge:

The Court has received plaintiff's letter-motion to compel the production of documents from nominal defendant Kartoon Networks Inc. ("TOON") (Dkt. 199) as well as TOON's response (Dkt. 202). The Court has also received and reviewed *in camera* a sample of the withheld documents. The motion to compel is GRANTED.

The key dispute is whether the inclusion of Special Equities Group ("SEG"), a third-party private placement agent, on TOON's communications with counsel waives attorney-client privilege. It does. First off, it is bedrock law that sharing otherwise privileged communications with a third party waives privilege. And TOON has not shown any grounds to avoid that basic rule.

As the Court's *in camera* review has shown, SEG was included on the relevant communications to provide information to TOON and its counsel, not to "translate or interpret information given to [the attorney] by his client." *United States v. Ackert*, 169 F.3d 136, 139 (2d Cir. 1999). The Second Circuit made clear in *Ackert* that "the inclusion of a third party in attorney-client communications does not destroy the privilege if the purpose of the third party's participation is to improve the comprehension of the communications between attorney and client. That principle, however, has no application … [where the attorney seeks out the third party] for information [the client] did not have about the proposed transaction." *Id.*; *see also Walsh v. CSG Partners, LLC*, 544 F. Supp. 3d 389, 392 (S.D.N.Y. 2021) (privilege waived where third party "did not serve to improve comprehension between the … companies and the companies' counsel" and instead "provided information and advice that the companies did not have").

TOON also relies heavily on *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, 2021 WL 4131650 (S.D.N.Y. Sept. 9, 2021), to argue that SEG employees were the "functional equivalent" of TOON employees and that the privilege was preserved on that basis. "To determine whether a consultant should be considered the functional equivalent of an employee, courts look to whether the consultant had primary responsibility for a key corporate job, whether there was a continuous and close working relationship between the consultant and the company's principals on matters critical to the company's position in litigation, and whether the consultant is likely to possess information possessed by no one else at the company." *Exp.-Imp. Bank of the U.S. v. Asia Pulp & Paper Co.*, 232 F.R.D. 103, 113 (S.D.N.Y. 2005) (citations omitted). *Spectrum*, however, provides little support for TOON. In *Spectrum*, the court held that financial consultants were functionally

equivalent to employees of the party asserting privilege where the evidence showed that the consultants "acted as [the party's] employees and respected and treated confidential and/or privileged information of [the party] as if [party] employees." *Spectrum*, 2021 WL 4131650, at *4. Importantly, the consulting company and the party asserting privilege in *Spectrum* were under the common ownership of the same individual. *See id*. In its submissions to the Court, TOON has not demonstrated integration of SEG employees into TOON rising to the level of that in *Spectrum*. *See Exp.-Imp. Bank of the U.S.*, 232 F.R.D. at 113 (denying privilege where party asserting privilege "demonstrated that [its financial consultant] was intimately involved in [the party]'s restructuring talks, yet [the consultant]'s efforts [were] precisely those that any financial consultant would likely make under the circumstances.").

It is also unclear based on the Court's review of the documents produced *in camera* that they concern legal and not business advice. The Court need not make a final determination on that score given the discussion above, but suffice it to say that to the extent further issues concerning privilege arise in this case, the parties should make sure that before issues come to the Court, withheld documents have been scrutinized to confirm that they are really privileged. *In re Grand Jury Subpoena Duces Tecum Dated Sept. 15, 1983*, 731 F.2d 1032, 1037 (2d Cir. 1984) ("[T]he privilege is triggered only by a client's request for legal, as contrasted with business, advice.").

Accordingly, the August 21, 2024 conference is CANCELED. The Clerk of Court is directed to terminate the motion at Dkt. 199.

SO ORDERED.

Dated: August 21, 2024
New York, New York

ARUN SUBRAMANIAN
United States District Judge