# Freshfields Bruckhaus Deringer US LLP

**Via ECF**

Honorable Arun Subramanian
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007



**New York**

3 World Trade Center
175 Greenwich Street
New York, NY  10007

**Andrew Gladstein**
T  +1 (212) 277-4000
T  +1 (212) 230-4685 (direct)
E  andrew.gladstein@freshfields.com

**freshfields.us**

RE:     *Augenbaum v. Anson Inv. Master Fund LP*, No. 22-cv-249 (AS)
**Request for Pre-Motion Discovery Conference to Compel Interrogatory Answers**

August 26, 2024

Dear Judge Subramanian:

    Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Local Civil Rule 37.2, and Paragraph 5(D) of Your Honor's Individual Practices in Civil Cases, Defendants request an informal conference to address Plaintiff's ongoing failure to provide a calculation of the damages he claims in this action.[1]

### A.     Plaintiff Has Refused to Provide His Purported Calculation of Damages

    Plaintiff asserts a single claim under Section 16(b) of the Securities Exchange Act of 1934 for disgorgement of profits that the Defendants allegedly obtained through short-swing trading in the securities of Genius Brands International, Inc.  (*See* ECF No. 105 ¶ 9.)

    However, Plaintiff has not provided any calculation of the alleged profits he seeks to recover in this action.  Nor has Plaintiff disclosed the date on which he contends Defendants formed a "group" — a critical component of any attempt to calculate disgorgeable profits because only purchases *after* a 10% ownership threshold has been crossed (individually or as part of a "group") can count towards the 16(b) calculation. *See* 15 U.S.C. § 78p(b); *Foremost-McKesson, Inc. v. Provident Sec. Co.*, 423 U.S. 232, 252 (1976). Plaintiff's refusal to provide this information prevents Defendants from completing discovery and preparing their defense.

---

[1]     Counsel for the parties have conferred on multiple occasions on and after August 8, 2024 regarding Defendants' need for Plaintiff's purported damages calculation, including most recently on August 21, 2024. Plaintiff's lead counsel participated in these teleconferences.



Freshfields Bruckhaus Deringer is an international legal practice operating through Freshfields Bruckhaus Deringer US LLP, Freshfields Bruckhaus Deringer LLP, Freshfields Bruckhaus Deringer (a partnership registered in Hong Kong), Freshfields Bruckhaus Deringer Law office, Freshfields Bruckhaus Deringer Foreign Law Office, Studio Legale associato a Freshfields Bruckhaus Deringer, Freshfields Bruckhaus Deringer Rechtsanwälte Steuerberater PartG mbB, Freshfields Bruckhaus Deringer Rechtsanwälte PartG mbB and other associated entities and undertakings. For further regulatory information please refer to www.freshfields.com/support/legal-notice.

**Via ECF**

2|3

A plaintiff is required to provide in initial disclosures "a computation of each category of damages claimed," *see* Rule 26(a)(1)(A)(iii), and is subject to an ongoing obligation to supplement those disclosures. *See* Rule 26(a)(1)(E). In his initial disclosures served on February 22, 2023, Plaintiff stated that "[t]he issue of damages is subject to calculation based upon discovery," and that he would "provide a calculation of damages after receiving sufficient discovery to do so." (Ex. A at 6.) Plaintiff was provided with Defendants' trading information months ago and, on July 24, 2024, Plaintiff served his expert witness disclosures. Plaintiff has not supplemented his initial disclosures. His expert disclosures do not include any calculation of alleged trading profits and do not specify when Plaintiff contends a group was formed.

During a teleconference on August 8, Defendants explained to Plaintiff the need for him to provide damage calculations in advance of the September 11 deadline for Defendants' expert disclosures. On August 15, having still not received supplemental initial disclosures from Plaintiff, Defendants served the Interrogatories (*see* Ex. B), which seek a "computation of each category of damage alleged" as well as the information necessary to prepare such a computation. Local Civ. R. 33.3(a).[2] A further discussion was held on August 21, and no resolution of this dispute was reached. Making matters worse, Plaintiff indicated during that teleconference that his theory of the case may have changed substantially, such that he may now contend that different Defendants entered into the "group" at different times.

### B. Plaintiff Should Be Compelled to Provide a Damage Calculation

Defendants' expert disclosures are due on September 11, 2024. For obvious reasons, Defendants may wish to submit expert testimony addressing Plaintiff's calculation of allegedly disgorgeable profits. To do that, Defendants must be provided with Plaintiff's purported damages calculation. Plaintiff's refusal to provide this information in a timely fashion is interfering with Defendants' ability to complete discovery and prepare expert disclosures.

