# Exhibit 164

Message

---

**From:**       Robert F. Charron [rcharron@egsllp.com]
**Sent:**        2/3/2020 3:24:51 PM
**To:**          Jonathan Schechter [shex@theseg.com]; Schultz, Jeffrey [JSchultz@mintz.com]
**CC:**          Joe Reda [reda@theseg.com]; Charles Phillips [cphillips@egsllp.com]; Langer, Alan [AJLanger@mintz.com]; Michael
               Jaffa [mjaffa@gnusbrands.com]; Bob denton [bdenton@gnusbrands.com]; Jon Ollwerther
               [jollwerther@gnusbrands.com]; Andy Heyward [aheyward@gnusbrands.com]; Matthew McCullough
               [mmccullough@egsllp.com]; Amin Nathoo [anathoo@ansonfunds.com]; Laura Salvatori
               [lsalvatori@ansonfunds.com]
**Subject:**     RE: GNUS - Revised Transaction Documents
**Attachments:** GNUS Term Sheet.redline.doc; GNUS Term Sheet.docx

attached is the revised term sheet with a redline against the prior one.  Amin - note that Empery's
preference is that the company not file a registration statement but rather rely on 144 in 6 months. I
took it out of the TS but note it can be put in the documents fairly easily if you and Shex convince Ryan
otherwise.

Robert Charron
Ellenoff Grossman & Schole LLP
1345 Avenue of the Americas
New York, New York 10105
Direct: (212) 931-8704
Facsimile: (212) 401 4741
Cell: (917) 843 1457
e-mail:  rcharron@egsllp.com

Pursuant to IRS Circular 230, we hereby inform you that any U.S. federal tax advice set forth herein was
not intended or written by Ellenoff Grossman & Schole LLP to be used, and cannot be used, by you or any
taxpayer, for the purpose of avoiding any penalties that may be imposed on you or any other person under
the Internal Revenue Code.

-----Original Message-----
From: Jonathan Schechter <shex@theseg.com>
Sent: Monday, February 3, 2020 2:38 PM
To: Robert F. Charron <rcharron@egsllp.com>; Schultz, Jeffrey <JSchultz@mintz.com>
Cc: Joe Reda <reda@theseg.com>; Charles Phillips <cphillips@egsllp.com>; Langer, Alan
<AJLanger@mintz.com>; Michael Jaffa <mjaffa@gnusbrands.com>; Bob denton <bdenton@gnusbrands.com>; Jon
Ollwerther <jollwerther@gnusbrands.com>; Andy Heyward <aheyward@gnusbrands.com>; Matthew McCullough
<mmccullough@egsllp.com>; Amin Nathoo <anathoo@ansonfunds.com>; Laura Salvatori
<lsalvatori@ansonfunds.com>
Subject: RE: GNUS - Revised Transaction Documents

-----Original Message-----
From: Robert F. Charron [mailto:rcharron@egsllp.com]
Sent: Monday, February 3, 2020 2:35 PM
To: Schultz, Jeffrey <JSchultz@mintz.com>
Cc: Jonathan Schechter <shex@theseg.com>; Joe Reda <reda@theseg.com>; Charles Phillips
<cphillips@egsllp.com>; Langer, Alan <AJLanger@mintz.com>; Michael Jaffa <mjaffa@gnusbrands.com>; Bob
denton <bdenton@gnusbrands.com>; Jon Ollwerther <jollwerther@gnusbrands.com>; Andy Heyward
<aheyward@gnusbrands.com>; Matthew McCullough <mmccullough@egsllp.com>; Amin Nathoo
<anathoo@ansonfunds.com>; Laura Salvatori <lsalvatori@ansonfunds.com>
Subject: RE: GNUS - Revised Transaction Documents

I'll try and revise the last one with the netting language.

Robert Charron
Ellenoff Grossman & Schole LLP
1345 Avenue of the Americas
New York, New York 10105
Direct: (212) 931-8704
Facsimile: (212) 401 4741
Cell: (917) 843 1457
e-mail:  rcharron@egsllp.com

Pursuant to IRS Circular 230, we hereby inform you that any U.S. federal tax advice set forth herein was
not intended or written by Ellenoff Grossman & Schole LLP to be used, and cannot be used, by you or any
taxpayer, for the purpose of avoiding any penalties that may be imposed on you or any other person under
the Internal Revenue Code.

CONFIDENTIAL

ANSON_00004700

-----Original Message-----
From: Schultz, Jeffrey <JSchultz@mintz.com>
Sent: Monday, February 3, 2020 2:32 PM
To: Robert F. Charron <rcharron@egsllp.com>
Cc: Jonathan Schechter <shex@theseg.com>; Joe Reda <reda@theseg.com>; Charles Phillips
<cphillips@egsllp.com>; Langer, Alan <AJLanger@mintz.com>; Michael Jaffa <mjaffa@gnusbrands.com>; Bob
denton <bdenton@gnusbrands.com>; Jon Ollwerther <jollwerther@gnusbrands.com>; Andy Heyward
<aheyward@gnusbrands.com>; Matthew McCullough <mmccullough@egsllp.com>; Amin Nathoo
<anathoo@ansonfunds.com>; Laura Salvatori <lsalvatori@ansonfunds.com>
Subject: Re: GNUS - Revised Transaction Documents

Thanks Rob.

Shex and Reda,
Can you please send the up to date Term Sheet that reflects the latest docs?  It will help Nasdaq (and
presumably investors) in trying to understand what's going on.

Thanks,
Jeff

On Feb 3, 2020, at 2:20 PM, Robert F. Charron <rcharron@egsllp.com> wrote:


Jeff - here is the SPA.  You should have everything you need for Nasdaq now.

Robert Charron
Ellenoff Grossman & Schole LLP
1345 Avenue of the Americas
New York, New York 10105
Direct: (212) 931-8704
Facsimile: (212) 401 4741
Cell: (917) 843 1457
e-mail:  rcharron@egsllp.com

Pursuant to IRS Circular 230, we hereby inform you that any U.S. federal tax advice set forth herein was
not intended or written by Ellenoff Grossman & Schole LLP to be used, and cannot be used, by you or any
taxpayer, for the purpose of avoiding any penalties that may be imposed on you or any other person under
the Internal Revenue Code.

From: Robert F. Charron
Sent: Monday, February 3, 2020 10:40 AM
To: Schultz, Jeffrey <JSchultz@mintz.com>; Jonathan Schechter <shex@theseg.com>; Joe Reda
<reda@theseg.com>
Cc: Charles Phillips <cphillips@egsllp.com>; Langer, Alan <AJLanger@mintz.com>; Michael Jaffa
<mjaffa@gnusbrands.com>; Bob denton <bdenton@gnusbrands.com>; Jon Ollwerther
<jollwerther@gnusbrands.com>; Andy Heyward <aheyward@gnusbrands.com>; Matthew McCullough
<mmccullough@egsllp.com>; Amin Nathoo <anathoo@ansonfunds.com>; Laura Salvatori
<lsalvatori@ansonfunds.com>
Subject: RE: GNUS - Revised Transaction Documents

Just pinged Brett asking him.

