**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

TODD AUGENBAUM,

               Plaintiff,

     v.

ANSON INVESTMENTS MASTER FUND LP;
BRIO CAPITAL MASTER FUND LTD.; BRIO
SELECT OPPORTUNITIES FUND, LP; CVI
INVESTMENTS, INC.; EMPERY ASSET
MASTER, LTD.; EMPERY DEBT
OPPORTUNITY FUND, LP; EMPERY TAX
EFFICIENT, LP; EMPERY ASSET
MANAGEMENT, LP; IROQUOIS MASTER
FUND LTD.; IROQUOIS CAPITAL
INVESTMENT GROUP, LLC; L1 CAPITAL
GLOBAL OPPORTUNITIES MASTER FUND;
M3A LP; RICHARD MOLINSKY,

               Defendants,

    -and-

KARTOON STUDIOS, INC.,

               Nominal Defendant.

Civil Action No. 1:22-cv-00249-AS

**PROPOSED JOINT PRETRIAL ORDER**

Pursuant to the Court's Order dated October 29, 2025 (ECF No. 296), jointly submit this proposed pretrial order.  Where the parties have competing proposals, the proposals are set off by double brackets ("[[" and "]]"), and each proposal is preceded by bolded text.

## I.   The full caption of the case.

The full caption of the case is provided above.

## II.   The names, law firms, addresses, telephone numbers, and email addresses of trial counsel if not already listed on the docket.

None.

## III.   A brief statement by Plaintiff as to the basis of subject matter jurisdiction, and a brief statement by Defendants as to the presence or absence of subject matter jurisdiction.

This action arises under Section 16(b) of the Securities Exchange Act, 15 U.S.C. § 78p(b). The parties agree that this Court has subject matter jurisdiction over Plaintiff's federal securities claim pursuant to 15 U.S.C. § 78aa and 28 U.S.C. § 1331.

## IV.   A brief summary by each party of the claims and defenses that the party asserts remain to be tried, including citations to any statutes on which the party relies.  Such summaries shall also identify all claims and defenses previously asserted that are not to be tried.

### A.   Plaintiff's claims and defenses

Plaintiff's claim is described in the Court's September 30, 2025 Opinion and Order denying Defendant's motion for summary judgment, which is incorporated by reference.  In essence, Plaintiff claims that Defendants bought and sold securities as a statutory insider group in violation of Section 16(b) of the Securities Exchange Act of 1934.  Defendants were corporate insiders who together beneficially owned more than 10% of the securities issued by Genius Brands International, Inc.  In violation of the bar on short-swing trading, Defendants agreed to act and acted together in furtherance of the common objectives of acquiring, holding, voting, <u>and</u>

2

disposing of Genius securities.  As such, Defendants must return their short-swing profits to the Company.

### B.      Defendants' Defenses

Defendants deny all of Plaintiff's allegations.  Defendants assert that Plaintiff is not entitled to damages or any other relief because (i) Defendants were not "insiders" of Genius Brands International, Inc. (now known as Kartoon Studios, Inc.) ("Genius") for purposes of Section 16(b), (ii) Defendants did not receive any profits subject to disgorgement pursuant to Section 16(b), (iii) Plaintiff has not identified any matchable purchases and sales pursuant to Section 16(b), and (iv) certain of the transactions at issue are exempted from Section 16(b) pursuant to rules promulgated by the Securities and Exchange Commission.

### V.      A statement as to the number of trial days needed and whether the case is to be tried with or without a jury.

This case is to be tried with a jury.  The parties estimate the trial of this action will require 10 to 15 full trial days, including jury selection, opening statements, and closing arguments. Consistent with the Court's Individual Practices, the parties agree on a 9:00 a.m. start time for trial each day, with a short break from 11:30 a.m. to noon, and an end time of 2:30 p.m. or 3:00 p.m.

