## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

TODD AUGENBAUM,

               Plaintiff,

      v.

ANSON INVESTMENTS MASTER FUND LP; BRIO CAPITAL MASTER FUND LTD.; BRIO SELECT OPPORTUNITIES FUND, LP; CVI INVESTMENTS, INC.; EMPERY ASSET MASTER, LTD.; EMPERY DEBT OPPORTUNITY FUND, LP; EMPERY TAX EFFICIENT, LP; EMPERY ASSET MANAGEMENT, LP; IROQUOIS MASTER FUND LTD.; IROQUOIS CAPITAL INVESTMENT GROUP, LLC; L1 CAPITAL GLOBAL OPPORTUNITIES MASTER FUND; M3A LP; RICHARD MOLINSKY,

               Defendants,

    -and-

KARTOON STUDIOS, INC.,

               Nominal Defendant.

Civil Action No. 1:22-cv-00249-AS

**NOTICE OF MOTION OF ALTERNATIVE INVESTMENT MANAGEMENT ASSOCIATION LTD FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE IN SUPPORT OF DEFENDANTS' MOTION TO ADOPT DEFENDANTS' GROUP JURY INSTRUCTION**

PLEASE TAKE NOTICE that the Alternative Investment Management Association Ltd ("AIMA") respectfully moves for leave to file the attached brief, as *amicus curiae*, in support of Defendants' Motion to Adopt Defendants' Group Jury Instruction. Counsel for Defendants consent to the filing of this brief. Counsel for Plaintiff does not consent to the filing of this brief.

Proposed *amicus curiae* AIMA is the world's largest membership association for alternative investment managers, with more firms, managing more assets, than any other industry body. AIMA's membership includes institutional investment managers and funds that regularly participate in syndicated securities offerings and other multi-investor transactions in the U.S. capital markets.

AIMA and its members have repeatedly been directly involved, both as parties and as *amicus curiae*, in significant litigation addressing the interpretation of federal securities laws governing investment advisers and other market participants. For example, AIMA was a petitioner in *National Association of Private Fund Managers, et al. v. SEC*, No. 23-60471 (5th Cir. June 5, 2024), which successfully challenged the Securities and Exchange Commission's 2023 "Private Fund Advisers" rule that imposed sweeping new disclosure, audit and governance requirements impacting AIMA's members and the broader alternative investment industry. AIMA has also often submitted *amicus* briefs in cases that, like the dispute here, involved the interpretation of statutes and regulations of interest to the alternative investment industry. *See, e.g., SEC v. Almagarby*, No. 21-13755 (11th Cir. July 8, 2022), ECF No. 35 (AIMA opposed the SEC's expansive definition of "dealer" under the exchange act, urging a narrow, historically grounded construction); *SEC v. Keener,* No. 22 14237 (11th Cir. June 7, 2023), ECF No. 36 (same); *SEC v. Panuwat*, No. 24-6882 (9th Cir. May 23, 2025), ECF No. 18 (urging the court to reject the SEC's overly broad "shadow trading" theory).

"There is no governing standard, rule, or statute prescribing the procedure for obtaining leave to file an *amicus* brief in the district court." *Goldstein v. Hochul*, No. 22-cv-8300 (VSB), 2022 WL 22915988, at *1 (S.D.N.Y. Oct. 19, 2022) (citing *Onondaga Indian Nation v. State of New York,* No. 97-CV-445, 1997 WL 369389, at *2 (S.D.N.Y. June 25, 1997)). "What is clear, however, is that district courts have broad inherent authority to permit or deny an appearance as amicus curiae in a case." *Id.* Courts have found that participation as *amicus curiae* is appropriate when it is timely, and "when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *SEC v. Ripple Labs, Inc.*, No. 20 CIV. 10832 (AT), 2021 WL 4555352, at *5 (S.D.N.Y. Oct. 4, 2021); *see also Goldstein*, 2022 WL 22915988, at *1. "The primary role of the amicus is to assist the Court in reaching the right decision in a case affected with the interest of the general public." *Russell v. Bd. of Plumbing Exam'rs*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999), *aff'd*, 1 F. App'x 38 (2d Cir. 2001).

AIMA and its members have a substantial interest in the proper interpretation and application of Section 13(d) of the Securities Exchange Act of 1934 and the meaning of "group" under Section 13(d)(3) and Rule 13d-5, which is squarely at issue in this case. Investment managers routinely engage in lawful, independent investment activity—including due diligence, parallel negotiations with issuers, and market-standard communications with placement agents and other investors—that is fundamental to capital formation and market efficiency. For decades, market participants have understood that such conduct does not give rise to group status absent a knowing, voluntary agreement to act together.

As such, the Court's decision on this issue will have a profound impact on the alternative investment industry and on the investing public more generally. As the leading industry

2

organization advocating for investors and investment managers around the world, AIMA has the

well-informed experience, perspective and ability to provide the Court with crucial market context

that will assist it in making its decision.  The *amicus* therefore submits the proposed Brief of

Amicus Curiae to assist the Court with understanding and analyzing the critical issues before it.

Dated: April 29, 2025

**The motion for leave to file an amicus brief is GRANTED.**

**The Clerk of Court is respectfully directed to terminate the motion at Dkt. 332.**

**SO ORDERED.**

Arun Subramanian, U.S.D.J.
Date: April 30, 2026

**AKIN GUMP STRAUSS HAUER & FELD LLP**

*/s/ Douglas A. Rappaport*
Douglas A. Rappaport
Richard J. D'Amato
Madeleine R. Freeman
One Bryant Park
New York, NY 10036
darappaport@akingump.com
rdamato@akingump.com
mfreeman@akingump.com

*Attorneys for Amicus Curiae*

3