**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TODD AUGENBAUM,<br><br>        Plaintiff,<br><br>   v.<br><br>ANSON INVESTMENTS MASTER FUND LP; BRIO CAPITAL MASTER FUND LTD.; BRIO SELECT OPPORTUNITIES FUND, LP; CVI INVESTMENTS, INC.; EMPERY ASSET MASTER, LTD.; EMPERY DEBT OPPORTUNITY FUND, LP; EMPERY TAX EFFICIENT, LP; EMPERY ASSET MANAGEMENT, LP; IROQUOIS MASTER FUND LTD.; IROQUOIS CAPITAL INVESTMENT GROUP, LLC; L1 CAPITAL GLOBAL OPPORTUNITIES MASTER FUND; M3A LP; RICHARD MOLINSKY; and GENIUS BRANDS INTERNATIONAL, INC.,<br><br>        Defendants. | Civil Action No. 1:22-cv-00249-AS<br><br><br>**DEFENDANT RICHARD MOLINSKY'S INITIAL DISCLOSURES** |

Pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure (the "Federal Rules"), the Local Rules of the United States District Court for the Southern and Eastern Districts of New York (the "Local Rules"), and the Individual Practices in Civil Cases of this Court (the "Individual Practices"), Defendant Richard Molinsky (the "Defendant"), by and through counsel Stinson LLP, submits the following initial disclosures.

Nothing in these disclosures shall constitute an admission, concession, or waiver with respect to any issues of fact or law, or any claim or defense, whether procedural or substantive. Moreover, by making these disclosures, Defendant does not concede the relevance or admissibility of any of the information provided, nor waive the assertion of any applicable privilege or other proper bases upon which information may be withheld.  Defendant reserves the right to object to any prior and/or subsequent discovery request propounded by Plaintiff or other defendants, even if such requests directed to subject matters described herein. These initial disclosures are based on information reasonably available to Defendant at this time. Defendant reserves the right to

supplement or amend these disclosures in light of further discovery and investigation and/or procedural developments in the case. Defendant will identify any testifying expert witness as required by and under the time frame established pursuant to the Federal Rules and the scheduling order imposed by the Court.

Defendant construes the requirements of Rule 26(a)(1) of the Federal Rules not to require the production of any information or documents protected by the attorney-client privilege, the legal professional privilege, the work-product doctrine, the joint-defense or common-interest privilege, applicable privacy laws, or any other applicable privilege, immunity, doctrine, right of privacy, or protection from disclosure, or that constitute settlement communications regarding this matter. Defendant intends to and does assert a privilege with respect to all such information and documents, and inadvertent disclosure thereof shall not constitute a waiver of any such privilege.

## DISCLOSURES

**I.     INDIVIDUALS – RULE 26(A)(1)(A)(I): The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

Subject to the limitations and explanations set forth above, Defendant identifies the following persons reasonably believed to be likely to have discoverable information that Defendant may use to support its defenses, excluding information which Defendant might use solely for impeachment. These individuals may possess knowledge about the allegations in the Complaint and certain of the topics referenced in the documents described in Section II below. By indicating the general subject matter of information these individuals may possess, Defendant is not limiting the right to call any individual listed to testify concerning other subjects. Provision of this information is for reference only and Defendant is not aware whether any of the individuals listed below (other than Defendant) have consented to the jurisdiction of this Court.

1.      Defendant Richard Molinsky, c/o undersigned counsel; individual investor on his personal behalf; information regarding his investment in Genius Brands' securities, the terms of such investment transactions and the negotiations thereof.

2.      Plaintiff Todd Augenbaum, c/o counsel of record; information regarding the allegations in the Amended Complaint.

3.      Special Equities Group, Inc., through its employees or representatives, including Joe Reda and Jonathan L. Schechter; 1 Wolfs Lane - Suite 316, Pelham, New York 10803; investment in Genius Brands' securities, the terms of such investment transactions and the negotiations thereof.

4.      Other Defendants, c/o counsel of record, through their executives, employees, agents or advisors; investment in Genius Brands' securities, the terms of such investment transactions and the negotiations thereof.

5.      Kartoon Studios, Inc. f/k/a Genius Brands International, Inc., c/o counsel of record; transactions involving the investment in Genius Brands' securities, the terms therefor and negotiations thereof.

