**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

TODD AUGENBAUM,

               Plaintiff,

               v.

ANSON INVESTMENTS MASTER FUND LP;
BRIO CAPITAL MASTER FUND LTD.; BRIO
SELECT OPPORTUNITIES FUND, LP; CVI
INVESTMENTS, INC.; EMPERY ASSET
MASTER, LTD.; EMPERY DEBT
OPPORTUNITY FUND, LP; EMPERY TAX
EFFICIENT, LP; IROQUOIS MASTER FUND
LTD.; IROQUOIS CAPITAL INVESTMENT
GROUP, LLC; L1 CAPITAL GLOBAL
OPPORTUNITIES MASTER FUND; M3A LP;
RICHARD MOLINSKY, and; GENIUS
BRANDS INTERNATIONAL, INC.,

               Defendants.

Civil Action No. 1:22-cv-00249-AS

---

**DEFENDANTS IROQUOIS MASTER FUND LTD. AND IROQUOIS CAPITAL**
**INVESTMENT GROUP, LLC'S INITIAL DISCLOSURES**
**PURSUANT TO RULE 26(a)(1)(A)**

Defendants Iroquois Master Fund Ltd. and Iroquois Capital Investment Group, LLC (collectively, "Iroquois"), by and through undersigned counsel, hereby submit these Initial Disclosures pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure (the "Federal Rules") and the Local Rules of the United States District Court for the Southern District of New York (the "Local Rules").

By making these disclosures, Iroquois does not concede the relevance or admissibility of any of the information provided, nor waive the assertion of any applicable privilege or other proper bases upon which information may be withheld. Iroquois reserves the right to object to any subsequent discovery request by Plaintiff, even if directed to subject matters described herein. These initial disclosures are based on information reasonably available to Iroquois at this time. Iroquois reserves the right to supplement or amend these disclosures in light of further discovery and investigation and/or procedural developments in the case, but does not assume any obligation to do so beyond that imposed by the Federal Rules.

Iroquois construes the requirements of Rule 26(a)(1) of the Federal Rules not to require the production of any information or documents protected by the attorney-client privilege, the legal professional privilege, the work-product doctrine, the joint-defense or common-interest privilege, United States or foreign bank disclosure or foreign bank secrecy laws, United States or foreign data privacy laws, confidential orders or implied undertakings in other actions or any other applicable privilege, immunity, doctrine, right of privacy, or protection from disclosure, or that constitute settlement communications regarding this matter. Iroquois intends to and does assert a privilege with respect to all such information and documents, and inadvertent disclosure thereof shall not constitute a waiver of any such privilege.

Iroquois does not waive its right to retain consultants and to designate testifying experts who may rely upon documents or information not identified below.

## I.    INDIVIDUALS – RULE 26(A)(1)(A)(I)

Subject to the limitations and explanations set forth above, Iroquois identifies the following persons likely to have discoverable information that Iroquois may use to support its defenses, excluding information which Iroquois might use solely for impeachment.  These individuals may possess knowledge about the allegations in the Complaint and certain of the topics referenced in the documents described in Section II below.  By indicating the general subject matter of information these individuals may possess, Iroquois is not limiting the right to call any individual listed to testify concerning other subjects.  Provision of this information is for reference only and none of the individuals listed below have consented to the jurisdiction of this Court.

1.    Current members of Iroquois.  Each of these individuals should be contacted, if at all, through counsel for Iroquois:  Latham & Watkins LLP (Attn: William O. Reckler), 1271 Avenue of the Americas, New York, New York 10020, (212) 906-1803.

| Name | Position | Subject Matter |
| --- | --- | --- |
| Richard Abbe | Principal, Managing Partner | Information regarding Iroquois' investments in Genius Brands' securities |
| Leo Abbe | Chief Risk Officer, Partner | Information regarding Iroquois' investments in Genius Brands' securities |
| Kimberly Page | Chief Operating Officer, Compliance Officer | Information regarding Iroquois' investments in Genius Brands' securities |

Iroquois identifies below other parties likely to have discoverable information that it may use to support its defenses.  Iroquois believes that these parties may be reached through their counsel of record, unless otherwise noted below.

3

1.  Plaintiff Todd Augenbaum.

2.  Anson Investments Master Fund LP, Brio Capital Master Fund Ltd., Brio Select Opportunities Fund, LP, CVI Investments, Inc., Empery Asset Master, Ltd., Empery Debt Opportunity Fund, LP, Empery Tax Efficient, LP, L1 Capital Global Opportunities Master Fund, M3A LP, and Richard Molinsky (collectively, with Iroquois, "Defendants").

