**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

TODD AUGENBAUM,

                Plaintiff,

                v.

ANSON INVESTMENTS MASTER FUND LP;
BRIO CAPITAL MASTER FUND LTD.; BRIO
SELECT OPPORTUNITIES FUND, LP; CVI
INVESTMENTS, INC.; EMPERY ASSET
MASTER, LTD.; EMPERY DEBT
OPPORTUNITY FUND, LP; EMPERY TAX
EFFICIENT, LP; IROQUOIS MASTER FUND
LTD.; IROQUOIS CAPITAL INVESTMENT
GROUP, LLC; L1 CAPITAL GLOBAL
OPPORTUNITIES MASTER FUND; M3A LP;
RICHARD MOLINSKY, and; GENIUS
BRANDS INTERNATIONAL, INC.,

                Defendants.

Civil Action No. 1:22-cv-00249-AS

**DEFENDANT L1 CAPITAL GLOBAL OPPORTUNITIES MASTER FUND'S INITIAL**
**DISCLOSURES  PURSUANT TO RULE 26(a)(1)(A)**

Defendant L1 Capital Global Opportunity Master Fund ("L1 Capital"), by and through undersigned counsel, hereby submits these Initial Disclosures pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure (the "Federal Rules") and the Local Rules of the United States District Court for the Southern District of New York (the "Local Rules").

## RESERVATION OF RIGHTS

These Initial Disclosures are based upon the information and documents currently known or readily available to L1 Capital at this time. L1 Capital reserves the right to amend these Initial Disclosures as it deems necessary or appropriate during the course of this litigation. L1 Capital reserves all privileges and objections as to the relevance, materiality, or admissibility of evidence in this action or any other action or proceeding. L1 Capital reserves the right to supplement or amend these disclosures in light of further discovery and investigation and/or procedural developments in the case, but does not assume any obligation to do so beyond that imposed by the Federal Rules. L1 Capital reserves all rights with respect to the attorney-client privilege, the legal professional privilege, the work-product doctrine, the joint-defense or common-interest privilege, United States or foreign bank disclosure or foreign bank secrecy laws, United States or foreign data privacy laws, confidential orders or implied undertakings in other actions or any other applicable privilege, immunity, doctrine, right of privacy, or protection from disclosure, or that constitute settlement communications regarding this matter.

**Fed. R. Civ. P. 26(a)(1)(A)(i): The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

2

Subject to the limitations and explanations set forth above, L1 Capital identifies the following persons likely to have discoverable information that L1 Capital may use to support its defenses. These individuals may possess knowledge about the allegations in the Complaint.

1.    David Feldman. Mr. Feldman is a Portfolio Manager at L1 Capital. Mr. Feldman has information regarding L1 Capital's investments in Genius Brands' securities. Mr. Feldman should be contacted, if at all, through counsel for L1 Capital: Phillips Nizer LLP (Attn: Jared R. Clark), 485 Lexington Avenue, 14th Floor, New York, New York 10017, (212) 841-0514.

L1 Capital identifies below other parties likely to have discoverable information that it may use to support its defenses. L1 Capital believes that these parties may be reached through their counsel of record.

1.    Plaintiff Todd Augenbaum.

2.    Anson Investments Master Fund LP, Brio Capital Master Fund Ltd., Brio Select Opportunities Fund, LP, CVI Investments, Inc., Empery Asset Master, Ltd., Empery Debt Opportunity Fund, LP, Empery Tax Efficient, LP, Iroquois Master Fund Ltd., Iroquois Capital Investment Group, LLC, M3A LP, and Richard Molinsky (collectively, with L1 Capital, "Defendants").

3.    Kartoon Studios, Inc. f/k/a Genius Brands International, Inc. ("Genius Brands").

L1 Capital may also use any person, witness, or potential witness, or any information derived from such person, that is identified by Plaintiff in his Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1), in response to any interrogatory or discovery request, in connection with depositions, or in any other manner, and L1 Capital incorporates such persons into these Initial Disclosures as if specifically identified herein. L1 Capital also reserves the right

3

to call as witnesses individuals in addition to those identified herein to the extent such witnesses are required to lay the foundation for any document, authenticate an exhibit offered into evidence, or establish chain of custody of an exhibit offered into evidence. L1 Capital will identify any testifying expert witnesses as required by Rule 26(a)(2) and any applicable Local Rules.

In making these disclosures, L1 Capital does not waive its right to object, pursuant to the Federal Rules and/or the Local Rules, to the deposition or testimony of any individual or entity, including those identified above. L1 Capital does not authorize communication by Plaintiff, or any other party or their representatives or counsel, with current or former employees or consultants of L1 Capital, and nothing herein should be construed to authorize Plaintiff or any other party to contact any individuals where such contact would violate applicable law, abridge any rule of professional conduct, induce the breach of any contract, or infringe any confidentiality agreement.

**Fed. R. Civ. P. 26(a)(1)(A)(ii): A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Subject to the limitations and explanations set forth above, L1 Capital provides the following descriptions, by category, of documents, data compilations, and tangible things that L1 Capital has in its possession, custody, or control and may use to support its defenses in this lawsuit, excluding documents which L1 Capital might use solely for impeachment.

1. Documents and communications regarding L1 Capital's investments in Genius Brands' securities.

2. Documents and communications relating to the Securities Purchase Agreement dated March 11, 2020, at issue in this action, and ancillary agreements executed in connection therewith.

4

3.    Documents and communications regarding Genius Brands, including as to its business and finances.

In addition, documents, electronically stored information, and tangible things disclosed and produced by Plaintiff, other defendants, and third parties, in this litigation, as well as publicly available documents, may also be used by L1 Capital to support its defenses.  I

**Fed. R. Civ. P. 26(a)(1)(A)(iii): A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

L1 Capital does not currently claim damages in this action.  L1 Capital reserves the right to assert any claims, counterclaims, or third-party claims for damages, as well as the right to seek attorneys' fees, costs, and disbursements to the extent permitted under applicable law.

**Fed. R. Civ. P. 26(a)(1)(A)(iv): For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

L1 Capital has not identified any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy a judgment.

Dated: February 22, 2024
      New York, New York

PHILLIPS NIZER LLP

By: _____

Jared R. Clark
485 Lexington Avenue
14th Floor
New York, New York 10017
Tel: (212) 841-0514
jared.clark@phillipsnizer.com

*Attorneys for Defendant L1 Capital Global Opportunities Master Fund*