**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

TODD AUGENBAUM,

        Plaintiff,

   v.

ANSON INVESTMENTS MASTER FUND LP;
BRIO CAPITAL MASTER FUND LTD.; BRIO
SELECT OPPORTUNITIES FUND, LP; CVI
INVESTMENTS, INC.; EMPERY ASSET
MASTER, LTD.; EMPERY DEBT
OPPORTUNITY FUND, LP; EMPERY TAX
EFFICIENT, LP; EMPERY ASSET
MANAGEMENT, LP; IROQUOIS MASTER
FUND LTD.; IROQUOIS CAPITAL
INVESTMENT GROUP, LLC; L1 CAPITAL
GLOBAL OPPORTUNITIES MASTER FUND;
M3A LP; RICHARD MOLINSKY,

        Defendants,

   -and-

KARTOON STUDIOS, INC.,

        Nominal Defendant.

Civil Action No. 1:22-cv-00249-AS

<u>**ORAL ARGUMENT REQUESTED**</u>

## MEMORANDUM OF LAW IN SUPPORT OF RICHARD MOLINSKY'S <u>MOTION IN LIMINE</u>

Dated: May 4, 2026

**STINSON LLP**
Kieran M. Corcoran
Nicole Khalouian
140 Broadway, Suite 2330
New York, NY 10005
(646) 883-7480
kieran.corcoran@stinson.com
nicole.khalouian@stinson.com

*Attorneys for Defendant Richard Molinsky*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ............................................................................................... 1

LEGAL STANDARD............................................................................................................... 2

ARGUMENT ............................................................................................................................ 3

I.  PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING ALL EVIDENCE RELATED TO MR. MOLINSKY'S CRIMINAL HISTORY ............................................... 3

    A.    The Prior Convictions Serve No Proper Purpose Under Rule 404(b) ................... 4

    B.    The SEC Order And Administrative Proceeding Serve No Proper Purpose Under Rule 404(b) ....................................................................................................... 6

    C.    The Prior Convictions and Administrative History Are Not Relevant and Their Prejudicial Effect Substantially Outweighs Any Probative Value ........................ 8

II.  PLAINTIFF SHOULD BE PRECLUDED FROM USING ALL EVIDENCE OF MR. MOLINSKY'S CRIMINAL HISTORY FOR IMPEACHMENT PURPOSES .................... 9

CONCLUSION...................................................................................................................... 12

**Cases**

*In re Alder, Coleman Clearing Corp.*,
No. 95-08203 (JLG), 1998 WL 160036 (Bankr. S.D.N.Y. Apr. 3, 1998) ................................6

*Crosby v. City of New York*,
269 F.R.D. 267 (S.D.N.Y. 2010) ...........................................................................................11

*Daniels v. Loizzo*,
986 F. Supp. 245 (S.D.N.Y. 1997) ..........................................................................................9

*Ferreria v. Palladium Realty Partners*,
160 Misc. 2d 841 (Sup. Ct. N.Y. Cnty. 1994) ......................................................................11

*Huddleston v. United States*,
485 U.S. 681 (1988) ..............................................................................................................4, 8

*Palmeri v. Defaria*,
88 F.3d 136 (2d Cir. 1996) .......................................................................................................2

*People v. Florentino*,
116 Misc. 2d 692 (Crim. Ct. N.Y. Cnty. 1982) ......................................................................5

*People v. Jaime S.*,
59 Misc. 3d 472 (Sup. Ct. N.Y. Cnty. 2018) ........................................................................10

*People v. Jones*,
32 N.Y.3d 1146 (2018) .............................................................................................................5

*People v. N.N.*,
58 Misc. 3d 610 (Sup. Ct. Queens Cnty. 2017) ....................................................................10

*People v. Witherspoon*,
211 A.D.3d 108 (2d Dep't 2022) ...........................................................................................10

*Rasbach v. Bradt*,
No. 96-CV-1438, 1997 WL 309415 (N.D.N.Y. June 2, 1997)...............................................11

*Stephen v. Hanley*,
No. 03-CV-6226 (KAM) (LB), 2009 WL 1471180 (E.D.N.Y. May 21, 2009) .....................11

*United States v. Bailey*,
696 F.3d 794 (9th Cir. 2012) ...................................................................................................7

