Sᴋᴀᴅᴅᴇɴ, Aʀᴘs, Sʟᴀᴛᴇ, Mᴇᴀɢʜᴇʀ & Fʟᴏᴍ ʟʟᴘ

ONE MANHATTAN WEST

NEW YORK, NY 10001

————

TEL: (212) 735-3000

FAX: (212) 735-2000

www.skadden.com

DIRECT DIAL
(212) 735-4132
EMAIL ADDRESS
SUSAN.SALTZSTEIN@SKADDEN.COM

FIRM/AFFILIATE OFFICES
————
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
————
ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SINGAPORE
TOKYO
TORONTO

May 5, 2026

**BY ECF**

Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

RE:     *Augenbaum v. Anson Investments Master Fund, LP*,
        No. 1:22-cv-0249-AS (S.D.N.Y.)

Dear Judge Subramanian:

On behalf of defendant CVI Investments, Inc., we write to provide an update to the Court following yesterday's telephonic conference concerning CVI's request to reschedule the jury trial scheduled to begin on June 8, 2026.  (*See* ECF No. 336.)

We very much appreciate the Court's prompt consideration of our request. After yesterday's conference, we immediately spoke with Plaintiff's counsel at length to address the issues raised by the Court during that conference.

For the reasons I discussed at the conference, CVI continues to believe that rescheduling the trial for later this year is the only option that will avoid significant unfair prejudice to CVI as it defends itself against a claim seeking more than $30 million.  Mr. Winer is the critical CVI witness with knowledge of the facts that the jury will be asked to find at trial with respect to CVI.  The jury's ability to consider Mr. Winer's testimony and evaluate his credibility will be crucial to CVI's defense. Defendants have indicated that they are amenable to CVI's request.

If the Court is not inclined to reschedule the trial, CVI would endeavor to make Mr. Winer available to testify at trial in open court during the week of June 15—either in person or by remote transmission, *see* Fed. R. Civ. P. 43(a)—as that appears to be the least bad of the various options.  We have reviewed Mr. Winer's

Hon. Arun Subramanian
May 5, 2026
Page 2

course of treatment, its timing, and what we presently understand to be its expected impact on his capacity to testify.  Mr. Winer is presently expected to continue receiving treatment during the first week of trial.  Accordingly, we would strongly prefer the second week of trial (*i.e.*, the week of June 15) for his testimony.  We would ask that Mr. Winer be permitted to testify during that week, and that the Court instruct the jury regarding Mr. Winer's medical condition.  Plaintiff's counsel has kindly advised that they would be flexible with respect to which day Mr. Winer would be called to testify during that week.

If the week of June 15 arrived and Mr. Winer were simply unable to testify, the parties would rely on excerpts of Mr. Winer's discovery deposition for testimony.  (*See* ECF No. 327 ¶ 12.)  In that event, we would request appropriate instructions from the Court regarding the reason for Mr. Winer's absence and the reason that the deposition may not address certain issues of interest to the jury.

We make that proposal reluctantly, based on our assessment that the other options considered are untenable and inherently unfairly prejudicial, and that rescheduling the trial for later this year is the fairest and simplest option here.

The Court raised the possibility of a trial deposition of Mr. Winer.  Respectfully, this option also creates unfair prejudice to CVI.  Preparation of a witness for trial testimony via deposition is no less demanding than preparing that witness to appear in open court.  Requiring Mr. Winer to prepare and appear for a trial deposition will simply substitute one demanding obligation for another during the time that he will be undergoing an intensive course of treatment.  Indeed, such a deposition would likely take place during the most intensive part of his current treatment plan.

We have also considered carefully Your Honor's question of whether trial of this action might be severed so that Plaintiff's claim against CVI could be tried separately at a later date.  We do not believe that is a viable option here.

