**MB** **MANDEL BHANDARI** LLP

80 Pine Street | 33rd Floor | New York, NY | 10005 | T. (212) 269-5600 | F. (646) 964-6667 | www.mandelbhandari.com

May 5, 2026

**BY ECF**

The Honorable Arun Subramanian
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> Re:   ***Augenbaum v. Anson Investments Master Fund LP, et al.***
>      <u>**Case No.: 22-cv-249 (AS)**</u>

Dear Judge Subramanian:

We are co-counsel for Plaintiff Todd Augenbaum in this action and write in opposition to Defendant CVI Investments, Inc.'s ("CVI") request for a roughly six-month adjournment of the trial.

**First,** in order to accommodate Mr. Winer's health concerns, Plaintiff, of course, consents to (a) him testifying at trial (either in-person or remotely) at the time he chooses, (b) designating some or all of his deposition transcript in lieu of live testimony, or (c) taking his trial testimony through a second deposition. Plaintiff is also open to other creative solutions that do not involve adjourning the trial.

**Second**, Plaintiff also consents to bifurcating the trial such that the claims against the non-CVI Defendants would be tried in June and, if necessary, a separate trial would adjudicate the claim against CVI. "Decisions to bifurcate trials, like this one, are authorized by Federal Rule of Civil Procedure 42(b) and are typically well within the discretion of district courts." *In re Sept. 11 Litig.*, 802 F.3d 314, 339 (2d Cir. 2015) (affirming trial court decision to bifurcate trial). *Accord United States v. Live Nation Ent., Inc.*, No. 24-CV-3973 (AS), 2026 WL 563024, at *6 (S.D.N.Y. Feb. 27, 2026) (Subramanian, J.) ("The decision to bifurcate is within the discretion of the trial judge.") (internal quotation marks omitted). Courts often bifurcate trials to accommodate a witness or party's medical issue. *See, e.g., Moudis v. United States*, No. 20-CV-05674 (JMA) (AYS), 2024 WL 3063793, at *1 (E.D.N.Y. June 20, 2024) (bifurcating trial after witness "became indefinitely unavailable due to an unspecified medical situation"); *United States v. Fields*, No. 76 CR. 1022-CSH, 1979 WL 1251, at *3 (S.D.N.Y. Sept. 24, 1979) (severing claim against defendant who had health issue).

Bifurcation is also appropriate here because "the litigation of the first issue might eliminate the need to litigate the second issue." *Amato v. City of Saratoga Springs, N.Y.*, 170 F.3d 311, 316 (2d Cir. 1999) (affirming decision to conduct separate trials for different defendants). Irrespective of whether the Plaintiff prevails at the June trial, the outcome of the trial will likely give Plaintiff and CVI the information that they need to resolve the claim against

The Honorable Arun Subramanian
May 5, 2026
Page 2

CVI.  Plaintiff prefers not to have to try this case twice and believes a second trial is highly unlikely.

**Third**, this Court should deny the nearly six-month adjournment request that CVI seeks. "[T]rials are difficult to administer…. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time."  *Payne v. Jones*, 711 F.3d 85, 92–93 (2d Cir. 2013) (internal quotation marks omitted). "The Supreme Court has recognized that the existence of all these complexities 'counsels against continuances except for compelling reasons.'" *Id.* (quoting *Morris v. Slappy*, 461 U.S. 1, 11 (1983)).  In fact, "continuances can be highly disruptive to the courts and the parties, especially when granted close to the start of trial." *Id.*

In light of this concern, courts routinely deny requests to adjourn the trial.  *See, e.g., Skillz Platform Inc. v. Papaya Gaming, Ltd.*, No. 24CV1646 (DLC), 2026 WL 915251, at *8 (S.D.N.Y. Apr. 3, 2026) ("Adjourning the trial for months is not an appropriate remedy. Wholly apart from the difficulties of managing a calendar of cases that will be trial-ready in the coming months, an adjournment to allow the parties to reopen discovery runs afoul of Rule 1, Fed. R. Civ. P., which commands that cases be administered to secure 'just, speedy, and inexpensive' determinations. The parties have already expended extravagant sums on this litigation. They were and are ready for trial. It shall proceed as scheduled."); *Est. of Nobile v. United States*, 193 F.R.D. 58, 59 (D. Conn. 2000) ("We granted the motion to sever but denied the motion for a lengthy adjournment because of the prejudice it would impose upon the plaintiff who had been waiting several years for a trial.")

When the Court denied summary judgment in October 2025, it ordered the parties to propose three separate two-week periods for trial during the first six months in 2026. After receiving a two-week extension, Defendants offered Plaintiff only two overlapping two-week periods in June 2026.  Plaintiff accommodated Defendants' availability.  The instant adjournment request could thus lead to a trial that starts long after the November trial date that CVI seeks.  CVI has failed to identify whether any of the parties, witnesses, or counsel are available in November.  Plaintiff's counsel already has trials scheduled in both October and November.  Further, there is simply no reason to believe that there will be fewer witness issues in late 2026 or early 2027 than there are in June 2026.  This trial involves more than two dozen witnesses, nine parties, and countless attorneys.  Given this many parties, witnesses, and lawyers, someone is likely going to face an issue whenever the trial is held.  In short, adjourning the trial for many months would necessarily prejudice Plaintiff's claims without increasing the available evidence at trial.

Respectfully submitted,

/s/ Evan Mandel

Evan Mandel

cc:    Counsel of Record (via ECF)