

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

May 5, 2026

**By ECF**

Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

>    **Re:**    ***Augenbaum v. Anson Investments Master Fund, LP, et al.*, No. 1:22-cv-0249-AS**

Dear Judge Subramanian:

Following the teleconference held on May 4, 2026 in this matter, we have had an opportunity to consider the Court's suggestion that the claims against CVI Investments, Inc. ("CVI") might be severed from the claims against the other defendants.  We write on behalf of Defendant Anson Investments Master Fund LP to express our opposition to severance.

The conditions for severing Plaintiff's claims against CVI[1] are not met here.  The claims against each Defendant arise out of the same facts: each Defendant's involvement in transactions in Genius securities in 2020.  The central question—whether Defendants formed a Section 13(d) group in making these investments—overlaps completely in terms of applicable law and the relevant documentary, witness, and expert evidence.  Anson shares the views expressed by CVI in its letter (ECF No. 354) that severing this action into two trials would result in duplication of effort and potentially inconsistent verdicts.

Severing the claims against CVI would also severely prejudice Anson.   As discussed at the May 4 conference, Sam Winer is a key witness for the defense who is critical to establishing that the Defendants did not form a group.  His deposition did not address this issue in a manner that would be appropriate as evidence at trial.  Given the concerns expressed regarding Mr. Winer's health, it also does not appear that a pre-trial deposition to obtain trial testimony is possible, and it remains

---

[1] In deciding whether to several a claim under Rule 21, courts consider: "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims."  *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 214 F.R.D. 152, 155 (S.D.N.Y. 2003).

Hogan Lovells US LLP is a limited liability partnership registered in the state of Delaware.  "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in: Alicante  Amsterdam  Baltimore  Beijing  Berlin  Birmingham  Boston  Brussels  Colorado Springs  Denver  Dubai  Dublin Dusseldorf  Frankfurt  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  Houston  London  Los Angeles  Luxembourg  Madrid  Mexico City  Miami  Milan  Minneapolis  Monterrey  Munich  New York  Northern Virginia  Paris  Philadelphia  Riyadh  Rome  San Francisco  São Paulo  Shanghai  Silicon Valley  Singapore  Tokyo  Washington, D.C.  For more information see www.hoganlovells.com.

Honorable Arun Subramanian                - 2 -                                May 5, 2026

unclear whether Mr. Winer can appear at trial.  Defending these claims without testimony from Mr. Winer will cause severe prejudice.

For these reasons, Anson requests that the Court postpone trial on all of Plaintiff's overlapping claims to a future date when Mr. Winer is available to testify.

Respectfully submitted,

*/s/ Dennis H. Tracey, III*
Dennis H. Tracey, III
Catherine Bratic (*pro hac vice*)
Elizabeth Cochrane
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
dennis.tracey@hoganlovells.com
catherine.bratic@hoganlovells.com
elizabeth.cochrane@hoganlovells.com

*Attorneys for Defendant*
*Anson Investments Master Fund LP*