**MB**

**MANDEL BHANDARI** LLP

80 Pine Street | 33rd Floor | New York, NY | 10005 | T. (212) 269-5600 | F. (646) 964-6667 | www.mandelbhandari.com

May 8, 2026

**BY ECF**

The Honorable Arun Subramanian
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> **Re:** ***Augenbaum v. Anson Investments Master Fund LP, et al.***
> <u>**Case No.: 22-cv-249 (AS)**</u>

Dear Judge Subramanian:

We are co-counsel for Plaintiff Todd Augenbaum in this action and write in opposition to the Empery and Brio Defendants' request (ECF No. 362) for a conference to discuss trial issues related to the supposed Kartoon "settlement." There is no reason for a conference.

For the reasons that are set forth in a separate letter that has been or will be filed today on behalf of Plaintiff, Kartoon's motion for judgment should be denied in its entirety because there is no valid settlement of any of the claims at issue in this case.

However, it is possible that at some point before the trial, Plaintiff will, in fact, enter into valid settlement(s) with one or more of the Defendants. Even a valid settlement would not justify the relief that Empery and Brio seek. Empery and Brio claim that a conference is required because they wish to take trial depositions of any settling Defendants. However, all Defendants, including Empery, are sophisticated investors represented by highly skilled and qualified counsel. As such, they knew or must have known that any Defendant might settle the case when making strategic and conscious decisions about what questions, if any, to ask at depositions. That Empery and Brio regret their decisions is not a basis to revisit them. Moreover, the Proposed Pre-Trial Order reflects that each Defendant has agreed to produce their key witnesses to provide live testimony in Plaintiff's case. (Dkt. 327, p. 7 ¶ 10.) As a result, important witnesses will testify live even if the claims are settled.

Empery also claims that a "cascade of revisions" to the Proposed Pre-Trial Order's exhibits and other evidence and objections would be required by a settlement. This argument is also meritless. This is not a case in which Defendants have cross-claims or liability must be apportioned among the Defendants. Instead, each Defendant either did or did not join a §13(d) group giving rise to §16(b) liability. A settlement by one or more Defendants does not justify wholesale revisions to the Pre-Trial Order. Indeed, in a multi-Defendant case of this size, settlements with one or more Defendants just prior to (or even during) trial are not uncommon. The time for Empery and Brio to guard against inconvenience by such settlements was prior to the submission of the Proposed PTO, not after.

The Honorable Arun Subramanian
May 8, 2026
Page 2

This Court should deny the request for a conference.

Respectfully submitted,

/s/ Evan Mandel

Evan Mandel

cc:    Counsel of Record (via ECF)