# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TODD AUGENBAUM,<br><br>        Plaintiff,<br><br>      v.<br><br>ANSON INVESTMENTS MASTER FUND LP, BRIO CAPITAL MASTER FUND LTD., BRIO SELECT OPPORTUNITIES FUND, LP, CVI INVESTMENTS, INC., EMPERY ASSET MASTER, LTD., EMPERY DEBT OPPORTUNITY FUND, LP, EMPERY TAX EFFICIENT, LP, IROQUOIS MASTER FUND LTD., IROQUOIS CAPITAL INVESTMENT GROUP, LLC, L1 CAPITAL GLOBAL OPPORTUNITIES MASTER FUND, M3A LP, and RICHARD MOLINSKY,<br><br>        Defendants,<br><br>   -and-<br><br>KARTOON STUDIOS, INC.<br><br>        Nominal Defendant. | Civil Action No. 22-cv-00249-AS |

**NON-PARTY BRADLEY WOODS & CO. LTD.'S RESPONSES AND**
**OBJECTIONS TO PLAINTIFF'S SUBPOENA *DUCES TECUM***

Pursuant to Rules 26, 34, and 45 of the Federal Rules of Civil Procedure, Non-Party Bradley Woods & Co. Ltd. ("BW"), by and through its undersigned counsel, hereby responds and objects to Plaintiff's Subpoena *Duces Tecum* dated June 10, 2024 (collectively, the "Requests," and each a "Request").

## **GENERAL OBJECTIONS**

BW generally objects to the Requests on the following grounds, each of which is incorporated by reference into the responses to the individual Requests below. All responses set forth herein are subject to, and without waiver of, these General Objections.

1.      BW objects to the Requests and Instructions to the extent they purport to require BW to conduct anything beyond a reasonable search of information and responsive documents.

2.      BW objects to the Requests and Instructions to the extent they seek the production of documents that are not within BW's possession, custody, or control. BW will not conduct a search for such documents.

3.      BW objects to the Requests to the extent they purport to require the production of information from anyone other than BW. BW makes the Responses and Objections on its own behalf and not on behalf of any other party or non-party.

4.      BW objects to the Requests to the extent that they seek information protected by or that may be protected by the attorney-client privilege, the work-product doctrine, joint defense privilege, common interest privilege, or any other applicable privilege, doctrine, immunity, or protection from disclosure. BW will not intentionally produce any such documents or information, and BW reserves the right to demand the return (or destruction) of any documents or information inadvertently produced.

5.      BW objects to the Requests to the extent they purport to require BW to produce documents in the public domain, including documents filed with the U.S. Securities and Exchange Commission ("SEC") that Plaintiff can reasonably access himself without undue burden or expense.

2

6.    BW objects to the Requests to the extent they seek documents or information that have been or will be produced by any of the Defendants in connection with Plaintiff's ongoing discovery efforts.

7.    BW objects to the Requests (including Requests 1 through 6) to the extent they seek the production of "all Documents" or "all Communications," because such phrases impose obligations beyond those required by federal law, the Federal Rules of Civil Procedure, or the Local Rules. BW thus interprets Requests for "all" documents or communications to mean all responsive, non-privileged documents, not otherwise immune from discovery, within its possession, custody, or control that can be located after a reasonable, good-faith search.

8.    Any statement contained herein that BW will search for and/or produce documents or communications is not an assurance that such documents exist, or are even likely to exist. Rather, BW will conduct a reasonable, good-faith search for such documents, and produce responsive, non-privileged documents and communications identified through that process.

9.    BW's statement that it will produce documents in response to a particular Request is not an admission that the documents are relevant to (a) this action; or (b) any other matter. BW provides these responses without waiving or intending to waive, but rather preserving and intending to preserve, all questions as to the competency, relevance, materiality, privilege, and admissibility of the information produced or disclosed in response to the Requests, or the subject matters thereof, in this or any related or subsequent proceeding, including the trial of this action or any other action. By producing documents in response to any Request, BW also does not intend to waive, and expressly preserves, the right to object to further or additional discovery concerning the subject matter of the Request.

