# EXHIBIT 4

**KARTOON STUDIOS, INC.**

(a Nevada corporation)

(the "Company")

**MINUTES OF A SPECIAL MEETING**
**OF THE COMPANY'S BOARD OF DIRECTORS**

**DATE:**      January 30, 2026
**TIME:**      10 a.m. PT
**PLACE:**    Conference Call

## DIRECTORS PRESENT:

1. Mr. Andy Heyward

2. Gov. Gray Davis (Telephone)

3. Mr. Anthony Thomopoulos (Telephone)

4. Ms. Margaret Loesch (Telephone)

5. Jeff Schlesinger (Telephone)

## OTHERS PRESENT:

Michael Jaffa, Chief Operating Officer
Brian Parisi, Chief Financial Officer

## CALL TO ORDER

A meeting of the Company's Board of Directors (the "Board") was held at the date, time and place set forth above. After confirming that all could hear and be heard, Andy Heyward called the meeting to order and announced that a quorum of the Board was present and that the meeting, having been duly noticed and convened, was ready to proceed with its business.

## SECTION 16(b) LITIGATION AND RELATED MATTERS







## FORMATION OF LITIGATION COMMITTEE

After discussion, the following resolutions were presented to the Board for consideration and approval:

* * *

**WHEREAS**, the Company is the nominal defendant and the real party in interest in the pending litigation captioned *Augenbaum v. Anson Investments Master Fund LP, et al.*, Case No. 1:22-cv-00249 (S.D.N.Y.) (the "Section 16(b) Litigation"), which asserts claims under Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b), against certain institutional investors (the "Defendants") seeking disgorgement of alleged short-swing profits, with any recovery payable to the Company;

**WHEREAS**, the Court denied the Defendants' motion to dismiss in January 2024 and motion for summary judgment in September 2025, and the Section 16(b) Litigation is now scheduled for trial beginning June 8, 2026;

**WHEREAS**, certain Defendants have made indemnification and advancement demands on the Company pursuant to Section 9(k) of the Securities Purchase Agreement dated March 11, 2020 (the "SPA"), which contains provisions potentially requiring the Company to indemnify such investors for claims arising out of the SPA, including derivative actions brought on behalf of the Company, and potentially to make periodic payments of attorneys' fees and other expenses as they are incurred;

**WHEREAS**, on January 6, 2026, Iroquois Master Fund Ltd. and Iroquois Capital Investment Group filed a complaint against the Company in the Supreme Court of the State of New York, Index No. 650077/2026 (the "Iroquois Litigation"), seeking declaratory relief and damages for breach of contract based on the Company's alleged failure to advance approximately $5.2 million in attorneys' fees and expenses;

**WHEREAS**, the Board has determined that it is necessary and appropriate to conduct an independent and robust evaluation of (i) the value of the Company's claim in the Section 16(b) Litigation, risks and benefits of continued prosecution, and the feasibility of reaching a value-maximizing resolution of the claim; and (ii) the Company's potential exposure to indemnity claims by Defendants to the Section 16(b) Litigation, including with respect to the Iroquois Litigation and potential future indemnity litigation, and the effect of any such obligations on the Company's potential net recovery in the Section 16(b) Litigation;

**WHEREAS**, the Bylaws of the Company provide that the Board may designate one or more committees, each committee to consist of one or more directors of the Company;

**WHEREAS**, the Board deems it advisable and in the best interests of the Company and its stockholders to form a litigation committee (the "Litigation Committee") consisting of independent and disinterested directors to investigate, review, and further evaluate the pending Section 16(b) Litigation and the Iroquois Litigation, including with respect to the value of the Company's claim, the potential liability of the Company for indemnification and advancement claims, and potential strategic alternatives available to the Company;

**WHEREAS**, the Board deems it advisable and in the best interests of the Company and its stockholders that the Litigation Committee be empowered to engage directly with the parties to the Section 16(b) Litigation and their counsel in furtherance of the objectives set forth above;

**WHEREAS**, the Board has reviewed the background, relationships, affiliations and all other potential factors weighing on the independence of directors Jeffrey Schlesinger and Anthony D. Thomopoulos (collectively, the "Litigation Committee Members"), and has determined that

both Litigation Committee Members have no potential financial or other interest in, association with, relationship to, or connection of any kind to the Section 16(b) Litigation or the Iroquois Litigation, any party thereto, any counsel thereto, or any other person with any material interest of any kind relating to the litigations and the parties thereto, and thus both Litigation Committee Members are entirely independent and disinterested with respect to the claims asserted in the Section 16(b) Litigation and the Iroquois Litigation;

*WHEREAS*, the Board has likewise reviewed and discussed the experience and competencies of the Litigation Committee Members, and has determined that both Litigation Committee Members have extensive and substantial business experience weighing in favor of their selection to staff the committee, including that Mr. Schlesinger has more than three decades of operational, strategic, financial, and deal-making expertise from multiple senior executive roles, including President of all international television sales at Warner Bros. and Mr. Thomopoulos likewise is a veteran senior executive with a distinguished business career, including serving as President of the Broadcast Group of ABC, overseeing all network divisions including News and Sports, and serving as Chairman of United Artists Pictures;

*WHEREAS*, in light of the foregoing, and after weighing all relevant factors and exercising their independent business judgment, the Board has determined that it is advisable and in the best interests of the Company and its stockholders to form the Litigation Committee and appoint the Litigation Committee Members.

