# EXHIBIT 5

**KARTOON STUDIOS, INC.**
(a Nevada corporation)
(the "Company")

**MINUTES OF AN AD HOC MEETING OF THE
LITIGATION COMMITTEE OF THE BOARD OF DIRECTORS**

**DATE:**      February 2, 2026
**TIME:**      1:00 p.m. PT
**PLACE:**     Conference Call

**DIRECTORS PRESENT:**

Jeff Schlesinger, Co-Chair
Tony Thomopoulos, Co-Chair

**OTHERS PRESENT:**

Aaron Morris, Morris Kandinov LLP

**AD HOC MEETING**

A meeting of the Litigation Committee (the "Committee") was held on the above date at the above time by conference call. Mr. Schlesinger began by stating that the Committee had been duly formed by the Board on January 30, 2026 and, in coordination with Michael Jaffa, the Company's Chief Operating Officer, the Committee had determined to retain Morris Kandinov LLP as special counsel in connection with the *Augenbaum* litigation and the work of the Committee. Aaron Morris of the Morris Kandinov firm was present at the meeting and responded to numerous questions from the Committee as to the representation and the *Augenbaum* litigation generally.

First, the Committee requested an overview of the history and procedural status of the *Augenbaum* litigation. Mr. Morris provided an overview of the *Augenbaum* litigation to date, and a discussion ensued regarding the trial court's recent ruling on summary judgment and the trial scheduled for June 2026. Mr. Morris noted that his firm had previously represented a third-party witness in connection with a subpoena served during discovery in the *Augenbaum* litigation, and thus his firm already was well apprised of the procedural history and nature of the litigation. The Committee acknowledged that fact and determined that the prior representation did not pose a conflict or other reason precluding the firm from representing the Company and the Committee, and that the firm's prior involvement would minimize initial expenses.

Second, the Committee inquired as to the nature of the Section 16(b) claim asserted in *Augenbaum*, the measure of proof required to prevail on such a claim at trial, and the evidentiary

record submitted by the parties in connection with summary judgment. Mr. Morris provided an overview of the key factual disputes in the case, the evidentiary record noted by the Court in providing its summary judgment ruling, and the Plaintiff's burden of proof at trial. A discussion ensued about the forthcoming trial and the associated risks and potential recovery for the Company. During the discussion, the Committee requested that Mr. Morris provide additional analysis as to the maximum recoverable damages asserted by Plaintiff's counsel, the actual accounting profit realized by each Defendant, and an analysis of a reasonable value of the claim under different trial scenarios and for settlement purposes.

Third, the Committee inquired about the indemnity demands that had been made on the Company by certain of the Defendants and the current status of such demands. Mr. Morris provided an overview of the current claims for advancement, the fact that the Company had not made payments in connection with those demands in the recent months, and the Company's potential exposure to such claims and potential defenses. Mr. Morris noted that Iroquois was the first Defendant to file a lawsuit regarding indemnity, but that it was likely others would follow. A discussion ensued as to the likely defense costs of such litigation. Discussion then turned to scenarios under which the Company may or may not owe such indemnity, including potential indemnity exposure if the Plaintiff were not successful at proving the Section 16(b) claim at trial. Mr. Thomopoulos inquired as to what insurance coverage, if any, may be available for such indemnity obligations. A discussion between the Committee members ensued. The Committee then asked Mr. Morris to prepare further analysis as to the claims and defenses with respect to indemnity, insurance, and the different scenarios under which the Company may or may not owe such indemnity to Defendants.

Discussion then turned to the goals of the Committee in the near term. Mr. Schlesinger outlined the business considerations relevant to the Company in connection with the *Augenbaum* litigation and the method by which the Committee could develop an understanding of prior settlement discussions between the parties and the status of current discussions, if any. The Committee discussed the fact that there was a prior mediation but the Company was not invited to participate. The mediator was David Murphy of Phillips ADR. Discussion then turned to the identity of the attorneys for Plaintiff and Defendants and the best method to initiate discussions with these parties. Mr. Morris stated that he would report to the Committee in the coming days as to the best representatives of the parties so that the Committee may engage with them directly.

## ADJOURNMENT

There being no further business to come before the Committee, the meeting was adjourned.

Michael Jaffa
Secretary