The Interrogatories are narrowly tailored and relevant to the calculation of "profits" that is central to this case. They seek information Plaintiff should already have provided in either initial disclosures or a supplement thereto. Specifically, Defendants want to know (i) the date Plaintiff contends each Defendant first became part of a "group" for purpose of Section 16(b), (ii) the date, if any, on which Plaintiff contends that each Defendant was no longer part of that "group," (iii) what transactions that Plaintiff contends led to disgorgeable profit and the amount of profit resulting from each such transaction, and (iv) the total profit that Plaintiff contends each Defendant is liable to disgorge. (*See* Ex. B.) The Interrogatories are proper under Local Civil Rule 33.3(a), and should be answered without further delay.[3]

---

[2] Although those interrogatories are proper under Local Civil Rule 33.3(a), they would also be proper under Local Civil Rule 33.3(b) because those interrogatories "are a more practical method of obtaining the information sought than a request for production or deposition." Local Civ. R. 33.3(b); *see also, e.g.*, *Ohanian v. Apple*, No. 1:20-cv-05162-LGS, 2022 WL 576314, at *2 (S.D.N.Y. Feb. 25, 2022) ("information relating to the harm or injury [plaintiff] allege[d] he ha[d] suffered and the damages he ha[d] incurred as a result of the claims, including how he calculated these damages" was "suitable for interrogatories")

[3] *See, e.g.*, *JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, No. 08 Civ. 9116(PGG), 2009 WL 1422743, at *2 (S.D.N.Y. May 20, 2009) (compelling plaintiff to "provide an itemized list of all damages [it] claim[ed] to have



<div align="right">**Via ECF**</div>

<div align="right">3 | 3</div>

Alternatively, it would be appropriate to preclude Plaintiff from seeking to show damages as a remedy for his failure to provide the damage calculation that Rule 26(a) requires. *See* Fed. R. Civ. P. 37(c)(1); *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295-99 (2d Cir. 2006). "[C]ourts have readily imposed sanctions where a party's failure to disclose its damages theory in a timely manner prevented its adversary from pursuing discovery targeted at that theory."[4]

<div align="center">*   *   *</div>

Defendants respectfully request that Plaintiff be compelled to answer their Interrogatories and that the deadline for Defendants' expert disclosures be extended until twenty-eight days after Plaintiff provides his responses to those Interrogatories.

We are available to discuss this matter at the Court's convenience.

Respectfully submitted,

*/s/ Andrew Gladstein*
Andrew Gladstein


cc:   All counsel of record (by ECF)

<div style="color:blue">The parties are directed to appear for a remote conference on Thursday, August 29, 2024 at 2:30 PM. The parties should dial in by calling (646) 453-4442 and entering the Phone Conference ID: 156 399 206, followed by the pound (#) sign.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Dated: August 28, 2024</div>

---

suffered . . . , as well as the manner in which such amounts were calculated, [and] the documents that support or relate to or relate to each amount claimed by plaintiff"); *see also, e.g.*, *J.P. Morgan Secs. LLC v. Mariano*, No. 1:17-cv-01080 (GBD) (SDA), 2018 WL 522339, at *3 (S.D.N.Y. Jan. 22, 2018) ("JPMS is entitled to a response . . . so that it knows the various categories of damages that comprise the over $100 million of damages alleged by Mariano, and the computation of each category of damages."); *Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 368 (S.D.N.Y. 2010) (ordering plaintiff to "provide an answer" to interrogatory seeking "a computation of damages," which was "appropriate and timely"); *In re Veeco Instruments, Inc. Sec. Litig.*, No. 05 MD 1695(CM)(GAY), 2007 WL 274800, at *2 (S.D.N.Y. Jan. 29, 2007) (directing plaintiff to respond to interrogatories regarding loss causation and damages).

[4] *Agence France Presse v. Morel*, 293 F.R.D. 682, 686 (S.D.N.Y. 2013) (collecting cases); *see also Spotnana, Inc. v. Am. Talent Agency, Inc.*, No. 09 Civ. 3698(LAP), 2010 WL 3341837, at *2 (S.D.N.Y. Aug. 17, 2010) (precluding plaintiff from introducing evidence of damages "because it failed to supplement its incomplete initial disclosure"); *Gould Paper Corp. v. Madisen Corp.*, 614 F. Supp. 2d 485, 490 (S.D.N.Y. 2009) (precluding plaintiff from proving damages when plaintiff "did not provide a damages calculation or disclose [a damages] expert witness during discovery, as required"); *24/7 Records, Inc. v. Sony Music Entm't, Inc.*, 566 F. Supp. 2d 305, 318 (S.D.N.Y. 2008) (precluding plaintiff from proving damages theory when it "failed to make th[e] mandatory initial disclosure," "thereby depriving defendants of a meaningful opportunity to conduct discovery" about it); *cf. Underpinning & Found. Skanska, Inc. v. Travelers Cas. & Sur. Co.*, 726 F. Supp. 2d 339, 348 (S.D.N.Y. 2010) ("The purpose of [Rule 37(c)(1)] is to prevent 'sandbagging' an opposing party with new evidence." (citation omitted)).