Robert Charron
Ellenoff Grossman & Schole LLP
1345 Avenue of the Americas
New York, New York 10105
Direct: (212) 931-8704
Facsimile: (212) 401 4741
Cell: (917) 843 1457
e-mail:  rcharron@egsllp.com<mailto:rcharron@egsllp.com>

Pursuant to IRS Circular 230, we hereby inform you that any U.S. federal tax advice set forth herein was
not intended or written by Ellenoff Grossman & Schole LLP to be used, and cannot be used, by you or any
taxpayer, for the purpose of avoiding any penalties that may be imposed on you or any other person under
the Internal Revenue Code.

From: Schultz, Jeffrey <JSchultz@mintz.com<mailto:JSchultz@mintz.com>>
Sent: Monday, February 3, 2020 10:28 AM
To: Robert F. Charron <rcharron@egsllp.com<mailto:rcharron@egsllp.com>>; Jonathan Schechter
<shex@theseg.com<mailto:shex@theseg.com>>; Joe Reda <reda@theseg.com<mailto:reda@theseg.com>>
Cc: Charles Phillips <cphillips@egsllp.com<mailto:cphillips@egsllp.com>>; Langer, Alan
<AJLanger@mintz.com<mailto:AJLanger@mintz.com>>; Michael Jaffa
<mjaffa@gnusbrands.com<mailto:mjaffa@gnusbrands.com>>; Bob denton
<bdenton@gnusbrands.com<mailto:bdenton@gnusbrands.com>>; Jon Ollwerther
<jollwerther@gnusbrands.com<mailto:jollwerther@gnusbrands.com>>; Andy Heyward
<aheyward@gnusbrands.com<mailto:aheyward@gnusbrands.com>>; Matthew McCullough
<mmccullough@egsllp.com<mailto:mmccullough@egsllp.com>>; Amin Nathoo

CONFIDENTIAL

ANSON_00004701

<anathoo@ansonfunds.com<mailto:anathoo@ansonfunds.com>>; Laura Salvatori
<lsalvatori@ansonfunds.com<mailto:lsalvatori@ansonfunds.com>>
Subject: RE: GNUS - Revised Transaction Documents

Hi Rob. Any update on the draft SPA.  That is the last major doc we need in order to submit to Nasdaq.
Thanks.

Regards,
Jeff

From: Robert F. Charron <rcharron@egsllp.com<mailto:rcharron@egsllp.com>>
Sent: Friday, January 31, 2020 11:00 AM
To: Jonathan Schechter <shex@theseg.com<mailto:shex@theseg.com>>; Schultz, Jeffrey
<JSchultz@mintz.com<mailto:JSchultz@mintz.com>>; Joe Reda <reda@theseg.com<mailto:reda@theseg.com>>
Cc: Charles Phillips <cphillips@egsllp.com<mailto:cphillips@egsllp.com>>; Langer, Alan
<AJLanger@mintz.com<mailto:AJLanger@mintz.com>>; Michael Jaffa
<mjaffa@gnusbrands.com<mailto:mjaffa@gnusbrands.com>>; Bob denton
<bdenton@gnusbrands.com<mailto:bdenton@gnusbrands.com>>; Jon Ollwerther
<jollwerther@gnusbrands.com<mailto:jollwerther@gnusbrands.com>>; Andy Heyward
<aheyward@gnusbrands.com<mailto:aheyward@gnusbrands.com>>; Matthew McCullough
<mmccullough@egsllp.com<mailto:mmccullough@egsllp.com>>; Amin Nathoo
<anathoo@ansonfunds.com<mailto:anathoo@ansonfunds.com>>; Laura Salvatori
<lsalvatori@ansonfunds.com<mailto:lsalvatori@ansonfunds.com>>
Subject: RE: GNUS - Revised Transaction Documents

If you consider that the netting agreement is all about the conditional funding then I think the docs are
pretty on point.  I tried to keep it tailored to the term sheet but I also had my hands full with
creating a new set of documents from scratch.

Robert Charron
Ellenoff Grossman & Schole LLP
1345 Avenue of the Americas
New York, New York 10105
Direct: (212) 931-8704
Facsimile: (212) 401 4741
Cell: (917) 843 1457
e-mail:   rcharron@egsllp.com<mailto:rcharron@egsllp.com>

Pursuant to IRS Circular 230, we hereby inform you that any U.S. federal tax advice set forth herein was
not intended or written by Ellenoff Grossman & Schole LLP to be used, and cannot be used, by you or any
taxpayer, for the purpose of avoiding any penalties that may be imposed on you or any other person under
the Internal Revenue Code.

From: Jonathan Schechter <shex@theseg.com<mailto:shex@theseg.com>>
Sent: Friday, January 31, 2020 10:44 AM
To: Schultz, Jeffrey <JSchultz@mintz.com<mailto:JSchultz@mintz.com>>; Joe Reda
<reda@theseg.com<mailto:reda@theseg.com>>; Robert F. Charron
<rcharron@egsllp.com<mailto:rcharron@egsllp.com>>
Cc: Charles Phillips <cphillips@egsllp.com<mailto:cphillips@egsllp.com>>; Langer, Alan
<AJLanger@mintz.com<mailto:AJLanger@mintz.com>>; Michael Jaffa
<mjaffa@gnusbrands.com<mailto:mjaffa@gnusbrands.com>>; Bob denton
<bdenton@gnusbrands.com<mailto:bdenton@gnusbrands.com>>; Jon Ollwerther
<jollwerther@gnusbrands.com<mailto:jollwerther@gnusbrands.com>>; Andy Heyward
<aheyward@gnusbrands.com<mailto:aheyward@gnusbrands.com>>; Matthew McCullough
<mmccullough@egsllp.com<mailto:mmccullough@egsllp.com>>; Amin Nathoo
<anathoo@ansonfunds.com<mailto:anathoo@ansonfunds.com>>; Laura Salvatori
<lsalvatori@ansonfunds.com<mailto:lsalvatori@ansonfunds.com>>
Subject: RE: GNUS - Revised Transaction Documents

THIS WAS the last but some things have probably been added by Empery.

From: Schultz, Jeffrey [mailto:JSchultz@mintz.com]
Sent: Friday, January 31, 2020 10:32 AM
To: Joe Reda <reda@theseg.com<mailto:reda@theseg.com>>; Robert F. Charron
<rcharron@egsllp.com<mailto:rcharron@egsllp.com>>
Cc: Charles Phillips <cphillips@egsllp.com<mailto:cphillips@egsllp.com>>; Jonathan Schechter
<shex@theseg.com<mailto:shex@theseg.com>>; Langer, Alan <AJLanger@mintz.com<mailto:AJLanger@mintz.com>>;
Michael Jaffa <mjaffa@gnusbrands.com<mailto:mjaffa@gnusbrands.com>>; Bob denton
<bdenton@gnusbrands.com<mailto:bdenton@gnusbrands.com>>; Jon Ollwerther
<jollwerther@gnusbrands.com<mailto:jollwerther@gnusbrands.com>>; Andy Heyward
<aheyward@gnusbrands.com<mailto:aheyward@gnusbrands.com>>; Matthew McCullough
<mmccullough@egsllp.com<mailto:mmccullough@egsllp.com>>; Amin Nathoo
<anathoo@ansonfunds.com<mailto:anathoo@ansonfunds.com>>; Laura Salvatori
<lsalvatori@ansonfunds.com<mailto:lsalvatori@ansonfunds.com>>
Subject: RE: GNUS - Revised Transaction Documents

CONFIDENTIAL

ANSON_00004702

I can assure you that Nasdaq won't be quick.  We will start to review the documents to understand the deal and then submit a description and documents to Nasdaq. If there is an updated term sheet that reflects the updated terms, please send our way.  Thanks.