### VI.     A joint statement summarizing the nature of the case, to be read to potential jurors during jury selection.

This is a civil securities case.  The plaintiff is Todd Augenbaum, a shareholder of Genius Brands (now known as Kartoon Studios), a company that develops, produces, markets, and licenses branded kids and family entertainment, including *Rainbow Rangers* and *Llama Llama*. The defendants are twelve investment funds and one individual investor.  Plaintiff asserts a claim under Section 16(b) of the Securities Exchange Act of 1934, which requires certain corporate insiders, including any person or group that beneficially owns more than ten percent of a public company's stock, to disgorge (or return to the company) any "short-swing profits"—that is, profits

3

realized from the purchase and sale (or sale and purchase) of a company's securities in any six-month period.  None of the Defendants owned ten percent or more of Genius's stock at any time relevant to this case.  The central question thus is whether the Defendants acted as a "group" in connection with transactions in Genius's equity securities, in that they agreed to act together for the purpose of acquiring, holding, voting, or disposing of Genius's equity securities.

Plaintiff claims that Defendants invested in Genius's securities together as a "group" in connection with certain transactions between March and June, 2020.  Defendants contend that Plaintiff's claims are unfounded, and that each Defendant independently decided whether to participate in the transactions at issue, and that none of the Defendants ever agreed to act together for the purpose of acquiring, holding, voting, or disposing of Genius's equity securities. [[**Defendants Proposal**:  Defendants further contend that if they made investments in one of Genius's fundraising efforts at or about the same time and subject to the same terms, that does not indicate that they were acting as a group.]]

**VII.    A list of people, places, and institutions that are likely to be mentioned during the trial, to be read to potential jurors during jury selection.**

Attached as Exhibit 1 is a list of people, places, and institutions that are likely to be mentioned during the trial, to be read to potential jurors during jury selection.

**VIII.   A statement as to whether all parties have consented to trial by a Magistrate Judge, without identifying which parties do or do not consent.**

The parties do not consent to trial by a Magistrate Judge.

**IX.    Any stipulations or agreed statements of fact or law to which all parties consent.**

There are no such stipulations.

4

**X.**     **A list of list of all trial witnesses, indicating whether such witnesses will testify in person or by deposition, whether such witnesses will require an interpreter (and, if so, which party will pay the costs for the interpreter), and a brief summary of the substance of each witness's testimony.**

**A.     List of Trial Witnesses**

1.     The parties have, in good faith, identified the name of each witness they intend to call in their respective cases-in-chief, whether in person or by deposition.

2.     Attached hereto as Exhibit 2 is Plaintiff's witness list and attached hereto as Exhibit 3 is Defendants' witness list.  Plaintiff objects to the following witnesses on Defendants' witness list on the ground that they were not disclosed on Defendants' Rule 26(a) disclosures:, Robert Charron, , Martin Hoe, Charles Phillips, and Jeffrey Schultz.  Plaintiff also objects to Robert Charron, Charles Phillips, and Jeffrey Schultz on the ground that they are attorneys and appear to be being offered for an improper purpose.  Defendants' response is that Plaintiff's objection is without basis.

3.     The parties' witness lists include:  each witness's name, whether such witness will testify in person or by deposition, and a brief summary of the substance of each witness's testimony.  None of the parties' respective witnesses requires an interpreter.

**B.     Agreements Concerning Trial Witnesses**

4.     Except for good cause shown or as provided herein, a party may not call a witness who is not included in the party's will-call witness list unless agreeable to all parties or as ordered by the Court.  Both sides retain the ability to call any witness who was included on the other side's will-call list.  Both sides also retain the ability to call additional witnesses solely for impeachment and rebuttal purposes.  Both sides retain the ability to call any witness that cannot be reasonably anticipated, to the extent allowed by the Court.  Both sides retain the right to object to any witness

not identified on the other side's will-call witness list that the other side later identifies they intend to call solely for impeachment or rebuttal purposes.

5. By including any of the witnesses on their witness list, the parties assume no obligation to call any witness at trial.

6. Each party retains the right to modify its respective witness lists to: (i) remove witnesses; (ii) add a witness on another party's witness list; and (iii) add witnesses who are necessary to lay the foundation for the admissibility of evidence should the parties prove unable to stipulate to admissibility.

7. [[**Plaintiff Proposal**:  To facilitate an orderly trial, one hour after the end of the trial day, each party shall identify in good faith the witnesses that they will be calling the following day and whether each witness will testify live or by deposition.  Notwithstanding the above, witnesses who will testify on the first day of the trial will be disclosed by 5:00 p.m. the preceding business day.]]