In addition, Defendant incorporates by reference all individuals disclosed by Plaintiff and other Defendants in their Rule 26(a)(1) disclosures to the extent they may possess information that Defendant may use to support its defenses. Defendant also reserves the right to seek and rely on discoverable information from sources identified in Plaintiff's and other Defendants' subsequent discovery responses, whether or not those individuals are now known to Defendant. Defendant further reserves the right to seek discovery from, and relating to, all other persons that may subsequently become known as persons likely to have discoverable information relevant to this matter, whether or not those individuals are now known to Defendant, and to call such persons as witnesses at trial. Defendant also reserves the right to call as witnesses individuals in addition to those identified herein to the extent such witnesses are required to lay the foundation for any

3

document, authenticate an exhibit offered into evidence, or establish chain of custody of an exhibit offered into evidence. Defendant will identify any testifying expert witnesses as required by Rule 26(a)(2) and any applicable Local Rules, or Individual Practices.

In making these disclosures, Defendant does not waive its right to object, pursuant to the Federal Rules, the Local Rules, or the Individual Practices to the deposition or testimony of any individual or entity, including those identified above. Defendant does not authorize communication by Plaintiff, or any other party or their representatives or counsel, with current or former agents, employees or consultants of Defendant (if any), and nothing herein should be construed to authorize Plaintiff or any other party to contact any individuals where such contact would violate applicable law, abridge any rule of professional conduct, induce the breach of any contract, or infringe any confidentiality agreement, privilege, or other protection.

**II.     DOCUMENTS – RULE 26(A)(1)(A)(II): A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Subject to the limitations and explanations set forth above, Defendant provides the following descriptions, by category, of documents, data compilations, and tangible things that Defendant has in its possession, custody, or control and may use to support its defenses in this lawsuit, excluding documents which Defendant might use solely for impeachment. All documents and electronic communications that Defendant may use to support its claims or defenses are preserved in Defendant's individual custody.

1.     Documents, communications, reports, and other data regarding Genius Brands' securities and Defendant's investments in such securities.

2.     Documents and communications relating to the Securities Purchase Agreement dated March 11, 2020, at issue in this action, and ancillary agreements executed in connection therewith, including, but not limited to, the Lock-Up Agreement entered

into by Genius Brands and certain of its management-related stockholders, the Master Netting Agreement entered into by Defendants, the Voting Agreement entered into by certain management-related stockholders of Genius Brands, the Conversion Agreement entered into by Genius Brands and holders of its convertible notes and warrants, and the Leak-Out Agreement entered into by holders of Genius Brands convertible notes and warrants.

3.   Documents and communications regarding Genius Brands, including as to its business and finances.

In addition, documents, electronically stored information, and tangible things disclosed and produced by Plaintiff and other Defendants in this litigation may also be used by Defendant to support its defenses.  Defendant reserves the right to object to the relevance or admissibility of any documents offered by Plaintiff or any other party for any purpose.

Defendant's evaluation of documents and electronic communications relevant to this matter and information that it may use to support its defenses is ongoing, and Defendant expressly reserves the right to supplement this identification of documents in accordance with the Federal Rules, the Local Rules, and the Individual Practices.  In addition to documents that Defendant produces, Defendant may rely on publicly available documents and on documents produced by Plaintiff, other Defendants, or third parties to support its defenses.  Defendant expects that the parties may retain experts and that those experts may identify documents used to support their opinions pertaining to the issues in this case in the course of expert discovery. These disclosures do not include expert materials that may be or may have been developed.  Disclosures concerning any such materials will be made, as appropriate, pursuant to Federal Rule 26(a)(2) and, the court's directives. Defendant makes this disclosure without waiver of any privileges or work product protection. Moreover, production of these documents does not constitute a waiver to any objection or an admission that they are necessarily relevant or otherwise admissible in evidence.

In addition, documents, electronically stored information, and tangible things disclosed and produced by Plaintiff and other Defendants in this litigation may also be used by Defendant to support its defenses. Defendant reserves the right to object to the relevance or admissibility of any documents offered by Plaintiff or any other party for any purpose.

**III.    DAMAGES COMPUTATION – RULE 26(A)(1)(A)(III): A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Defendant has not asserted any claims for damages in this action and therefore, has no information to provide in response to Fed. R. Civ. 26(a)(1)(A)(i).

**IV.    INSURANCE COVERAGE – RULE 26(A)(1)(A)(IV): For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Defendant has no information to provide in response to Fed. R. Civ. 26(a)(1)(A)(iv).

Dated: February 23, 2024                              **STINSON LLP**

*/s/ Kieran M. Corcoran*
Kieran M. Corcoran (KC 4935)
100 Wall Street, Suite 201
New York, NY 10005
(646) 883-7480
kieran.corcoran@stinson.com

*Attorneys for Defendant Richard Molinsky*

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 23rd day of February, 2024, I caused a true and copy of the foregoing document to be served via email on all counsel of record.

*/s/ Kieran M. Corcoran*
Kieran M. Corcoran