3.  Kartoon Studios, Inc. f/k/a Genius Brands International, Inc. ("Genius Brands").

4.  Special Equities Group, LLC, which may be reached at 1 Wolfs Lane, Suite 316, Pelham, New York 10803.

In addition, Iroquois incorporates by reference all individuals disclosed by Plaintiff in his Rule 26(a)(1) disclosures to the extent they may possess information that Iroquois may use to support its defenses. Iroquois also reserves the right to seek and rely on discoverable information from sources identified in Plaintiff's subsequent discovery responses, whether or not those individuals are now known to Iroquois. Iroquois further reserves the right to seek discovery from, and relating to, all other persons that may subsequently become known as persons likely to have discoverable information relevant to this matter, whether or not those individuals are now known to Iroquois, and to call such persons as witnesses at trial. Iroquois also reserves the right to call as witnesses individuals in addition to those identified herein to the extent such witnesses are required to lay the foundation for any document, authenticate an exhibit offered into evidence, or establish chain of custody of an exhibit offered into evidence. Iroquois will identify any testifying expert witnesses as required by Rule 26(a)(2) and any applicable Local Rules.

In making these disclosures, Iroquois does not waive its right to object, pursuant to the Federal Rules and/or the Local Rules, to the deposition or testimony of any individual or entity,

including those identified above.  Iroquois does not authorize communication by Plaintiff, or any other party or their representatives or counsel, with current or former employees or consultants of Iroquois, and nothing herein should be construed to authorize Plaintiff or any other party to contact any individuals where such contact would violate applicable law, abridge any rule of professional conduct, induce the breach of any contract, or infringe any confidentiality agreement.

## II.    DOCUMENTS – RULE 26(A)(1)(A)(II)

Subject to the limitations and explanations set forth above, Iroquois provides the following descriptions, by category, of documents, data compilations, and tangible things that Iroquois has in its possession, custody, or control and may use to support its defenses in this lawsuit, excluding documents which Iroquois might use solely for impeachment.  All electronic communications that Iroquois may use to support its claims or defenses are preserved in Iroquois' digital archive.

1.    Documents, communications, reports, and other data regarding Genius Brands' securities and Iroquois' investments in such securities.

2.    Documents and communications relating to the Securities Purchase Agreement dated March 11, 2020, at issue in this action, and ancillary agreements executed in connection therewith, including, but not limited to, the Lock-Up Agreement entered into by Genius Brands and certain of its management-related stockholders, the Master Netting Agreement entered into by Defendants, the Voting Agreement entered into by certain management-related stockholders of Genius Brands, the Conversion Agreement entered into by Genius Brands and holders of its convertible notes and warrants, and the Leak-Out Agreement entered into by holders of Genius Brands convertible notes and warrants.

3.    Documents and communications regarding Genius Brands, including as to its business and finances.

In addition, documents, electronically stored information, and tangible things disclosed and produced by Plaintiff and other Defendants in this litigation may also be used by Iroquois to support its defenses. Iroquois reserves the right to object to the relevance or admissibility of any documents offered by Plaintiff or any other party for any purpose.

Iroquois's evaluation of documents relevant to this matter and information that it may use to support its defenses is ongoing, and Iroquois expressly reserves the right to supplement this identification of documents in accordance with the Federal Rules and/or the Local Rules. In addition to documents that Iroquois produces, Iroquois may rely on publicly available documents and on documents produced by Plaintiff, other Defendants, or third parties to support its defenses. Iroquois expects that the parties may retain experts and that those experts may identify documents used to support their opinions pertaining to the issues in this case in the course of expert discovery. These disclosures do not include expert materials that may be or may have been developed. Disclosures concerning any such materials will be made, as appropriate, pursuant to Federal Rule 26(a)(2). Iroquois makes this disclosure without waiver of any privileges or work product protection. Moreover, production of these documents does not constitute a waiver to any objection or an admission that they are necessarily relevant or otherwise admissible in evidence.

## III.    DAMAGES COMPUTATION – RULE 26(A)(1)(A)(III)

Iroquois denies that it has caused damages to Plaintiff and does not currently claim damages in this action. Iroquois reserves the right to assert any claims, counterclaims, or third-party claims for damages, as well as the right to seek attorneys' fees, costs, and disbursements to the extent permitted under applicable law.

**IV.     INSURANCE COVERAGE – RULE 26(A)(1)(A)(IV)**

Iroquois will make available for inspection and copying upon request the following

insurance agreement under which an insurance business may be liable to satisfy all or part of a

possible judgment in the action or to indemnify or reimburse for payments made to satisfy a

judgment: Travelers Casualty and Surety Company of America, Policy No. 107351212.

Dated:  February 22, 2024
New York, New York

LATHAM & WATKINS LLP

By:  _/s/ *William O. Reckler*_____

William O. Reckler
Hanyu (Iris) Xie
1271 Avenue of the Americas
New York, New York 10020
Tel:  (212) 906-1803
william.reckler@lw.com
iris.xie@lw.com

*Attorneys for Defendants Iroquois Master Fund Ltd. and Iroquois Capital Investment Group, LLC*