*United States v. Barrett*,
153 F. Supp. 3d 552 (E.D.N.Y. 2015) ...................................................................................5

*United States v. Beaulieau*,
959 F.2d 375 (2d Cir. 1992)...............................................................................................11

*United States v. Cook*,
557 F.2d 1149 (5th Cir. 1977) ..............................................................................................6

*United States v. Curley*,
639 F.3d 50 (2d Cir. 2011)...............................................................................................4, 8

*United States v. Donovan*,
577 F. Supp. 3d 107 (E.D.N.Y. 2021) ..................................................................................8

*United States v. Franzone*,
No. 21-CR-446 (VSB), 2025 WL 1094496 (S.D.N.Y. Apr. 11, 2025) ..................................5

*United States v. Garcia*,
291 F.3d 127 (2d Cir. 2002)..................................................................................................6

*United States v. Hayes*,
553 F.2d 824 (2d Cir. 1977)................................................................................................10

*United States v. Hsu*,
669 F.3d 112 (2d Cir. 2012)..................................................................................................4

*United States v. Levy*,
731 F.2d 997 (2d Cir. 1984)..................................................................................................9

*United States v. Mahler*,
579 F.2d 730 (2d Cir. 1978)............................................................................................9, 10

*United States v. McCallum*,
584 F.3d 471 (2d Cir. 2009)...............................................................................................4, 8

*United States v. Perez*,
387 F.3d 201 (2d Cir. 2004)..................................................................................................2

*United States v. Pugh*,
162 F. Supp. 3d 97 (E.D.N.Y. 2016), *aff'd*, 937 F.3d 108 (2d Cir. 2019)............................2

*United States v. Slaughter*,
248 F. App'x 210 (2d Cir. 2007) ...........................................................................................3

**Statutes**

N.Y. Crim. Proc. Law § 160.55 .............................................................................................11

N.Y. Crim. Proc. Law § 160.59 ................................................................................10

N.Y. Gen. Oblig. Law § 352 ...................................................................................1

N.Y. Penal Law § 460.20.....................................................................................1, 5

15 U.S.C. § 78...................................................................................................4, 7

**Rules**

Fed. R. Evid. 105 ........................................................................................3, 9, 12

Fed. R. Evid. 402 ......................................................................................1, 2, 3, 8

Fed. R. Evid. 403 ......................................................................................1, 3, 8, 9

Fed. R. Evid. 404 ..............................................................................1, 2, 3, 4, 6, 7, 9

Fed. R. Evid. 609 ..............................................................................1, 3, 9, 10, 11

## PRELIMINARY STATEMENT

Rather than proving his case on the merits, Plaintiff seeks to taint the jury with evidence of defendant Richard Molinsky's ("Mr. Molinsky" or "Defendant") 23-year-old criminal convictions that have no bearing on Plaintiff's claims. Plaintiff proposes to admit testimony or evidence of: (1) Mr. Molinsky's February 13, 2002 convictions for Attempt to Commit the Crime of Enterprise Corruption and Martin Act securities fraud; (2) the subsequent 2003 Securities and Exchange Commission ("SEC") administrative proceeding and order ("SEC Order") barring him from association with brokers or dealers (PX-1)[1]; (3) testimony regarding the revocation of his broker license; and (4) compliance with regulatory reporting obligations arising from the infractions described herein. This evidence is inadmissible under Federal Rules of Evidence ("FRE" or "Rule") 404(b), 402, 403, and 609.

Plaintiff's single cause of action under Section 16(b), alleges that Defendants acted as a "group" by investing in Genius Brands International, Inc. (now known as Kartoon Studios, Inc.) ("Genius"), and demands disgorgement of their profits. Of the eight Defendants, Mr. Molinsky is the only individual investor in Genius. Plaintiff broadly claims that Defendants collectively owned more than 10% of Genius stock and acted in concert to generate short-swing profits. The case involves straightforward questions of group formation under Section 13(d) and coordinated trading under Section 16(b).