In general, severance is disfavored.  "Federal courts view severance as a procedural device to be employed only in exceptional circumstances." *Moore v. Navillus Tile, Inc.*, Nos. 14 Civ. 8326 (CM), 15 Civ. 8441 (CM), 2017 WL 11567280, at *4 (S.D.N.Y. Jan. 3, 2017) (citation omitted); *see also In re Blech Sec. Litig.*, No. 94 Civ. 7696(RWS), 2003 WL 1610775, at *12 (S.D.N.Y. Mar. 26, 2003) (collecting cases).  "Separate trials are not appropriate when issues, witnesses and documentary evidence overlap.  This is the case because it is a waste of judicial resources to have to rehash factual issues." *Navillus Tile*, 2017 WL 11567280, at *4 (citation omitted).  "Courts have recognized that nearly every trial involving multiple

Hon. Arun Subramanian
May 5, 2026
Page 3

defendants will involve some separate issues of fact that call for testimony from different witnesses on entirely unrelated matters." *Blech*, 2003 WL 1610775, at *13 (citation omitted). However, the question "is whether separate trials will require *substantial* overlap of witnesses or documentary proof." *Id.* (citations omitted).

Here, there is undoubtedly "significant evidentiary overlap" in the claims alleged against CVI and the other Defendants. *Navillus Tile*, 2017 WL 11567280, at *4. In its summary judgment decision, the Court characterized the central issue in this case as whether Defendants "agree[d] to act together for the purpose of acquiring, holding, voting or disposing of the equity securities" of Genius Brands. *Augenbaum v. Anson Invs. Master Fund LP*, No. 22-cv-249 (AS), 2025 WL 2780854, at *5 (S.D.N.Y. Sept. 30, 2025) (quoting 17 C.F.R. § 240.13d-5(b)(1)). The Court also noted that the case will turn on what the jury makes of what Plaintiff contends is "evidence of communications and coordination between defendants" showing that they purportedly "agreed to act as a group." *Id.* To be sure, there are Defendant-specific points to be made, but the bulk of Plaintiff's case against Defendants will turn on the same evidence, including testimony and emails from the various Defendants and Genius Brands's private placement agent, the Special Equities Group. *See id.* at *6-8; *see also, e.g.*, *United States v. Live Nation Ent., Inc.*, No. 24-cv-3973 (AS), 2026 WL 563024, at *6 (S.D.N.Y. Feb. 27, 2026) (Subramanian, J.) (denying motion for separate trials of states' and federal government's claims where those claims "involve[d] near-identity of factual disputes, evidence, and witnesses").

We are not aware of any civil case predicated on similar allegations of collusion among multiple defendants where different sets of defendants were tried at different times on the same claim. We believe that such severance would not be fair or practicable here and would also impose unfair prejudice on CVI for reasons which are no fault of its own, for numerous reasons:

*First*, if trial were severed, so that CVI was standing alone, the jury at the second trial would almost certainly not be able to see a complete set of witnesses. Witnesses who reside outside the Court's subpoena jurisdiction and appeared at the first trial likely would be unwilling to return to testify at a second trial. CVI would not be able to question those witnesses at the first trial. That would create a different but equally profound form of unfair prejudice to CVI.

*Second*, this case has proceeded for the last four years as a case that would be tried against Defendants at one time. A separate trial would upend completely that manner of presentation, inviting Plaintiff to put CVI at the center of events when in fact CVI was quite marginal to them, including with respect to the relative size of

Hon. Arun Subramanian
May 5, 2026
Page 4

CVI's investment and the timing and tenor of CVI's involvement in these transactions.  CVI would be unable to put its actions—or lack thereof—in a fair and complete context if CVI were the sole Defendant standing in court.

*Third*, it would be enormously inefficient to empanel two sets of jurors in this action to consider the same set of facts when that duplication could be avoided by simply moving the trial date to later in the year.  Convening two trials would multiply CVI's expenses as well:  CVI would be obliged to monitor one trial and bear the entire cost of the other.

*Fourth*, it is far from certain that a jury's resolution of claims against other Defendants will avoid the need for a second trial on the claim against CVI.  The first jury's findings would not bind the second jury. The first jury's findings may not even have any predictive value, particularly if Plaintiff were to prevail against some of the Defendants but not others at the first trial.

*Fifth*, although Plaintiff's counsel suggested that proceeding with trial on the currently scheduled date could provide quick financial relief for Genius Brands, that result appears exceedingly unlikely.  Even if that trial resulted in a verdict for Plaintiff and a judgment entered immediately, that judgment would likely be the subject of an appeal.  If trial on the claim against CVI were severed, CVI's trial would proceed in the shadow of that pending appeal, which would be singularly inefficient.

We thank the Court for its consideration and of course we remain available to discuss this matter with the Court at its convenience.

Respectfully submitted,

Susan L. Saltzstein