3

10.     These responses and objections reflect BW's present knowledge, information, and belief, and may be subject to change or modification based on further discovery or circumstances that may come to its knowledge. BW reserves the right to amend, supplement, or correct its responses and objections in accordance with Fed. R. Civ. P. 26(e).

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     BW objects to the definition of the terms "You" and "Your" to the extent they purport to include not only BW, but also "Any person acting on its behalf, including all predecessors and successors." BW will produce documents in its possession, custody, or control, including documents in the possession, custody, or control of its officers and employees in their capacity as such. For the avoidance of doubt, BW will not interpret "You, or "Your" to include its attorneys.

2.     BW objects to Instruction No. 1 with respect to logging of documents withheld on grounds of privilege, work product, or otherwise insofar as it purports to impose obligations beyond those required by Local Rule 26.2 BW will log such documents in accordance with Local Rule 26.2(a), except that BW will not log communications with or documents received from its counsel in connection with this action or the Requests because doing so would be unduly burdensome.

3.     BW objects to Instruction Nos. 2, 4, 5, 6, and 10 insofar as they purport to impose obligations beyond those required by federal law, the Federal Rules of Civil Procedure, and the Local Rules.

4.     BW objects to the manner and form of production specified in Instruction No. 3 and will confer with Plaintiff concerning the manner of production and the form of such documents. BW also objects to Instruction Nos. 3 and 9 insofar as they purport to require

4

documents to "be separately produced for each paragraph of this request, or in the alternative, shall be identified so as to comply with the particular paragraph or paragraphs of the request to which they are responsive"; doing so would be unduly burdensome because (among other reasons) many of the Requests are duplicative and overlapping of one another, so the same document often will be responsive to multiple Requests.

5.     BW is willing to meet and confer with Plaintiff regarding any of the objections or responses contained herein.

## SPECIFIC OBJECTIONS AND RESPONSES

**1.     All Communications Concerning Any Transaction in Genius Securities in which You acted as a principal, adviser, or placement agent.**

RESPONSE: BW objects to Request No. 1 as overly broad and unduly burdensome insofar as (a) it seeks documents that are not relevant to the subject matter of the action or to the claims or defenses of either party; and (b) it seeks documents that are not relevant to the securities or transactions that are the subject of the Complaint. BW further objects to Request No. 1 insofar as it seeks documents that are protected by or that may be protected by the attorney-client privilege, the work-product doctrine, joint defense privilege, common interest privilege, or any other applicable privilege, doctrine, immunity, or protection from disclosure. Subject to and without waiving the foregoing General and Specific Objections, BW will meet and confer with Plaintiff concerning the relevance of this Request and scope of documents to be produced.

**2.     All Communications Concerning Any actual or proposed amendment to the terms of Genius Securities.**

RESPONSE:  BW objects to Request No. 2 as overly broad and unduly burdensome insofar as (a) it seeks documents that are not relevant to the subject matter of the action or to the claims or defenses of either party; and (b) it seeks documents that are not relevant to the securities or

5

transactions that are the subject of the Complaint. BW further objects to Request No. 2 insofar as it seeks documents that are protected by or that may be protected by the attorney-client privilege, the work-product doctrine, joint defense privilege, common interest privilege, or any other applicable privilege, doctrine, immunity, or protection from disclosure. Subject to and without waiving the foregoing General and Specific Objections, BW will meet and confer with Plaintiff concerning the relevance of this Request and scope of documents to be produced.