**NOW, THEREFORE, BE IT RESOLVED**, that the Board hereby establishes the Litigation Committee for the purpose of evaluating the status of the Section 16(b) Litigation, the status of the Iroquois Litigation, the potential value of the Company's claim and likelihood of success at trial, the potential exposure to related indemnification and advancement claims, and the Company's potential strategic options in connection with all of the foregoing;

**RESOLVED FURTHER**, that the Board hereby appoints Jeffrey Schlesinger and Anthony D. Thomopoulos to serve as co-Chairs of the Litigation Committee;

**RESOLVED FURTHER**, that the Litigation Committee be, and hereby is, delegated full power and authority to:

(i)     investigate, review, and evaluate the claim asserted in the Section 16(b) Litigation, including the merits, prior judicial rulings, procedural posture, potential recovery for the Company, and costs, benefits and probabilities of continued prosecution;

(ii)    investigate, review, and evaluate the Defendants' indemnification and advancement claims under the SPA, including the legal basis (if any) for such claim, any distinction between advancement and indemnification obligations, the exposure and defense costs associated with the Iroquois Litigation, and the potential effect

of any such obligations on the Company's net recovery in the Section 16(b) Litigation;

(iii)    engage in discussions with the parties to the Section 16(b) Litigation to ascertain the status of settlement efforts, anticipated material issues for the parties at trial, and the feasibility and value of potential resolutions favorable to the Company;

(iv)    evaluate and make recommendations to the Board as to whether continued prosecution, settlement, or other disposition of the claim asserted in the Section 16(b) Litigation, taking into account all relevant factors, is in the best interests of the Company and its stockholders; and

(v)    submit for the Board's consideration any specific proposal(s) for the potential settlement or prosecution of the Section 16(b) Litigation and/or settlement or defense of the Iroquois Litigation consistent with the Litigation Committee's objectives set forth above; and

**RESOLVED FURTHER**, that any proposal with respect to the prosecution or settlement of the Section 16(b) Litigation or the Iroquois Litigation shall require approval by the Board following presentation and recommendation by the Litigation Committee;

**RESOLVED FURTHER**, that the Litigation Committee be, and hereby is, authorized and empowered to retain independent legal counsel, financial advisors, and any other consultants, experts or other resources as the Litigation Committee may deem, in its sole discretion, necessary or appropriate to assist the Litigation Committee in the discharge of its duties and objectives set forth herein, and that the reasonable fees and expenses of such parties shall be paid by the Company;

**RESOLVED FURTHER**, that the Litigation Committee be, and hereby is, authorized to engage directly with the parties to the Section 16(b) Litigation and the Iroquois Litigation and their respective counsel, and the court, where appropriate, on behalf of the Company as may be deemed appropriate in connection with its mandate;

**RESOLVED FURTHER**, that the Litigation Committee be, and hereby is, authorized to adopt such rules and regulations relating to the conduct of its internal affairs as the Litigation Committee deems advisable, including setting the notice requirements for any meeting of the Litigation Committee;

**RESOLVED FURTHER**, that the officers, directors, employees, and agents of the Company are, and each individually is, hereby authorized and directed to make available to the Litigation Committee, and any of its advisors, agents, counsel, and designees, any and all documents and information that the Litigation Committee deems necessary to carry out its duties and to fully cooperate with the Litigation Committee's investigation;

**RESOLVED FURTHER**, that each officer of the Company is hereby authorized and empowered, for and on behalf of the Company, to take or cause to be taken any and all such actions and to enter into, execute and deliver any and all such acknowledgments, agreements, certificates, contracts, instruments, notices, statements and other documents as may be required or as any such officer may deem necessary, advisable or appropriate to effectuate and carry out the purposes and intent of the foregoing resolutions; and

**RESOLVED FURTHER**, that all actions heretofore taken by any officer or director of the Company in connection with the matters contemplated by the foregoing resolutions, if any, are hereby ratified, confirmed, approved and adopted as actions on behalf of the Company.

\* \* \*

Upon motion duly made and seconded, the foregoing resolutions were unanimously approved and adopted by the Board.

## ADJOURNMENT

There being no further business to come before the Board, the meeting was adjourned.

Michael Jaffa
Secretary