From: Joe Reda <reda@theseg.com<mailto:reda@theseg.com>>
Sent: Friday, January 31, 2020 9:43 AM
To: Robert F. Charron <rcharron@egsllp.com<mailto:rcharron@egsllp.com>>
Cc: Schultz, Jeffrey <JSchultz@mintz.com<mailto:JSchultz@mintz.com>>; Charles Phillips
<cphillips@egsllp.com<mailto:cphillips@egsllp.com>>; Jonathan Schechter
<shex@theseg.com<mailto:shex@theseg.com>>; Langer, Alan <AJLanger@mintz.com<mailto:AJLanger@mintz.com>>;
Michael Jaffa <mjaffa@gnusbrands.com<mailto:mjaffa@gnusbrands.com>>; Bob denton
<bdenton@gnusbrands.com<mailto:bdenton@gnusbrands.com>>; Jon Ollwerther
<jollwerther@gnusbrands.com<mailto:jollwerther@gnusbrands.com>>; Andy Heyward
<aheyward@gnusbrands.com<mailto:aheyward@gnusbrands.com>>; Matthew McCullough
<mmccullough@egsllp.com<mailto:mmccullough@egsllp.com>>; Amin Nathoo
<anathoo@ansonfunds.com<mailto:anathoo@ansonfunds.com>>; Laura Salvatori
<lsalvatori@ansonfunds.com<mailto:lsalvatori@ansonfunds.com>>
Subject: Re: GNUS - Revised Transaction Documents

When will we have nasdaq blessing.    What's the process.    Trying to give investors timing.    They are all getting deal fatigued.
Sent from my iPhone

On Jan 31, 2020, at 9:38 AM, Robert F. Charron <rcharron@egsllp.com<mailto:rcharron@egsllp.com>> wrote:

Jeff - attached please find the Note and Warrant for the GNUS transaction.  Per Empery the note is Schulte's form and has been reviewed by Brett.  For the warrant, he is ok using our form of warrant provided the AD provision is the same one used in the note which I have revised to reflect as such.  I expect to have Brett's comments on the SPA at some point today and once received I'll get them right over to you.

I've also attached the security agreement, master netting agreement, investor note and guaranty which Brett has not reviewed but I really don't expect many comments.  Briefly, the additional $4 million is being done through the acceleration of an investor note which, upon any breach or event of default by the company, basically net's to zero through the Master Netting Agreement.

Robert Charron
Ellenoff Grossman & Schole LLP
1345 Avenue of the Americas
New York, New York 10105
Direct: (212) 931-8704
Facsimile: (212) 401 4741
Cell: (917) 843 1457
e-mail:  rcharron@egsllp.com<mailto:rcharron@egsllp.com>

Pursuant to IRS Circular 230, we hereby inform you that any U.S. federal tax advice set forth herein was not intended or written by Ellenoff Grossman & Schole LLP to be used, and cannot be used, by you or any taxpayer, for the purpose of avoiding any penalties that may be imposed on you or any other person under the Internal Revenue Code.

From: Schultz, Jeffrey <JSchultz@mintz.com<mailto:JSchultz@mintz.com>>
Sent: Tuesday, January 28, 2020 2:38 PM
To: Robert F. Charron <rcharron@egsllp.com<mailto:rcharron@egsllp.com>>; Charles Phillips
<cphillips@egsllp.com<mailto:cphillips@egsllp.com>>; Joe Reda <reda@theseg.com<mailto:reda@theseg.com>>
Cc: Jonathan Schechter <shex@theseg.com<mailto:shex@theseg.com>>; Langer, Alan
<AJLanger@mintz.com<mailto:AJLanger@mintz.com>>; Michael Jaffa
<mjaffa@gnusbrands.com<mailto:mjaffa@gnusbrands.com>>; Bob denton
<bdenton@gnusbrands.com<mailto:bdenton@gnusbrands.com>>; Jon Ollwerther
<jollwerther@gnusbrands.com<mailto:jollwerther@gnusbrands.com>>; Andy Heyward
<aheyward@gnusbrands.com<mailto:aheyward@gnusbrands.com>>; Matthew McCullough
<mmccullough@egsllp.com<mailto:mmccullough@egsllp.com>>; Amin Nathoo
<anathoo@ansonfunds.com<mailto:anathoo@ansonfunds.com>>; Laura Salvatori
<lsalvatori@ansonfunds.com<mailto:lsalvatori@ansonfunds.com>>
Subject: RE: GNUS - Revised Transaction Documents

Thanks Rob for the update.

From: Robert F. Charron <rcharron@egsllp.com<mailto:rcharron@egsllp.com>>
Sent: Tuesday, January 28, 2020 2:35 PM
To: Schultz, Jeffrey <JSchultz@mintz.com<mailto:JSchultz@mintz.com>>; Charles Phillips
<cphillips@egsllp.com<mailto:cphillips@egsllp.com>>; Joe Reda <reda@theseg.com<mailto:reda@theseg.com>>
Cc: Jonathan Schechter <shex@theseg.com<mailto:shex@theseg.com>>; Langer, Alan
<AJLanger@mintz.com<mailto:AJLanger@mintz.com>>; Michael Jaffa
<mjaffa@gnusbrands.com<mailto:mjaffa@gnusbrands.com>>; Bob denton
<bdenton@gnusbrands.com<mailto:bdenton@gnusbrands.com>>; Jon Ollwerther
<jollwerther@gnusbrands.com<mailto:jollwerther@gnusbrands.com>>; Andy Heyward
<aheyward@gnusbrands.com<mailto:aheyward@gnusbrands.com>>; Matthew McCullough
<mmccullough@egsllp.com<mailto:mmccullough@egsllp.com>>; Amin Nathoo

CONFIDENTIAL                                                                          ANSON_00004703

<anathoo@ansonfunds.com<mailto:anathoo@ansonfunds.com>>; Laura Salvatori
<lsalvatori@ansonfunds.com<mailto:lsalvatori@ansonfunds.com>>
Subject: RE: GNUS - Revised Transaction Documents

Investors want us to use Schulte forms so disregard what was sent although trying to get them to back
down a bit.  I just received the precedent to draft from so will take me a couple days to get through.
Very dense.  I'll send you docs as I finish to keep things moving.

Robert Charron
Ellenoff Grossman & Schole LLP
1345 Avenue of the Americas
New York, New York 10105
Direct: (212) 931-8704
Facsimile: (212) 401 4741
Cell: (917) 843 1457
e-mail:  rcharron@egsllp.com<mailto:rcharron@egsllp.com>

Pursuant to IRS Circular 230, we hereby inform you that any U.S. federal tax advice set forth herein was
not intended or written by Ellenoff Grossman & Schole LLP to be used, and cannot be used, by you or any
taxpayer, for the purpose of avoiding any penalties that may be imposed on you or any other person under
the Internal Revenue Code.