8. [[**Defendants Proposal**:  To facilitate an orderly trial, each party shall identify in good faith the witnesses that they will be calling each day, and whether each witness will testify live or by deposition, at least two days in advance of the day the witness takes the stand, by no later than 5:00 p.m. or one (1) hour after the end of the trial day, whichever is later.  For example, a witness expected to be called on Wednesday would be disclosed on Monday no later than 5:00 p.m. or one (1) hour after the end of the trial day, whichever is later.  Notwithstanding the above, witnesses who will testify on the first day of the trial week will be disclosed by 5:00 p.m. the preceding Friday]]

9. [[**Plaintiff Proposal**: Other than one designated corporate representative for each family of corporate Defendants (*e.g.* one representative for all Empery Defendants, one

representative for all of the Iroquois Defendants),]] [[**Defendants Proposal**:   Other than designated corporate representatives,]] fact witnesses appearing in person shall be sequestered and shall not enter the courtroom except to provide testimony, except that once a fact witness has completed her or his testimony (including direct, cross, and rebuttal) that fact witness shall no longer be sequestered unless subject to recall.  If a fact witness will testify live more than once (for example, in both Plaintiff's case-in-chief and Defendants' case-in-chief), then that fact witness shall remain sequestered until he or she has completed all his or her testimony (including direct, cross, and rebuttal).   For the avoidance of doubt, [[**Plaintiff Proposal**:   one corporate representative for each family of corporate Defendants]]   [[**Defendants Proposal**: corporate representatives designated]] may remain in the courtroom at all times.  Expert witnesses shall not be sequestered.

10.     Defendants previously agreed to make available and shall make available to plaintiff the following witnesses to provide live testimony at the trial as part of Plaintiff's case in chief, waiving any need for Plaintiff to serve a trial subpoena:  Amin Nathoo; David Feldman; Maier Tarlow; Richard Abbe; Richard Molinsky; Ryan Lane; Sam Winer; and Shaye Hirsch.

**XI.    A designation by each party of deposition testimony to be offered in its case-in-chief and any counter-designations and objections by any other party.**

**A.        Lists of Deposition Designations**

11.     The parties are harmonizing deposition designations for two witnesses and those will be filed shortly.

**B.        Agreements Concerning Designations**

12.     For purposes of the parties' respective cases-in-chief, the parties have exchanged deposition designations, objections and counter-designations, except for fact witnesses who appeared on any of either party's witness lists as testifying live, for which the parties have agreed

on a separate schedule set forth below to provide designations, objections, and counter-designations. With respect to the witnesses that Defendants have agreed to produce to provide live testimony, should Plaintiff and all of the Defendants agree that one or more such witnesses should not testify live, the parties may identify depositions designations for such witnesses. Deposition testimony to be used solely for impeachment purposes need not be designated to be used at trial.

13.     Each side reserves the right to (i) use designations identified by the other side either as counter-designations or as affirmative designations, (ii) use any of its counter-designations as if identified as the party's affirmative designation for a witness identified on its witness list as testifying by designation, and (iii) use the designated testimony in whole or in part.

14.     Subject to the deadlines set forth in paragraph 7, each party reserves the right to supplement, amend, or withdraw its list of designations in response to any additional disclosures by the other side or as may be needed to rebut any facts or evidence presented by the other side at trial or in response to any rulings by the Court. To the extent either side withdraws a portion (but not all) of its affirmative deposition designations, the opposing side may use any of its previously submitted counter-designations for that witness subject to the other side's objections under the rule of completeness (so that a deposition answer is not cut off).

15.     These designations should not be construed as acknowledgment of the scope of the trial or admissibility of evidence. Designation of any portion of a transcript does not waive each side's right to contest the admissibility of the witnesses' testimony nor does it constitute a waiver of any admissibility arguments that each party may raise. Designation of any testimony does not imply admissibility.

16.     Unless used solely for impeachment, depositions shall be presented through video presentation. When playing video, no adjustments to the original recording, including the speed

8

of the recording, shall be made, other than to remove objections stated during the deposition or to remove pauses or other video time that does not constitute testimony.

17.    When designations are presented, all admissible counter-designation excerpts will be introduced simultaneously with the corresponding affirmative designations in the sequence in which the testimony was originally given.