Mr. Molinsky's criminal history bears no resemblance to these allegations. In February 2002, Mr. Molinsky pleaded guilty in New York County Supreme Court to Attempted Enterprise Corruption, in violation of Penal Law §§ 110—460.20, a C Felony, and one count of Martin Act Securities Fraud, an E Felony, in violation of General Business Law § 352. Subsequently, the SEC

---

[1] PX-1 is attached as an exhibit to the Transmittal Declaration of Kieran M. Corcoran, Esq., filed herewith.

commenced an administrative proceeding in May 2003 that resulted in an order barring Mr. Molinsky from associating with any broker or dealer. The convictions were sealed in 2022. What Mr. Molinsky did over 20 years ago involved different legal violations with distinct elements and provides no basis to infer that he formed an investment group and engaged in coordinated trading with seven other defendants in 2020. The only similarity is that both matters involve "securities", but that superficial connection cannot overcome the evidentiary rules' prohibition on propensity evidence.

Plaintiff's real purpose is to paint Mr. Molinsky as a securities law violator so the jury will conclude that he must have violated the law again. This is the type of propensity inference that Rule 404(b) forbids. The danger of unfair prejudice is particularly acute here because Mr. Molinsky successfully petitioned to have these convictions sealed in 2022 after a New York court found that he had rehabilitated himself, reintegrated into society, and lived a law-abiding life. This Court should honor that determination and preclude all evidence relating to: (1) the criminal convictions themselves; (2) any plea agreements, judgments, or court records related to his sealed criminal case; (3) the SEC Order barring his association with any broker or dealer; (4) any and all regulatory filings, enforcement actions, records, or compliance documentation arising from or related to the matters set forth herein; and (5) any testimony, documents, or references to the above.

## **LEGAL STANDARD**

"The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmeri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal quotation omitted). "As a general matter, all relevant evidence is admissible under the Federal Rules of Evidence unless specifically excluded." *United States v. Perez*, 387 F.3d 201, 209 (2d Cir. 2004) (citing Fed. R. Evid. 402). It is the movant's burden to

2

establish that the evidence is not admissible for any purpose. *See United States v. Pugh*, 162 F. Supp. 3d 97, 101 (E.D.N.Y. 2016), *aff'd*, 937 F.3d 108 (2d Cir. 2019). Relevant evidence should be excluded if "its probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needless presenting cumulative evidence." Fed. R. Evid. 403.

**ARGUMENT**

Plaintiff cannot introduce evidence of Mr. Molinsky's criminal history under any evidentiary rule. The convictions and related records are inadmissible under Rules 404(b), 402, and 403 because they serve no proper purpose, lack relevance, and are unfairly prejudicial. Additionally, all evidence about his convictions is inadmissible for impeachment purposes under Rule 609(b) because the convictions are more than 20 years old and because they fail Rule 609(b)'s heightened requirement that probative value substantially outweigh any prejudicial effect.

**I. PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING ALL EVIDENCE RELATED TO MR. MOLINSKY'S CRIMINAL HISTORY.**

Evidence of prior bad acts is not admissible unless it is offered for a proper purpose under FRE 404(b), is relevant under FRE 402, its probative value outweighs its prejudicial effect under FRE 403, and the Court gives a proper limiting instruction under FRE 105. *See United States v. Slaughter*, 248 F. App'x 210, 212 (2d Cir. 2007). Plaintiff seeks to introduce prejudicial evidence at trial of Mr. Molinsky's 2002 criminal convictions for Attempt to Commit the Crime of Enterprise Corruption and one count of Martin Act securities fraud, the subsequent administrative proceeding and SEC Order barring him from associating with brokers or dealers, testimony regarding the revocation of his broker license, and compliance with the regulatory disclosure obligations arising from these aged infractions. None of this evidence is admissible.

**A.      The Prior Convictions Serve No Proper Purpose Under Rule 404(b).**

Under FRE 404(b), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). "In other words, evidence that a defendant [has] committed a crime [in the past] … is not admissible to show that the defendant is a bad person who is therefore likely to be [liable in the current case]." *United States v. Hsu*, 669 F.3d 112, 118 (2d Cir. 2012); *see also United States v. McCallum*, 584 F.3d 471, 476 (2d Cir. 2009) ("prior convictions are far more likely to be received as potent evidence of propensity than other prior bad acts routinely offered under Rule 404(b) because they bear the imprimatur of the judicial system and indicia of official reliability"). The threshold inquiry a court must make before admitting similar act evidence under Rule 404(b) is whether that evidence is probative of a material issue other than character. *See Huddleston v. United States*, 485 U.S. 681, 686 (1988). Permissible purposes for introducing prior bad acts include proving "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "Where such evidence is offered for the purpose of establishing the defendant's knowledge or intent," the Second Circuit requires that plaintiff "identify a similarity or connection between the two acts that makes the prior act relevant to establishing knowledge of the current act." *McCallum*, 584 F.3d at 475. "To satisfy the relevance inquiry, the evidence must be sufficiently similar to the conduct at issue to permit the jury reasonably to draw from that act the [state of mind] inference advocated by the proponent of the evidence." *United States v. Curley,* 639 F.3d 50, 57 (2d Cir. 2011).