      **3.**    **All Documents or Communications concerning the SPA, the Related Agreements, the Conversion Agreement, and the Leak Out Agreement.**

RESPONSE: BW objects to Request No. 3 as overly broad and unduly burdensome insofar as (a) it seeks documents that are not relevant to the subject matter of the action or to the claims or defenses of either party; and (b) it seeks documents that are not relevant to the securities or transactions that are the subject of the Complaint. BW further objects to Request No. 3 insofar as it seeks documents that are protected by or that may be protected by the attorney-client privilege, the work-product doctrine, joint defense privilege, common interest privilege, or any other applicable privilege, doctrine, immunity, or protection from disclosure. Subject to and without waiving the foregoing General and Specific Objections, BW will meet and confer with Plaintiff concerning the relevance of this Request and scope of documents to be produced.

      **4.**    **Any Documents summarizing, analyzing or discussing the value of Genius or Genius Securities.**

RESPONSE: BW objects to Request No. 4 as overly broad and unduly burdensome insofar as (a) it seeks documents that are not relevant to the subject matter of the action or to the claims or defenses of either party; and (b) it seeks documents that are not relevant to the securities or transactions that are the subject of the Complaint. BW further objects to Request No. 4 insofar as it seeks documents that are protected by or that may be protected by the attorney-client privilege,

6

the work-product doctrine, joint defense privilege, common interest privilege, or any other applicable privilege, doctrine, immunity, or protection from disclosure. Subject to and without waiving the foregoing General and Specific Objections, BW will meet and confer with Plaintiff concerning the relevance of this Request and scope of documents to be produced.

**5.      All Communications You had with Any Defendant Concerning Genius Securities. This request is specifically intended to include Any Communications between Your counsel, on the one hand, and Any counsel for Any Defendant or other Person, on the other hand.**

RESPONSE:  BW objects to Request No. 5 as overly broad and unduly burdensome insofar as (a) it seeks documents that are not relevant to the subject matter of the action or to the claims or defenses of either party; and (b) it seeks documents that are not relevant to the securities or transactions that are the subject of the Complaint. BW further objects to Request No. 5 insofar as it seeks documents that are protected by or that may be protected by the attorney-client privilege, the work-product doctrine, joint defense privilege, common interest privilege, or any other applicable privilege, doctrine, immunity, or protection from disclosure. Subject to and without waiving the foregoing General and Specific Objections, BW will meet and confer with Plaintiff concerning the relevance of this Request and scope of documents to be produced.

**6.      All Communications Concerning this Action. This request is specifically intended to include Any Communications between Your counsel, on the one hand, and Any counsel for Any Defendant or other Person, on the other hand.**

RESPONSE:  BW objects to Request No. 6 as overly broad and unduly burdensome insofar as (a) it seeks documents that are not relevant to the subject matter of the action or to the claims or defenses of either party; and (b) it seeks documents that are not relevant to the securities or transactions that are the subject of the Complaint. BW further objects to Request No. 6 insofar as it seeks documents that are protected by or that may be protected by the attorney-client privilege, the work-product doctrine, joint defense privilege, common interest privilege, or any other

applicable privilege, doctrine, immunity, or protection from disclosure. Subject to and without waiving the foregoing General and Specific Objections, BW will meet and confer with Plaintiff concerning the relevance of this Request and scope of documents to be produced.

**7.     Documents sufficient to identify Your policies for the retention or destruction of Documents.**

RESPONSE:  BW objects to Request No. 7 as overly broad and unduly burdensome insofar as it seeks documents that are not relevant to the subject matter of the action or to the claims or defenses of either party. Subject to and without waiving the foregoing General and Specific Objections, BW will meet and confer with Plaintiff concerning the relevance of this Request and scope of documents to be produced.


Dated: June 24, 2024

By:  /s/Jonathan R. Voegele

**MORRIS KANDINOV LLP**
Aaron T. Morris (5675178)
Andrew W. Robertson (4288882)
Jonathan R. Voegele
305 Broadway, 7th Floor
New York, NY 10007
332.910.5229
aaron@moka.law
andrew@moka.law
jonathan@moka.law

*Attorneys for Non-Party Bradley Woods & Co. Ltd.*

8