From: Schultz, Jeffrey <JSchultz@mintz.com<mailto:JSchultz@mintz.com>>
Sent: Tuesday, January 28, 2020 2:21 PM
To: Charles Phillips <cphillips@egsllp.com<mailto:cphillips@egsllp.com>>; Joe Reda
<reda@theseg.com<mailto:reda@theseg.com>>
Cc: Jonathan Schechter <shex@theseg.com<mailto:shex@theseg.com>>; Langer, Alan
<AJLanger@mintz.com<mailto:AJLanger@mintz.com>>; Michael Jaffa
<mjaffa@gnusbrands.com<mailto:mjaffa@gnusbrands.com>>; Bob denton
<bdenton@gnusbrands.com<mailto:bdenton@gnusbrands.com>>; Jon Ollwerther
<jollwerther@gnusbrands.com<mailto:jollwerther@gnusbrands.com>>; Andy Heyward
<aheyward@gnusbrands.com<mailto:aheyward@gnusbrands.com>>; Robert F. Charron
<rcharron@egsllp.com<mailto:rcharron@egsllp.com>>; Matthew McCullough
<mmccullough@egsllp.com<mailto:mmccullough@egsllp.com>>; Amin Nathoo
<anathoo@ansonfunds.com<mailto:anathoo@ansonfunds.com>>; Laura Salvatori
<lsalvatori@ansonfunds.com<mailto:lsalvatori@ansonfunds.com>>
Subject: RE: GNUS - Revised Transaction Documents

Hi Charles. I understand that these docs are being revised to reflect the current deal. Do you have an
expectation of timing of the new drafts?

Thanks,
Jeff

From: Charles Phillips <cphillips@egsllp.com<mailto:cphillips@egsllp.com>>
Sent: Friday, January 24, 2020 3:43 PM
To: Schultz, Jeffrey <JSchultz@mintz.com<mailto:JSchultz@mintz.com>>; Joe Reda
<reda@theseg.com<mailto:reda@theseg.com>>
Cc: Jonathan Schechter <shex@theseg.com<mailto:shex@theseg.com>>; Langer, Alan
<AJLanger@mintz.com<mailto:AJLanger@mintz.com>>; Michael Jaffa
<mjaffa@gnusbrands.com<mailto:mjaffa@gnusbrands.com>>; Bob denton
<bdenton@gnusbrands.com<mailto:bdenton@gnusbrands.com>>; Jon Ollwerther
<jollwerther@gnusbrands.com<mailto:jollwerther@gnusbrands.com>>; Andy Heyward
<aheyward@gnusbrands.com<mailto:aheyward@gnusbrands.com>>; Robert F. Charron
<rcharron@egsllp.com<mailto:rcharron@egsllp.com>>; Matthew McCullough
<mmccullough@egsllp.com<mailto:mmccullough@egsllp.com>>; Amin Nathoo
<anathoo@ansonfunds.com<mailto:anathoo@ansonfunds.com>>; Laura Salvatori
<lsalvatori@ansonfunds.com<mailto:lsalvatori@ansonfunds.com>>
Subject: RE: GNUS - Revised Transaction Documents

Everyone

Attached please find the revised transaction documents, along with redlines to the previously circulated
versions. Please note, in the interest of time, we are distributing these to our client and therefore
remain subject to their comments and review. Please note, no changes to the Subsidiary Guarantee, voting
agreement or opinion were needed.

Regards,
Charles

Charles Phillips
Ellenoff Grossman & Schole LLP
1345 Avenue of the Americas
New York, NY 10105
Telephone: (212) 944-7454
email: cphillips@egsllp.com<mailto:cphillips@egsllp.com>
website:
https://can01.safelinks.protection.outlook.com/?url=www.egsllp.com&amp;data=02%7C01%7Clsalvatori%40ansonf

CONFIDENTIAL

ANSON_00004704

unds.com%7C4530421003b747446ecb08d7a8e724cd%7Ccc9b37f8dcad49d5ae78c4bd3b8862f3%7C0%7C0%7C637163583908541219&amp;sdata=hylM6hzrn6l8De5DmZNjwjeXmuuy7xzt9RO7ZOPqPTk%3D&amp;reserved=0<https://can01.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.egsllp.com&amp;data=02%7C01%7Clsalvatori%40ansonfunds.com%7C4530421003b747446ecb08d7a8e724cd%7Ccc9b37f8dcad49d5ae78c4bd3b8862f3%7C0%7C0%7C637163583908541219&amp;sdata=4%2BwK%2FcqpezUuNPBkQ7OLwOlk1qyR3R6OkYK8mCVzRU8%3D&amp;reserved=0>

-----Original Message-----
From: Schultz, Jeffrey <JSchultz@mintz.com<mailto:JSchultz@mintz.com>>
Sent: Monday, January 20, 2020 7:43 AM
To: Joe Reda <reda@theseg.com<mailto:reda@theseg.com>>
Cc: Jonathan Schechter <shex@theseg.com<mailto:shex@theseg.com>>; Langer, Alan <AJLanger@mintz.com<mailto:AJLanger@mintz.com>>; Michael Jaffa <mjaffa@gnusbrands.com<mailto:mjaffa@gnusbrands.com>>; Bob denton <bdenton@gnusbrands.com<mailto:bdenton@gnusbrands.com>>; Jon Ollwerther <jollwerther@gnusbrands.com<mailto:jollwerther@gnusbrands.com>>; Andy Heyward <aheyward@gnusbrands.com<mailto:aheyward@gnusbrands.com>>; Charles Phillips <cphillips@egsllp.com<mailto:cphillips@egsllp.com>>; Robert F. Charron <rcharron@egsllp.com<mailto:rcharron@egsllp.com>>; Matthew McCullough <mmccullough@egsllp.com<mailto:mmccullough@egsllp.com>>; Amin Nathoo <anathoo@ansonfunds.com<mailto:anathoo@ansonfunds.com>>; Laura Salvatori <lsalvatori@ansonfunds.com<mailto:lsalvatori@ansonfunds.com>>
Subject: Re: GNUS - Revised Transaction Documents

Given that Nasdaq has not been provided docs yet, we have no visibility on Nasdaq timing.

On Jan 20, 2020, at 7:33 AM, Joe Reda <reda@theseg.com<mailto:reda@theseg.com>> wrote:


When will Nasdaq will give the thumbs up to move forward?

From: Jonathan Schechter
Sent: Friday, January 17, 2020 5:44 PM
To: Jeffrey Schultz; Alan Langer; Michael Jaffa; Bob denton; Jon Ollwerther; Andy Heyward
Cc: Charles Phillips; Robert Charron; Matthew McCullough; Joe Reda; Amin Nathoo; Laura Salvatori
Subject: GNUS - Revised Transaction Documents

All-

Attached please find the proposed transaction documents for your review.

Amin is on a plane so the docs are still subject to Anson's review.

The goal is to close this as quick as possible.

Please use this email for the working group.