18.    The parties shall provide the Court and the Court reporter with a highlighted copy of the deposition transcript in advance of the trial session during which the designated testimony is to be played.  Such highlighted copy of the deposition transcript should include the affirmative designations and counter-designations in different colors.

## XII.    A list by each party of all exhibits to be offered in its case-in-chief.

### A.    List of Trial Exhibits

19.    Attached hereto as Exhibit 6 is Plaintiff's exhibit list and attached hereto as Exhibit 7 is Defendants' exhibit list.  The parties' exhibit lists include a description of each exhibit that may be introduced at the trial, including any objection(s) to the exhibit, the nature of the objection(s), and the party (or parties) making the objection(s).  Exhibits with a single asterisk (*) are those to which no party objects on any ground.  If any party believes that the Court should rule on such an objection in advance of trial, that party has included a notation to that effect (e.g., "Advance Ruling Requested").

### B.    Objections to Deposition Designations and Exhibits

20.    Consistent with the Court's Individual Practices in Civil Cases, the parties' exhibit lists notate objections for which they seek a pretrial ruling with "Advance Ruling Requested."

C.    **Agreements Concerning Trial Exhibits**

21.    Consistent with the Court's October 29, 2025 Order, the parties will submit by email or by hard-drive to the Court electronic copies of each exhibit sought to be admitted and a Microsoft Word document listing all exhibits sought to be admitted by May 11, 2026.

22.    Any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document.

23.    Inclusion of an exhibit on the exhibit list is not an agreement that any party will offer an exhibit or that it is admissible if used by any other party.

24.    Exhibits to be used solely for impeachment or rebuttal purposes need not be included in the parties' lists of trial exhibits.

25.    The parties have prepared objections to the opposing proposed trial exhibits without the benefit of knowing exactly how the exhibits will be used at trial.  Any party's objection to any exhibit that has been offered by that party and any other party in no way prejudices the objecting party's ability to seek to introduce the exhibit for a proper purpose at trial.

26.    The parties' exhibits lists need not include demonstratives.  The term "demonstratives" shall refer to a visual or demonstrative aid that consists of a unique depiction of the evidence in any form; call-outs of exhibits or references to testimony for which there is no pending objection shall not be considered a demonstrative for purposes of the disclosure deadlines.

(a)    The parties will exchange any demonstratives (as defined herein), slides, graphics, documents, or visual aids of any type that counsel intends to use in its opening statements by 4:00 p.m. the day before the beginning of opening statements.  The parties will meet and confer to attempt to resolve any objections to these opening demonstratives or exhibits prior to the beginning of trial.

10

(b)    The parties will exchange any demonstratives (as defined herein), slides, graphics, documents, or visual aids of any type that counsel intends to use in its closing arguments before the beginning of closing arguments.  The parties will meet and confer to attempt to resolve any objections to these closing demonstratives.

27.    The parties are not required to disclose in advance demonstratives created during testimony or argument at trial (such as writing on a white board in the course of a direct examination), or to the ballooning, highlighting, or excerpting of documents marked as exhibits that were otherwise properly disclosed.

## XIII.  A statement of the damages claimed and any other relief sought, including the manner and method used to calculate any claimed damages and a breakdown of the elements of such claimed damages.

### A.    Plaintiff's Statement

As set forth in the Chin and Holmes expert reports, Plaintiff seeks to cause Defendants to disgorge $456,581,834.67 in short-swing profits as required by Section 16(b). In addition, interest and costs should be awarded.  The court should also award such other and further relief as this Court deems just and proper.

### B.    Defendants' Statement

Defendants contend that Plaintiff is not entitled to any damages whatsoever. If Plaintiff is entitled to damages, the parties disagree as to both the proper measure of such damages and the amount.

## XIV.  A statement of whether the parties consent to less than a unanimous verdict.

The parties do not consent to less than a unanimous verdict.