Plaintiff can neither establish the requisite similarity nor identify a proper, non-propensity purpose for which Mr. Molinsky's decades-old convictions could be offered under FRE 404(b). On February 13, 2002, Mr. Molinsky pleaded guilty to and was convicted of Attempt to Commit the

4

Crime of Enterprise Corruption and one count of Martin Act securities fraud.  This led to SEC

administrative proceedings under Section 15(b) of the Securities Exchange Act and the revocation

of his broker license the following year.  Unlike the prior convictions which necessarily involved

conduct requiring proof of fraudulent intent, deception, and scienter[2], the instant case alleges that

Mr. Molinsky and the other Defendants formed a group under Section 13(d) and engaged in

coordinated trading patterns in violation of Section 16(b).  These instant allegations concern only

regulatory disclosure obligations and impose strict liability regardless of intent.

Moreover, Plaintiff cannot link the underlying conduct of Mr. Molinsky's decades-old

convictions and SEC proceeding in any substantive way to the conduct alleged here such that

evidence of the prior bad acts would be probative of Mr. Molinsky's knowledge or intent now.  In

*United States v. Franzone*, the court admitted evidence of prior investment fraud because the

defendant used the same misrepresentations and targeted the same type of investors, with only four

years separating the prior acts from the charged conduct.  No. 21-CR-446 (VSB), 2025 WL

1094496, at *9 (S.D.N.Y. Apr. 11, 2025) (prior bad acts were "probative of [the defendant's]

opportunity to seek investors through the NASCAR community.").  Similarly, in *United States v.*

*Barrett*, admission of contemporaneous tax fraud evidence in a health care fraud prosecution was

warranted because the prior bad acts could help "prove defendant's plan, lack of mistake, and

knowledge that the funds were the proceeds of illegal activity."  153 F. Supp. 3d 552, 571 (E.D.N.Y.

2015).  Unlike *Franzone* and *Barrett*, the prior acts here are more than 20 years old, are neither

---

[2] Enterprise Corruption under New York Penal Law § 460.20 is New York's RICO statute, requiring proof of participation in an enterprise's affairs through a pattern of criminal activity. *See People v. Jones*, 32 N.Y.3d 1146, 1148 (2018) (outlining requirement to prove intent).  The Martin Act fraud conviction involved deceptive practices and fraudulent misrepresentations to investors. *See People v. Florentino*, 116 Misc. 2d 692, 700-01 (Crim. Ct. N.Y. Cnty. 1982) (conviction requires proof of "defendant's intentional or knowledgeable conduct.").

similar nor probative of the alleged conduct here, and thus provide no basis to infer that Mr. Molinsky formed an investment group to engage in coordinated trading 23 years later. There is no similarity in tactics, no similarity in the type of coordination alleged, no temporal proximity, and no integrated scheme. At best, both matters involve securities, but that superficial overlap is insufficient under Rule 404(b). *See United States v. Garcia*, 291 F.3d 127, 138 (2d Cir. 2002) (defendant's prior drug conviction was not probative of knowledge in a subsequent case because the only similarities between the acts was that they both involved cocaine).

Plaintiff cannot demonstrate how any aspect of Mr. Molinsky's prior conduct can be offered for a proper reason, like intent or knowledge in the instant case, or how it is relevant to the conduct alleged here. *See* Fed. R. Evid. 404(b)(2). The evidence serves only to suggest that because Mr. Molinsky violated securities laws in one way 23 years ago, he must have violated them in a different way now. This is straightforward propensity evidence that Rule 404(b) prohibits.