Thanks-

Shex




.
The Special Equities Group "SEG" is a Division of Bradley Woods & Co. Ltd.
**************************************************************** This email is only for use by the intended recipient and may contain information that is PRIVILEGED, PROPRIETARY, CONFIDENTIAL AND/OR OTHERWISE PROTECTED FROM DISCLOSURE. If you are not the intended recipient, then any review, dissemination, replication or distribution of this communication and any attachments is strictly prohibited. If you have received this communication in error, then please delete this email, any and all attachments, and copies. Unless otherwise provided herein, you may not duplicate, redistribute or forward this message, or any portion thereof, including any attachments, by any means to any other person whomsoever without the express permission of Bradley Woods & Co. Ltd. ("Bradley Woods"). Neither the information in this communication nor any opinion or recommendation expressed herein constitutes an offer to buy or sell any securities. The contents of this communication are for information purposes only, and should not be regarded as an offer to sell or as a solicitation of an offer to buy any financial product. Attachments that are part of an electronic communication may have additional important disclosures and disclaimers, which you should read. The information contained herein is deemed to be reliable, but is in no case assured or warrantied by Bradley Woods. All messages are monitored and retained by Bradley Woods and are subject to regulatory disclosure. Bradley Woods & Co. Ltd. is a member of FINRA and SIPC.
The Special Equities Group "SEG" is a Division of Bradley Woods & Co. Ltd.
**************************************************************** This email is only for use by the intended recipient and may contain information that is PRIVILEGED, PROPRIETARY, CONFIDENTIAL AND/OR OTHERWISE PROTECTED FROM DISCLOSURE. If you are not the intended recipient, then any review, dissemination, replication or distribution of this communication and any attachments is strictly prohibited. If you have received this communication in error, then please delete this email, any and all attachments, and copies. Unless otherwise provided herein, you may not duplicate, redistribute or forward this message, or any portion thereof, including any attachments, by any means to any other person whomsoever without the express permission of Bradley Woods & Co. Ltd. ("Bradley Woods"). Neither the

CONFIDENTIAL                                                                    ANSON_00004705

information in this communication nor any opinion or recommendation expressed herein constitutes an offer to buy or sell any securities. The contents of this communication are for information purposes only, and should not be regarded as an offer to sell or as a solicitation of an offer to buy any financial product. Attachments that are part of an electronic communication may have additional important disclosures and disclaimers, which you should read. The information contained herein is deemed to be reliable, but is in no case assured or warrantied by Bradley Woods. All messages are monitored and retained by Bradley Woods and are subject to regulatory disclosure. Bradley Woods & Co. Ltd. is a member of FINRA and SIPC.

_____


STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the e-mail to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify Mintz, Levin, Cohn, Ferris, Glovsky and Popeo immediately at either (617) 542-6000 or at DirectorofIT@Mintz.com<mailto:DirectorofIT@Mintz.com>, and destroy all copies of this message and any attachments. You will be reimbursed for reasonable costs incurred in notifying us.


Privileged Information: This message, together with any attachments, is intended only for the use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and/or exempt from disclosure. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please delete this message, along with any attachments, from your computer. Thank you.


Privileged Information: This message, together with any attachments, is intended only for the use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and/or exempt from disclosure. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please delete this message, along with any attachments, from your computer. Thank you.


Privileged Information: This message, together with any attachments, is intended only for the use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and/or exempt from disclosure. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please delete this message, along with any attachments, from your computer. Thank you.
<GNUS Warrant.4.doc>
<GNUS Note.2.docx>
<GNUS Security Agreement.1.docx>
<GNUS Master Netting Agreement.1.docx>
<GNUS Investor Note.1.docx>
<GNUS Guaranty.1.docx>
The Special Equities Group "SEG" is a Division of Bradley Woods & Co. Ltd.
*************************************************************** This email is only for use by the intended recipient and may contain information that is PRIVILEGED, PROPRIETARY, CONFIDENTIAL AND/OR OTHERWISE PROTECTED FROM DISCLOSURE. If you are not the intended recipient, then any review, dissemination, replication or distribution of this communication and any attachments is strictly prohibited. If you have received this communication in error, then please delete this email, any and all attachments, and copies. Unless otherwise provided herein, you may not duplicate, redistribute or forward this message, or any portion thereof, including any attachments, by any means to any other person whomsoever without the express permission of Bradley Woods & Co. Ltd. ("Bradley Woods"). Neither the information in this communication nor any opinion or recommendation expressed herein constitutes an offer to buy or sell any securities. The contents of this communication are for information purposes only, and should not be regarded as an offer to sell or as a solicitation of an offer to buy any financial product. Attachments that are part of an electronic communication may have additional important disclosures and disclaimers, which you should read. The information contained herein is deemed to be reliable, but is in no case assured or warrantied by Bradley Woods. All messages are monitored and retained by Bradley Woods and are subject to regulatory disclosure. Bradley Woods & Co. Ltd. is a member of FINRA and SIPC.
The Special Equities Group "SEG" is a Division of Bradley Woods & Co. Ltd.
*************************************************************** This email is only for use by the intended recipient and may contain information that is PRIVILEGED, PROPRIETARY, CONFIDENTIAL AND/OR OTHERWISE PROTECTED FROM DISCLOSURE. If you are not the intended recipient, then any review, dissemination, replication or distribution of this communication and any attachments is strictly prohibited. If you have received this communication in error, then please delete this email, any and all attachments, and copies. Unless otherwise provided herein, you may not duplicate, redistribute or forward this message, or any portion thereof, including any attachments, by any means to any other person

ANSON_00004706

whomsoever without the express permission of Bradley Woods & Co. Ltd. ("Bradley Woods"). Neither the information in this communication nor any opinion or recommendation expressed herein constitutes an offer to buy or sell any securities. The contents of this communication are for information purposes only, and should not be regarded as an offer to sell or as a solicitation of an offer to buy any financial product. Attachments that are part of an electronic communication may have additional important disclosures and disclaimers, which you should read. The information contained herein is deemed to be reliable, but is in no case assured or warrantied by Bradley Woods. All messages are monitored and retained by Bradley Woods and are subject to regulatory disclosure. Bradley Woods & Co. Ltd. is a member of FINRA and SIPC.


Privileged Information: This message, together with any attachments, is intended only for the use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and/or exempt from disclosure. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please delete this message, along with any attachments, from your computer. Thank you.


Privileged Information: This message, together with any attachments, is intended only for the use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and/or exempt from disclosure. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please delete this message, along with any attachments, from your computer. Thank you.
<GNUS SPA.2.docx>


Privileged Information: This message, together with any attachments, is intended only for the use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and/or exempt from disclosure. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please delete this message, along with any attachments, from your computer. Thank you.
The Special Equities Group "SEG" is a Division of Bradley Woods & Co. Ltd.
********************************************************* This email is only for use by the intended recipient and may contain information that is PRIVILEGED, PROPRIETARY, CONFIDENTIAL AND/OR OTHERWISE PROTECTED FROM DISCLOSURE. If you are not the intended recipient, then any review, dissemination, replication or distribution of this communication and any attachments is strictly prohibited. If you have received this communication in error, then please delete this email, any and all attachments, and copies. Unless otherwise provided herein, you may not duplicate, redistribute or forward this message, or any portion thereof, including any attachments, by any means to any other person whomsoever without the express permission of Bradley Woods & Co. Ltd. ("Bradley Woods"). Neither the information in this communication nor any opinion or recommendation expressed herein constitutes an offer to buy or sell any securities. The contents of this communication are for information purposes only, and should not be regarded as an offer to sell or as a solicitation of an offer to buy any financial product. Attachments that are part of an electronic communication may have additional important disclosures and disclaimers, which you should read. The information contained herein is deemed to be reliable, but is in no case assured or warrantied by Bradley Woods. All messages are monitored and retained by Bradley Woods and are subject to regulatory disclosure. Bradley Woods & Co. Ltd. is a member of FINRA and SIPC.