Dated: New York, New York
       April 27, 2026

Respectfully submitted,

**FRESHFIELDS US LLP**

/s/   Andrew D. Gladstein
Andrew D. Gladstein
Shannon Sciaretta

3 World Trade Center
175 Greenwich Street, 51st Floor
New York, New York 10007
(646) 231-7098
andrew.gladstein@freshfields.com
shannon.sciaretta@freshfields.com

*Counsel for Defendants Empery Asset Master,
Ltd., Empery Debt Opportunity Fund, LP,
Empery Tax Efficient, LP, and Empery Asset
Management, LP*

**HOGAN LOVELLS US LLP**

/s/   Dennis H. Tracey, III
Dennis H. Tracey, III
Catherine Bratic (*pro hac vice*)
Elizabeth Cochrane

390 Madison Avenue
New York, New York 10017
(212) 918-3000
dennis.tracey@hoganlovells.com
catherine.bratic@hoganlovells.com
elizabeth.cochrane@hoganlovells.com

*Counsel for Defendant Anson Investments
Master Fund LP*

12

**ELLENOFF GROSSMAN & SCHOLE LLP**

*/s/ John Brilling Horgan*
John Brilling Horgan
Joanna Rebecca Cohen

1345 Avenue of the Americas
11th Floor
New York, New York 10105
(646) 895-7158
jhorgan@egsllp.com
jcohen@egsllp.com

*Counsel for Defendants Brio Capital Master Fund Ltd. and Brio Select Opportunities Fund LP*

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

*/s/ Susan Saltzstein*
Susan Saltzstein
Andrea Griswold
Kurt Hemr
Jeffrey Geier
Christopher Fredmonski

One Manhattan West
New York, New York 10001
(212) 735-3000
susan.saltzstein@skadden.com
andrea.griswold@skadden.com
kurt.hemr@skadden.com
jeffrey.geier@skadden.com
christopher.fredmonski@skadden.com

*Counsel for Defendant CVI Investments, Inc.*

13

**ELLIOTT LEVINE JAROSLAW NEILS LLP**

*/s/ Jared R. Clark*
Jared R. Clark

One Grand Central Place
60 East 42nd Street, Suite 1570
New York, New York
(212) 321-0510

jclark@eljnlaw.com

*Counsel for Defendant L1 Capital Global Opportunities Master Fund*

**CLARK SMITH VILLAZOR LLP**

*/s/ Christopher J. Clark*
Christopher J. Clark
Benjamin A. Butzin-Dozier
Diana Wang

666 Third Avenue, 21st Floor
New York, New York 10017
(212) 377-0854
clark@csvllp.com
benjamin.dozier@csvllp.com
diana.wang@csvllp.com

*Counsel for Defendants Iroquois Master Fund Ltd. and Iroquois Capital Investment Group, LLC*

14

**GOULSTON & STORRS PC**

*/s/ Nicholas Cutaia*
Nicholas Cutaia
Peiran Zhang
Ruth-Claire Pollioni

730 Third Avenue, 12th Floor
New York, New York 10017
(212) 878-6900
ncutaia@goulstonstorrs.com

Jennifer B. Furey
Mariana Korsunsky

One Post Office Square
Boston, Massachusetts 02109
(617) 574-3575
jfurey@goulstonstorrs.com

*Counsel for Defendant M3A LP*

**LITMAN, ASCHE & GIOIELLA, LLP**

*/s/ Richard Asche*
Richard Asche

350 Central Park West Suite 10F
New York, New York  10025
(917) 414-6951
richardasche@lagnyc.com

*Counsel for Defendant M3A LP*

**STINSON LLP**

*/s/ Kieran M. Corcoran*
Kieran M. Corcoran

140 Broadway, Suite 2330
New York, New York 10005
(646) 883-7471
kieran.corcoran@stinson.com

*Counsel for Defendant Richard Molinsky*

15

**ABRAHAM, FRUCHTER & TWERSKY, LLP**

*/s/ Jeffrey Abraham*
Jeffrey Abraham
Michael J. Klein

450 7th Avenue, 38th Floor
New York, New York 10123
(212) 279-5050
jabraham@aftlaw.com
mklein@aftlaw.com

*Counsel for Plaintiff Todd Augenbaum*

**MANDEL BHANDARI LLP**

*/s/ Evan Mandel*
Evan Mandel
Robert Glunt
A. Leah Vickers
Brice Jastrow

80 Pine Street, 33rd Floor
New York, New York 10005
(212) 269-5600
em@mandelbhandari.com
glunt@mandelbhandari.com

*Counsel for Plaintiff Todd Augenbaum*