**B.      The SEC Order And Administrative Proceeding Serve No Proper Purpose Under Rule 404(b).**

Likewise, the SEC administrative proceeding and any associated records should not be introduced at trial for the same reasons as the underlying convictions. Additionally, the SEC Order should be excluded because Mr. Molinsky neither admitted nor denied the SEC's findings. Courts have found that when a defendant reaches a settlement with the SEC and neither admits nor denies the findings in the SEC proceeding, the resulting SEC Order cannot be later used against the defendant as a prior fraudulent or improper act. *See In re Alder, Coleman Clearing Corp.*, No. 95-08203 (JLG), 1998 WL 160036, at *8 (Bankr. S.D.N.Y. Apr. 3, 1998) (excluding an SEC Administrative Release as evidence under Rule 404(b) where the relevant party did not admit or deny the findings in the SEC document and the SEC accepted the party's settlement offer); *see also United States v. Cook*, 557 F.2d 1149, 1155 (5th Cir. 1977) (district court improperly admitted

injunction evidence from an SEC civil enforcement action one-year prior where defendant neither admitted nor denied the fraud alleged); *United States v. Bailey*, 696 F.3d 794, 800 (9th Cir. 2012) (same).

Here, the SEC Order states:

> Solely for the purpose of these proceedings and any other proceedings brought by or on behalf of the Commission, or to which the Commission is a party, and **without admitting or denying the findings herein**, except as to the Commission's jurisdiction over them and the subject matter of these proceedings, and the findings contained in Section III.2 below, which are admitted, the Respondents consent to the entry of this Order Instituting Administrative Proceedings Pursuant to Section 15(b) of the Securities Exchange Act of 1934, Making Findings, and Imposing Remedial Sanctions ("Order")…

*In re Robin Breitner, et al*., Exchange Act Release No. 47797, Admin. Proceeding File No. 3-11105 (May 5, 2003) (emphasis added). Section III.2 states in relevant part, "On February 13, 2002, in an action before the Supreme Court of the State of New York, County of New York, Molinsky pled guilty to and was convicted of the charge of Attempt to Commit the Crime of Enterprise Corruption and one count of Martin Act securities fraud (see People of New York v. D.H. Blair, et al., Ind. No. 3282/00)." *Id.* The SEC Order admits only that: (1) the SEC had jurisdiction over Mr. Molinsky and the subject matter of the proceedings, and (2) Mr. Molinsky pleaded guilty and was convicted of the crimes described above. The SEC order adds no probative value beyond the existence of Mr. Molinsky's convictions themselves. Thus, any accompanying public records of the proceeding or the resulting license revocation are intertwined with those convictions and cannot be offered for any proper purpose under Rule 404(b) for the same reasons described above.

**C.** **The Prior Convictions and Administrative History Are Not Relevant and Their Prejudicial Effect Substantially Outweighs Any Probative Value.**

Even if Plaintiff could articulate a proper purpose under Rule 404(b), evidence of Mr. Molinsky's convictions and SEC administrative proceeding should nonetheless be excluded under Rules 402 and 403. The proposed evidence is not relevant, and in any event, the danger of unfair prejudice substantially outweighs its probative value. *See McCallum*, 584 F.3d at 476 (The Second Circuit has "repeatedly held, prior convictions should not be admitted unless the court has carefully conducted the Rule 403 balancing test required by *Huddleston*"). Rule 403 requires the Court to exclude evidence whose probative value is substantially outweighed by the risk of unfair prejudice. *See* Fed. R. Evid. 403. "The evidence's probative value depends largely on whether or not there is a close parallel between the [conduct alleged] and the acts shown … [and] is unfairly prejudicial when it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence." *Curley*, 639 F.3d at 57 (internal quotations omitted).

There is no close parallel here. Plaintiff cannot demonstrate a probative reason to offer evidence of Mr. Molinsky's prior acts as they are irrelevant to proving knowledge, intent, or any element underlying Plaintiff's claims in this case. By contrast, the prejudicial effect would be severe. If this evidence is introduced, there is great risk that the jury will conclude that he is the *kind of person* who is liable for violations of securities laws alleged here. *See United States v. Donovan*, 577 F. Supp. 3d 107, 116 (E.D.N.Y. 2021) ("Based on this other acts evidence, the jury is likely to improperly infer Defendant's propensity to engage in drug trafficking, *i.e.*, because Defendant committed this same crime on other occasions, he must have committed it on the occasions charged in the Indictment."). The danger that the jury will find Mr. Molinsky liable based

8

on his conduct in 2002 rather than the allegations before it substantially outweighs any marginal probative value this stale evidence might offer.