Privileged Information: This message, together with any attachments, is intended only for the use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and/or exempt from disclosure. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please delete this message, along with any attachments, from your computer. Thank you.

CONFIDENTIAL                                                                                          ANSON_00004707

# ~~rtible~~ Note and Warrant Financing Facility

~~Registered address~~ ~~Anson Funds (USA)~~ ~~Anson Funds (Canada)~~
~~Intertrust Corporate Services~~ ~~5950 Berkshire Lane, Suite 210~~ ~~155 University Avenue Suite 207~~
~~190 Elgin Ave~~ ~~Dallas, Texas, 75225 USA~~ ~~Toronto, Ontario, M5H 3B7 Canada~~
~~George Town, Grand Cayman, KY1-9005~~ ~~Tel. 214. 866.0202~~ ~~Tel. 416.447.8874~~
~~Fax. 214. 276.1395~~ ~~Fax. 416.352.1880~~

*~~The purpose of this letter is to set forth the indicative terms pursuant to which, subject to certain conditions set forth herein, Anson Investments Master Fund LP (the "Purchaser") will participate as a lead investor in a transaction (the "Transaction") in which the Purchaser would purchase certain securities of the Company, and the Company would sell such securities to the Purchaser(s).~~ The terms and conditions set forth herein does not constitute a binding offer. The issuance and sale of such securities is subject to the preparation of definitive documentation to effect the Transaction that is mutually satisfactory to each party and, in the case of the Purchaser, that the Purchaser shall have determined that subsequent to the date hereof and prior to the closing of the Transaction, there shall have been no material adverse developments relating to the business, assets, operations, properties, condition (financial or otherwise) or prospects of the Company and its subsidiaries, taken as a whole.*

| | |
|---|---|
| **Issuer:** | Genius Brands Intl. (the "**Company**") |
| **Investors:** | ~~Anson Investment Master Fund LP (the "**Lead Investor**"), and other institutional~~Institutional and accredited investors ~~acceptable to the Lead Investor~~ (together with the Lead Investor, the "**Investors**"). |
| **Offering Size:** | The Company will sell to the Purchaser(s), for the sum of $10,000,000 million of <u>Original Issue Discount</u> Senior Secured Convertible Notes (the "**Notes**") ~~Original Issue Discount~~ with a principal amount of $12,500,000 million (the "**Offering**")~~, of which the Lead Investor has committed to doing up to $3,000,000 if the offering is fully subscribed~~. |
| ~~Escrow~~<u>Investor Notes</u>: | ~~In~~<u>Of</u> the ~~event that $10,000,000 is raised from the Offering, $4,000,000 from the Offering will be held in an escrow account, only to be released to the Company after (i) shareholder approval, and (ii) effectiveness of the registration statement covering all registrable securities.~~<br><br>~~If both conditions have not been met within 6 months of Closing~~<u>$10 million aggregate purchase price, $6 million will be paid at the closing in cash and the balance shall be paid with full recourse cash secured promissory notes from the Investors ("**Investor Notes**"). Upon the occurrence of certain favorable events the Investor Notes may be accelerated by the Company and upon the occurrence of certain unfavorable events</u>, ~~all amounts from escrow will be returned to the investors as partial repayment of the principal of the Notes.~~<u>such as an event of default under the Notes, the Investor Notes may be netted, at the option of the Investors, against the Notes.</u> |
| **Use of Proceeds:** | Debt repayment and working capital. |
| **Repayment of Existing Debt:** | Existing debt holders must invest in this deal at least 200% of the amount of their existing debt and then be repaid on the existing debt. |

ANSON_00004708

|  | The Lead Investor at its sole discretion may permit the Company to use some of the proceeds to repay existing debt holders in cash. |
|---|---|
| **Securities:** | Senior secured promissory notes (the "**Notes**"), that will be the most senior debt of the Company, except for certain existing credit lines. |
| **Maturity:** | The Notes shall mature 18 months from Closing (the "**Maturity Date**"). |
| **Interest:** | The Notes shall not accrue any interest, except in the case of Default, in which case the Notes will then accrue interest at 18% per annum. |
| **Conversion Price:** | The conversion price for the Notes shall equal the lower of: a) 100% of the closing price of the common stock on the day of signing the definitive agreement plus $0.125 to qualify as an at market transaction for NASDAQ purposes or b) 100% of the average of the 5 prior closing prices plus $0.125 to qualify as an at market transaction for NASDAQ purposes (the "**Conversion Price**"). |
| **Closing:** | The closing of the transaction will take on or before February 7th (the "**Closing Date**") |
| ~~**Registration:**~~ | ~~The Company will file a registration statement with SEC (the "Registration Statement") to register for resale within 10 days following the filing of its 10-K (the "**Filing Date**"), and will use its best efforts to cause such Registration Statement to become effective within 30 days of the Filing Date (or 60 days in the event of a regulatory review). If the Registration Statement is not filed or declared effective within the applicable timeframes, the company will pay liquidated cash damages of 1.0% of the aggregate purchase price for every month following the required filing or effective date (pro-rated for partial months).~~ |
| **Most Favored Nation:** | If the Company enters into a subsequent financing, then the Investors at their sole discretion shall have the ability to exchange their Notes on a $1 for $1 basis into securities of the new transaction. Each investor shall have up to 5 days post-closing of the new transaction to make such election. Notwithstanding the foregoing, such right of exchange shall not become effective until receipt of Shareholder Approval pursuant to NASDAQ Listing Rule 5635(d). |
| **Share Reservation:** | The Company will always reserve enough shares from its authorized capital for all shares underlying the Notes. |
| **Standstill:** | The Company shall be prohibited from entering new financings unless the Company agrees to use 75% of the proceeds towards repayment of the Notes.<br><br>The Company shall not enter into any variable, reset, or otherwise |

ANSON_00004709

adjustable transactions while the Notes are outstanding.

**Restrictive Covenants:**

Standard restrictive covenants for similar transactions, including but not limited to cash burn rate that is equal to or less than $550,000 per month after payment out of the proceeds from the Offering of placement agent fees, existing debt in the amount of $2,866,665 and outstanding fees of legal counsel not to exceed $350,000.

**Shareholder Approval:**

The Company shall use its best efforts to file a preliminary proxy with the Securities and Exchange Commission by March 1, 2020 to present the provisions requiring stockholder approval contemplated hereby to its stockholders for approval (the "**Shareholder Approval**") in accordance with Nasdaq's rules and regulations no later than April 15, 2020. If the Company does not obtain Shareholder Approval at the first meeting, the Company shall call a meeting every three months thereafter to seek Shareholder Approval until the earlier of the date of Shareholder Approval is obtained or the Notes are no longer outstanding.

**Reset Conversion Price:**

The Conversion Price on the Notes shall decrease to $0.21 (the "Reset Conversion Price"), subject to receipt of Shareholder Approval pursuant to Nasdaq Listing Rule 5635(d).

**Warrants:**

At Closing, the Company will also issue to the Investors 100% of new warrants (the "**Warrants**") based on the number of common shares that the Notes are convertible into based on the $0.21 price. The Warrants shall have a 5 -year life and initial exercise price equal to 100% of the closing price of the common shares immediately preceding the entry into of the definitive purchase agreement. The Warrants exercise price will decrease to $0.21 subject to receipt of Shareholder Approval pursuant to Nasdaq Listing Rule 5635(d).