Finally, if Plaintiff is permitted to introduce any evidence regarding Mr. Molinsky's convictions, the SEC administrative proceeding, his broker license revocation, or compliance with regulatory disclosure obligations arising therefrom, Defendant then requests that the Court give a limiting instruction pursuant to FRE 105. The instruction should direct "the jury that it must only use the evidence of other acts for the purposes for which it was offered and not as an indication of criminal propensity." *United States v. Levy*, 731 F.2d 997, 1002 (2d Cir. 1984) (citing Fed. R. Evid. 105).

## II. PLAINTIFF SHOULD BE PRECLUDED FROM USING ALL EVIDENCE OF MR. MOLINSKY'S CRIMINAL HISTORY FOR IMPEACHMENT PURPOSES.

Even if the Court were to exclude Mr. Molinsky's convictions as substantive evidence under FRE 404(b) and 403, Plaintiff may seek to introduce them for impeachment purposes should Mr. Molinsky testify. Such use is barred by FRE 609(b).

FRE 609 "governs the admissibility of criminal convictions for impeachment purposes in civil actions." *Daniels v. Loizzo*, 986 F. Supp. 245, 249 (S.D.N.Y. 1997). Under Rule 609(a)(2), "evidence that a witness has been convicted of a crime involving 'dishonesty or false statement' must be admitted regardless of the severity of the punishment or any resulting prejudice," however Rule 609(b) "erects a time limitation to the admissibility of convictions for impeachment purposes." *Id.* (citing Fed. R. Evid. 609(a)(2)). "[C]riminal convictions more than ten years old are not admissible for impeachment unless the court determines that, in the interest of justice, the probative value of the conviction substantially outweighs its prejudicial effect." *Id.* (citing Fed. R. Evid. 609(b)). FRE 609's reversed balancing test requires a significantly more demanding standard than that of FRE 403 because "it is intended that convictions over 10 years old will be admitted very

rarely and only in exceptional circumstances." *United States v. Mahler*, 579 F.2d 730, 735 (2d Cir. 1978). "Trial courts in the Second Circuit must make an 'on-the-record determination supported by specific facts and circumstances that the probative value of the evidence substantially outweighs its prejudicial effect' before admitting a conviction under Rule 609(b)." *Id.* (quoting *United States v. Mahler,* 579 F.2d 730, 736 (2d Cir.1978)).

Mr. Molinsky's convictions are over 20 years old and inadmissible unless their probative value substantially outweighs the prejudicial effect of their introduction. *See* Fed. R. Evid. 609(b)(1). Plaintiff cannot meet this exacting standard. Initially, impeachment by prior conviction serves to help the jury assess the witness's character for truthfulness. *United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977). The passage of more than two decades since Mr. Molinsky's convictions severely undermines any inference about Mr. Molinsky's credibility today. If the jury learned of Mr. Molinsky's history, even ostensibly for impeachment purposes, the prejudicial effect would be severe as it will inevitably be used for the forbidden propensity purpose when in reality, Mr. Molinsky has spent the past 20 years of his life rebuilding his reputation, volunteering in his community, supporting his wife and son, and leading an upstanding life.

To bolster this point, in 2022 Mr. Molinsky successfully petitioned the Supreme Court for the County of New York to have his convictions sealed pursuant to New York Criminal Procedure Law ("CPL") § 160.59. To grant sealing under CPL § 160.59, 10 years must have passed since sentencing the defendant, and the judge must consider factors such as whether the defendant was convicted of other crimes, the character of the defendant, any steps taken towards rehabilitation, participation in community service, whether the defendant has successfully reintegrated into