**Anti-Dilution Protection:**

Further, the Notes and Warrants will have full ratchet anti-dilution protection for subsequent financings which shall not become effective until receipt of shareholder approval pursuant to NASDAQ Listing Rule 5635(d).

**Waivers:**

So long as the Lead Investor holds at least $1,000,000 of the Notes, they shall have the sole ability to waive or modify any transaction documents relating to the Offering.

**Existing Warrants**

Any existing Warrant holder that participates in the Offering will have their existing Warrants' exercise prices reduced to the Reset Conversion Price subject to receipt of Shareholder Approval pursuant to Nasdaq Listing Rule 5635(d).

**Redemption Dates:**

The Notes shall be redeemed in equal monthly redemptions equal to the $1/12^{th}$ of the principal value of the Notes (in each case, pro rata for each Investor) (each a Redemption Amount"). The first Redemption

ANSON_00004710

Date shall be the last trading day of the 6th month following the Closing Date. The remaining Redemption Dates shall be the last trading day of each month following the first Redemption Date.

**Redemption Payments:** Each Redemption Amount shall be paid in full in cash, or if (a) the Equity Conditions are satisfied or waived and (b) the Company so chooses and Shareholder Approval has been obtained pursuant to Nasdaq Listing Rule 5635(d), in shares of common stock as set forth below. To the extent that the Company elects to pay a full Redemption Amount in shares of common stock, then (A) twenty-three (23) trading days prior to the applicable Redemption Date (each such date being a "Pre-Installment Date"), the Company shall deliver to the Investor(s) a number of shares of common stock (each such quantity being a "Pre-Installment Share Amount") equal to the Redemption Amount being paid in shares of common stock divided by the lower of (i) the Conversion Price or (ii) the Market Price determined on the applicable Pre-Installment Date (such lower price, the "Pre-Installment Redemption Price"), and (B) on the applicable Redemption Date, the Company shall deliver to the Investor a number of shares of common stock equal to (a) the amount of applicable Redemption Amount being paid in shares of common stock divided by the lower of (i) the Conversion Price or (ii) the Market Price determined on the applicable Redemption Date (such lower price, the "Redemption Price"), less (b) any applicable Pre-Installment Share Amount delivered pursuant to the applicable Redemption Amount. Notwithstanding the foregoing, if the Redemption Price is less than 20% of the average of the five closing prices immediately prior to signing of the definitive documents (the "Floor Price"), then, at each Investor's option, (i) such Investor may elect to treat the Floor Price as the Redemption Price for some or all of the Redemption Amount, or (ii) for the Redemption Amount not reduced by shares pursuant to clause (i) above, the remaining Pre-Installment Share Amount shall be returned to the Company and the Company shall be required to pay such remaining Redemption Amount in cash.

**Market Price:** Equal to 85% of the average of the lowest five daily volume weighted average prices of common stock during the twenty consecutive trading days ending on the trading day immediately preceding the applicable date of determination.

**Equity Conditions:** Typical equity conditions, including without limitation, the Market Price being above the Floor Price, the average daily dollar volume of trading being greater than $100,000. the Company's common stock is listed or designated for quotation on the NASDAQ, the shares underlying the relevant Redemption Amount are registered for issuance or resale or eligible for public resale pursuant to Rule 144, the Company shall remain in compliance with the terms of the transaction

     ANSON_00004711

documents, the Company's common stock meets certain reasonable price and volume requirements (to be determined), etc.

**Placement Agent:** The Special Equities Group will receive a 10% cash fee and 10% warrants with an exercise price equal to 100% of the closing price of the common stock immediately preceding the entry into of the definitive purchase agreement on all monies received by the Company as a result of this transaction.

**Due Diligence / Legal Fees:** The Company will pay the Lead Investor's legal fees and expenses related to this transaction up to a maximum of $50,000, which amount shall be withheld by the Lead Investor at closing

**Confidentiality:** The contents of this Term Sheet are confidential. The Company and each Investor agree that it will not show, circulate, or otherwise disclose this letter or its contents to any other person (other than its officers, employees, directors, affiliates and advisors, on a need-to-know basis).

CONFIDENTIAL

ANSON_00004712

**Genius Brands Intl.**


Date:_____          **By:**_____
                               Name:
                               Title:


**Anson Investments Master Fund LP**


Date:_____          **By:**_____
                               Name: Amin Nathoo
                               Title: Director, Anson Advisors Inc.

CONFIDENTIAL                                                      ANSON_00004713

Document comparison by Workshare 9 on Monday, February 3, 2020 3:21:42 PM

| Input: | |
|---|---|
| Document 1 ID | file://W:\123 EGS\Anson\GNUS\2020 Debenture Transaction\GNUS - AIMF - GBI Comments 1 22 2020 RL.docx |
| Description | GNUS - AIMF - GBI Comments 1 22 2020 RL |
| Document 2 ID | file://W:\123 EGS\Anson\GNUS\GNUS Term Sheet.docx |
| Description | GNUS Term Sheet |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 8 |
| Deletions | 26 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 34 |

CONFIDENTIAL

ANSON_00004714

# Convertible Note and Warrant Financing Facility

*The terms and conditions set forth herein does not constitute a binding offer. The issuance and sale of such securities is subject to the preparation of definitive documentation to effect the Transaction that is mutually satisfactory to each party and, in the case of the Purchaser, that the Purchaser shall have determined that subsequent to the date hereof and prior to the closing of the Transaction, there shall have been no material adverse developments relating to the business, assets, operations, properties, condition (financial or otherwise) or prospects of the Company and its subsidiaries, taken as a whole.*

| | |
|---|---|
| **Issuer:** | Genius Brands Intl. (the "**Company**") |
| **Investors:** | Institutional and accredited investors (together with the Lead Investor, the "**Investors**"). |
| **Offering Size:** | The Company will sell to the Purchaser(s), for the sum of $10,000,000 million of Original Issue Discount Senior Secured Convertible Notes (the "**Notes**") with a principal amount of $12,500,000 million (the "**Offering**"). |
| **Investor Notes:** | Of the $10 million aggregate purchase price, $6 million will be paid at the closing in cash and the balance shall be paid with full recourse cash secured promissory notes from the Investors ("**Investor Notes**"). Upon the occurrence of certain favorable events the Investor Notes may be accelerated by the Company and upon the occurrence of certain unfavorable events, such as an event of default under the Notes, the Investor Notes may be netted, at the option of the Investors, against the Notes. |
| **Use of Proceeds:** | Debt repayment and working capital. |
| **Repayment of Existing Debt:** | Existing debt holders must invest in this deal at least 200% of the amount of their existing debt and then be repaid on the existing debt. <br><br> The Lead Investor at its sole discretion may permit the Company to use some of the proceeds to repay existing debt holders in cash. |
| **Securities:** | Senior secured promissory notes (the "**Notes**"), that will be the most senior debt of the Company, except for certain existing credit lines. |
| **Maturity:** | The Notes shall mature 18 months from Closing (the "**Maturity Date**"). |
| **Interest:** | The Notes shall not accrue any interest, except in the case of Default, in which case the Notes will then accrue interest at 18% per annum. |
| **Conversion Price:** | The conversion price for the Notes shall equal the lower of: a) 100% of the closing price of the common stock on the day of signing the definitive agreement plus $0.125 to qualify as an at market transaction for NASDAQ purposes or b) 100% of the average of the 5 prior closing prices plus $0.125 to qualify as an at market transaction for NASDAQ purposes (the "**Conversion Price**"). |

ANSON_00004715

| | |
|---|---|
| **Closing:** | The closing of the transaction will take on or before February 7th (the "**Closing Date**") |

The closing of the transaction will take on or before February 7th (the "**Closing Date**")

**Most Favored Nation:** If the Company enters into a subsequent financing, then the Investors at their sole discretion shall have the ability to exchange their Notes on a $1 for $1 basis into securities of the new transaction. Each investor shall have up to 5 days post-closing of the new transaction to make such election. Notwithstanding the foregoing, such right of exchange shall not become effective until receipt of Shareholder Approval pursuant to NASDAQ Listing Rule 5635(d).