10

society, and the impact of sealing the defendant's record on public safety.[3] In sealing Mr. Molinsky's convictions, the New York court necessarily found that he satisfied each of these factors. The decision reflects a judicial determination based on specific findings about Mr. Molinsky's character, rehabilitation, and reintegration into society and that the public interest is better served by sealing these convictions than by keeping them publicly accessible. While this Court is not bound by the New York sealing order, it should give substantial weight to the state court's findings. *See Crosby v. City of New York*, 269 F.R.D. 267, 274-75 (S.D.N.Y. 2010) (State sealing statutes protect "important privacy interests" and federal courts should "recognize state privileges where [there is] no substantial cost to federal substantive and procedural policy."). The state court's determination that these convictions should be sealed after carefully considering Mr. Molinsky's character, rehabilitation, and reintegration, strongly supports the conclusion that they lack sufficient probative value to be admitted under Rule 609(b)'s heightened standard. *See United States v. Beaulieau*, 959 F.2d 375, 381 (2d Cir. 1992) (in the context of sentencing, the court found that the defendant "took all of the required steps to remove his prior burglary conviction from his record by moving to have that record sealed. The language of the statute indicates that the process of sealing was intended wholly to eliminate any trace of the past proceeding."); *Stephen v. Hanley*, No. 03-CV-6226 (KAM) (LB), 2009 WL 1471180, at *10 (E.D.N.Y. May 21, 2009) ("The court is mindful that these records are sealed, and to permit unconstrained examination of [plaintiff's]…adjudication would

---

[3] *See* N.Y. CPL § 160.59 (5), (7); *People v. Witherspoon*, 211 A.D.3d 108, 112-13 (2d Dep't 2022) (court must consider the factors listed in CPL § 160.59(7)(a)-(g)); *People v. Jaime S.*, 59 Misc. 3d 472, 474 (Sup. Ct. N.Y. Cnty. 2018) (evaluating the factors enumerated in the statute and granting sealing where "almost fifteen years have passed since he was convicted of these crimes…during which time he has led a stable and productive life" and "[h]e had no other criminal entanglements either before or after these events."); *People v. N.N.*, 58 Misc. 3d 610, 612 (Sup. Ct. Queens Cnty. 2017) (granting sealing where "[t]he defendant's 2006 conviction stands as an aberration to an otherwise exemplary law-abiding life…[and] [h]e has also achieved significant… professional accomplishments.").

potentially undermine the state's policies behind sealing the records."); *Rasbach v. Bradt*, No. 96-CV-1438, 1997 WL 309415, at \*4 (N.D.N.Y. June 2, 1997) (quoting *Ferreria v. Palladium Realty Partners*, 160 Misc. 2d 841, 842 (Sup. Ct. N.Y. Cnty. 1994)) (denying the plaintiff's request to access information in criminal records sealed pursuant to N.Y. CPL § 160.55 because "'assisting plaintiffs…in civil cases is not among the exceptions' to the statute's prohibition of access to the sealed records.").

Defendant respectfully requests that this Court honor Mr. Molinsky's sealed criminal record and prevent Plaintiff from introducing evidence of his convictions to the jury for any purpose.

**CONCLUSION**

It is respectfully requested that this Court issue an order preventing all information regarding Mr. Molinsky's criminal history from being introduced at trial for any purpose, including any and all evidence relating to: (1) the criminal convictions themselves; (2) any plea agreements, judgments, or court records related to his sealed criminal case; (3) the SEC Order barring his association with any broker or dealer; (4) any and all regulatory filings, enforcement actions, records, or compliance documentation arising from or related to the matters set forth herein; and (5) any testimony, documents, or references to the above.

If the Court declines to issue such an order, Defendant respectfully requests that the Court give a limiting instruction to the jury to only use any of the evidence described above for the purposes for which it was offered and not as an indication of criminal propensity, pursuant to FRE 105.

Dated: May 4, 2026

STINSON LLP

*/s/ Kieran M. Corcoran*
Kieran M. Corcoran
Nicole Khalouian
140 Broadway, Suite 2330
New York, NY 10005
(646) 883-7480
kieran.corcoran@stinson.com
nicole.khalouian@stinson.com

*Attorneys for Defendant Richard Molinsky*

## CERTIFICATE OF COMPLIANCE

I, Kieran M. Corcoran, an attorney duly admitted to practice before this Court, hereby certify pursuant to Local Rule 7.1(c) of the United States District Courts for the Southern District of New York ("Local Rules") and Rule 8(C) of Judge Arun Subramanian's Individual Practices in Civil Cases ("Individual Rules"), that the foregoing Memorandum of Law was prepared using Microsoft Word, and contains 3,733 words. In making this calculation, I have relied on the word count of the word-processing program used to prepare the document.

Dated: May 4, 2026

/s/ *Kieran M. Corcoran*
Kieran M. Corcoran