**Share Reservation:** The Company will always reserve enough shares from its authorized capital for all shares underlying the Notes.

**Standstill:** The Company shall be prohibited from entering new financings unless the Company agrees to use 75% of the proceeds towards repayment of the Notes.

The Company shall not enter into any variable, reset, or otherwise adjustable transactions while the Notes are outstanding.

**Restrictive Covenants:** Standard restrictive covenants for similar transactions, including but not limited to cash burn rate that is equal to or less than $550,000 per month after payment out of the proceeds from the Offering of placement agent fees, existing debt in the amount of $2,866,665 and outstanding fees of legal counsel not to exceed $350,000.

**Shareholder Approval:** The Company shall use its best efforts to file a preliminary proxy with the Securities and Exchange Commission by March 1, 2020 to present the provisions requiring stockholder approval contemplated hereby to its stockholders for approval (the "**Shareholder Approval**") in accordance with Nasdaq's rules and regulations no later than April 15, 2020. If the Company does not obtain Shareholder Approval at the first meeting, the Company shall call a meeting every three months thereafter to seek Shareholder Approval until the earlier of the date of Shareholder Approval is obtained or the Notes are no longer outstanding.

**Reset Conversion Price:** The Conversion Price on the Notes shall decrease to $0.21 (the "Reset Conversion Price"), subject to receipt of Shareholder Approval pursuant to Nasdaq Listing Rule 5635(d).

**Warrants:** At Closing, the Company will also issue to the Investors 100% of new warrants (the "**Warrants**") based on the number of common shares that the Notes are convertible into based on the $0.21 price. The Warrants shall have a 5-year life and initial exercise price equal to 100% of the closing price of the common shares immediately preceding the entry into of the definitive purchase agreement. The Warrants exercise price will

ANSON_00004716

decrease to $0.21 subject to receipt of Shareholder Approval pursuant to Nasdaq Listing Rule 5635(d).

**Anti-Dilution Protection:** Further, the Notes and Warrants will have full ratchet anti-dilution protection for subsequent financings which shall not become effective until receipt of shareholder approval pursuant to NASDAQ Listing Rule 5635(d).

**Waivers:** So long as the Lead Investor holds at least $1,000,000 of the Notes, they shall have the sole ability to waive or modify any transaction documents relating to the Offering.

**Existing Warrants** Any existing Warrant holder that participates in the Offering will have their existing Warrants' exercise prices reduced to the Reset Conversion Price subject to receipt of Shareholder Approval pursuant to Nasdaq Listing Rule 5635(d).

**Redemption Dates:** The Notes shall be redeemed in equal monthly redemptions equal to the $1/12^{th}$ of the principal value of the Notes (in each case, pro rata for each Investor) (each a Redemption Amount"). The first Redemption Date shall be the last trading day of the 6th month following the Closing Date. The remaining Redemption Dates shall be the last trading day of each month following the first Redemption Date.

**Redemption Payments:** Each Redemption Amount shall be paid in full in cash, or if (a) the Equity Conditions are satisfied or waived and (b) the Company so chooses and Shareholder Approval has been obtained pursuant to Nasdaq Listing Rule 5635(d), in shares of common stock as set forth below. To the extent that the Company elects to pay a full Redemption Amount in shares of common stock, then (A) twenty-three (23) trading days prior to the applicable Redemption Date (each such date being a "Pre-Installment Date"), the Company shall deliver to the Investor(s) a number of shares of common stock (each such quantity being a "Pre-Installment Share Amount") equal to the Redemption Amount being paid in shares of common stock divided by the lower of (i) the Conversion Price or (ii) the Market Price determined on the applicable Pre-Installment Date (such lower price, the "Pre-Installment Redemption Price"), and (B) on the applicable Redemption Date, the Company shall deliver to the Investor a number of shares of common stock equal to (a) the amount of applicable Redemption Amount being paid in shares of common stock divided by the lower of (i) the Conversion Price or (ii) the Market Price determined on the applicable Redemption Date (such lower price, the "Redemption Price"), less (b) any applicable Pre-Installment Share Amount delivered pursuant to the applicable Redemption Amount. Notwithstanding the foregoing, if the Redemption Price is less than 20% of the average of the five closing prices immediately prior to signing of the definitive documents (the "Floor Price"), then, at each Investor's option, (i) such Investor may

ANSON_00004717

elect to treat the Floor Price as the Redemption Price for some or all of the Redemption Amount, or (ii) for the Redemption Amount not reduced by shares pursuant to clause (i) above, the remaining Pre-Installment Share Amount shall be returned to the Company and the Company shall be required to pay such remaining Redemption Amount in cash.

**Market Price:** Equal to 85% of the average of the lowest five daily volume weighted average prices of common stock during the twenty consecutive trading days ending on the trading day immediately preceding the applicable date of determination.

**Equity Conditions:** Typical equity conditions, including without limitation, the Market Price being above the Floor Price, the average daily dollar volume of trading being greater than $100,000. the Company's common stock is listed or designated for quotation on the NASDAQ, the shares underlying the relevant Redemption Amount are registered for issuance or resale or eligible for public resale pursuant to Rule 144, the Company shall remain in compliance with the terms of the transaction documents, the Company's common stock meets certain reasonable price and volume requirements (to be determined), etc.

**Placement Agent:** The Special Equities Group will receive a 10% cash fee and 10% warrants with an exercise price equal to 100% of the closing price of the common stock immediately preceding the entry into of the definitive purchase agreement on all monies received by the Company as a result of this transaction.

**Due Diligence / Legal Fees:** The Company will pay the Lead Investor's legal fees and expenses related to this transaction up to a maximum of $50,000, which amount shall be withheld by the Lead Investor at closing

**Confidentiality:** The contents of this Term Sheet are confidential. The Company and each Investor agree that it will not show, circulate, or otherwise disclose this letter or its contents to any other person (other than its officers, employees, directors, affiliates and advisors, on a need-to-know basis).

CONFIDENTIAL

ANSON_00004718

**Genius Brands Intl.**


Date:_____        **By:**_____
                             Name:
                             Title:


**Anson Investments Master Fund LP**


Date:_____        **By:**_____
                             Name: Amin Nathoo
                             Title: Director, Anson Advisors Inc.

CONFIDENTIAL                                                     ANSON_00004719