# EXHIBIT 6

 Outlook

---

**Re: Augenbaum/Kartoon Studios**

---

**From** Aaron Morris <aaron@moka.law>

**Date** Mon 4/20/2026 10:57 AM

**To**    Jeffrey S. Abraham <JAbraham@aftlaw.com>

**Cc**    Michael Klein <mklein@aftlaw.com>; Michael Jaffa <mjaffa@kartoonstudios.com>; Jay Lefkowitz <lefkowitz@kirkland.com>; Andrew Robertson <andrew@moka.law>

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

> **WARNING:** The sender of this email could not be validated and may not match the person in the "From" field.

Jeff,

In light of your repeated refusals to cooperate as to a basic non-waiver agreement, we will proceed as you propose and limit sharing of materials or communications that may implicate privilege. With that limitation, we continue to invite you, as we have for months, to engage with the company regarding the litigation and trial.

Schedules permitting, I expect Jeff Schlesinger to join the call at 2:30pm. K&E has been handling settlement communications and, to respect confidentiality, I do not propose to discuss the content of settlement talks you may have had or that the company has had. Rather, this discussion will focus on the company's financial condition, the potential resolution on the table, and the material considerations around trying the claims in the alternative.

As to my firm, I've advised you from the outset and on multiple occasions that we represent the company and you have the minutes from the board and committee reflecting our scope, which is to aid in evaluating the litigation as directed. I am not aware of what you are asking beyond that.

I will send a calendar invite around for today.

**Aaron T. Morris**

**MORRIS KANDINOV LLP**

Direct: 332.240.4024

aaron@moka.law

---

**From:** Jeffrey S. Abraham <JAbraham@aftlaw.com>
**Date:** Monday, April 20, 2026 at 10:15 AM
**To:** Aaron Morris <aaron@moka.law>
**Cc:** Michael Klein <mklein@aftlaw.com>, Michael Jaffa <mjaffa@kartoonstudios.com>, Jay Lefkowitz <lefkowitz@kirkland.com>, Andrew Robertson <andrew@moka.law>
**Subject:** Re: Augenbaum/Kartoon Studios

Dear Aaron,

I assume based upon your email that you are no longer demanding that Plaintiff enter into a Rule 502(d) stipulation.  If that is not the case, please let me know.

I am available at 2:30 p.m. but before any such call, can you please respond to my prior question concerning the role of Morris Koadinov in this matter as well as whether any members of the Litigation Committee will be on the call.  Also, are you looking to inform me of settlement discussions the Company is attempting to conduct or do you want to know about the status of settlement discussions Plaintiff has had since Judge Subramanian issue his decision denying all the parties summary judgment motions?

Sincerely yours,
Jeff Abraham

Sincerely yours,
Jeff Abraham

**Jeffrey S. Abraham**
Abraham, Fruchter & Twersky LLP
450 Seventh Avenue, 38th Floor
New York, NY 10123
Tel: (212) 279-5050
Fax: (212) 279-3655



---

**From:** Aaron Morris <aaron@moka.law>
**Sent:** Monday, April 20, 2026 9:20 AM
**To:** Jeffrey S. Abraham <JAbraham@aftlaw.com>
**Cc:** Michael Klein <mklein@aftlaw.com>; Michael Jaffa <mjaffa@kartoonstudios.com>; Jay Lefkowitz <lefkowitz@kirkland.com>; Andrew Robertson <andrew@moka.law>
**Subject:** Re: Augenbaum/Kartoon Studios

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

> **WARNING:** The sender of this email could not be validated and may not match the person in the "From" field.

Jeff,

Could you please provide me with your availability today? The agenda will be discussion of the company's financial condition and the status of settlement discussions.

Thank you.

**Aaron T. Morris**

**MORRIS KANDINOV LLP**

Direct: 332.240.4024

aaron@moka.law

---

**From:** Jeffrey S. Abraham <JAbraham@aftlaw.com>
**Date:** Friday, April 17, 2026 at 2:53 PM
**To:** Aaron Morris <aaron@moka.law>
**Cc:** Michael Klein <mklein@aftlaw.com>, Michael Jaffa <mjaffa@kartoonstudios.com>, Jay Lefkowitz <lefkowitz@kirkland.com>, Andrew Robertson <andrew@moka.law>
**Subject:** Re: Augenbaum/Kartoon Studios

Dear Aaron,

Plaintiff requested copies of certain basic minutes relating to the formation and functioning of the "Litigation Committee." Genius initially refused to produce asserting a claim of privilege upon which the Company based its demand that Plaintiff enter into a Rule 502(d) stipulation prior to reviewing those materials.  Plaintiff is puzzled as to why Genius having now determined after having "closely reviewed" the minutes that there is no issue of privilege waiver, continues to demand that Plaintiff enter into a Rule 502(d) stipulation.

As I previously explained, I have been practicing law for almost 40 years, have been involved in settling dozens of Section 16(b) and shareholder derivative actions, and have never previously encountered a request as counsel for Plaintiff (or in any other capacity) to enter into a Rule 502(d) stipulation.  Nor have I found any of the proposed rationales for doing so compelling, especially since Plaintiff is already informed that the Litigation Committee intends to seek approval of a proposed settlement pegged at a total value of $50 million assuming all the Defendants signed on to the proposed settlement.  If the Litigation Committee feels any material it would otherwise share is privileged, then it should not share those materials.  The Company or the Committee remain free, as you previously suggested, to ask the Court to enter an Order pursuant to Rule 502(d).

Your assertion that the Committee or the Company responded to Plaintiff's February 6 email is also disingenuous.   Our correspondence is documented in this email string, demonstrates that Plaintiff has not received any substantive response to that or the questions in my February 10 email.

I am also sorry that you do not appreciate Plaintiff raising your firm having a potential – if not actual – conflict in appearing on behalf of the Litigation Committee (or the Company) in this action. However, the Litigation Committee's March 9th minutes reflect that Defendants raised the same question.  Indeed, the minutes state that the Litigation Committee will take action with respect to any proposed settlement "without the advice of Morris Koadinov" demonstrating that the potential conflict is very real.

Plaintiff is nonetheless amenable to scheduling a call at a mutually convenient time provided that you are willing to: (i) share an agenda of the proposed subjects to be discussed in the call; and (ii) explain the precise role of Morris Koadinov in this matter.

I look forward to hearing from you and hope all is well.

Very truly yours,
Jeff Abraham

**Jeffrey S. Abraham**
Abraham, Fruchter & Twersky LLP
450 Seventh Avenue, 38th Floor
New York, NY 10123
Tel: (212) 279-5050
Fax: (212) 279-3655

---

**From:** Aaron Morris <aaron@moka.law>
**Sent:** Thursday, April 16, 2026 4:12 PM
**To:** Jeffrey S. Abraham <JAbraham@aftlaw.com>
**Cc:** Michael Klein <mklein@aftlaw.com>; Michael Jaffa <mjaffa@kartoonstudios.com>; Jay Lefkowitz <lefkowitz@kirkland.com>; Andrew Robertson <andrew@moka.law>
**Subject:** Re: Augenbaum/Kartoon Studios

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

> **WARNING:** The sender of this email could not be validated and may not match the person in the "From" field.

Jeff,

Thanks for the response.

As to the committee's minutes and materials, I have stated from the outset an intention to share all such materials pursuant to a Rule 502(d) agreement, which you have refused without substantive explanation. Rule 502(d) is designed for circumstances such as these to allow open engagement without the risk of waiver of privilege on either side. You are currently litigating a claim that belongs to the company. The company has an interest in candidly discussing it with you. Can you explain why you have repeatedly refused to enter into a non-waiver agreement or whether you have an alternative proposal?

Notwithstanding the above, we have closely reviewed the minutes requested and determined that nothing therein subjects the company to a potential waiver of privilege. To be clear, by

providing these minutes, the company does not waive, and expressly reserves, all rights, privileges and protections.

As to your questions in the March 3 email, you are incorrect that you received no response. I responded by email and we had a subsequent call. Many if not all of those questions were premature when posed, but we should plan to revisit them as part of a broader discussion of an actual potential resolution of this matter.

As to my firm's involvement, I don't appreciate the insinuation that our prior representation in connection with a third-party subpoena to SEG (a provider to the company) could somehow jeopardize my work for the company now. In any event, the prior representation was fully disclosed, does not pose a conflict, and the company has had the benefit of multiple additional advisors throughout this process, including at Vinson & Elkins and Kirkland & Ellis.

My suggestion is that we schedule a follow-up call this week. I am available at your convenience.

**Aaron T. Morris**

**MORRIS KANDINOV LLP**

Direct: 332.240.4024

aaron@moka.law

---

**From:** Jeffrey S. Abraham <JAbraham@aftlaw.com>
**Date:** Monday, April 13, 2026 at 4:05 PM
**To:** Aaron Morris <aaron@moka.law>
**Cc:** Michael Klein <mklein@aftlaw.com>, Michael Jaffa <mjaffa@kartoonstudios.com>, Jay Lefkowitz <lefkowitz@kirkland.com>
**Subject:** Re: Augenbaum/Kartoon Studios

Dear Aaron,

It has been more than two months since you first emailed me on February 6, 2026, stating that you were retained by a newly created Litigation Committee of the Board of Kartoon Studios.  I responded to your email that same day by requesting the board resolutions creating the Committee and the minutes authorizing the Committee to hire Morris Koadinov as counsel.

After initially declining to provide those minutes and resolutions unless Plaintiff entered into a Rule 502(d) agreement based on a claim of privilege, on February 13th you sent over a heavily redacted set of minutes evidencing the Board having formed a Litigation Committee. In that email, you stated that "[t]he Committee's subsequent retention of my firm will be reflected in minutes that are not yet finalized.  **Upon receipt I will provide them to you as well**."  (Emphasis added).

On March 3rd, Plaintiff wrote to you requesting the Committee's position with respect to certain potential settlement-related issues. Neither the Company nor the Committee has

responded to that email. You subsequently informed me that you would not be representing the Committee but, instead, would be representing the Company (seemingly in addition to Michael Charlson of Vinson & Elkins) and, instead, Jay Lefkowitz of Kirkland & Ellis would be representing the Committee. At that time, you once again asked that Plaintiff sign the 502(d) agreement with Plaintiff once again declining your request.

I had two separate telephone conversations with Jay — who never even asked me to sign a 502(d) agreement — concerning settlement issues. Plaintiff's current understanding from our last conversation with Jay is that the Company plans to propose a settlement of $50 million. Plaintiff considers that amount woefully inadequate given both the relative strength of this case as well as post-summary judgment discussions Plaintiff has had with certain Defendants through David Murphy who is the mediator the parties have employed in this action.

Plaintiff doesn't see any reason to have a discussion regarding settlement with the Company since it: (i) has been consistently hostile to Plaintiff's claims  going so far as to submit a declaration in support of Defendants' position in connection with the summary judgment briefing (see ECF No. 232-1) and a brief contesting certain of Plaintiff's allegations (see ECF No. 250) ; (ii) previously proposed to utilize the net proceeds of any settlement to compensate Defendants for their litigation expenses in a manner which Plaintiff believes is contrary to the restriction imposed by  15 U.S.C. §78u-4(f)(2)(B)(ii) and New York law (see Donaldson Lufkin & Jenrette Sec. Corp. v. Star Techs., Inc., 148 Misc.2d 880, 883, 561 N.Y.S.2d 371 (N.Y. Sup. Ct. 1990), on reargument, 150 Misc.2d 126, 567 N.Y.S.2d 1002 (N.Y. Sup. Ct. 1991), aff'd, 180 A.D.2d 495, 580 N.Y.S.2d 657 (1st Dep't 1992)); and (iii) has to Plaintiff's understanding already decided to endorse a proposed settlement that Plaintiff believes is inadequate.

Plaintiff also, as I previously explained to you, continues to be concerned about the Committee's retention of Morris Kandinov which has a conflict in this case based upon representing Special Equity Group (ECF No. 232-16) which views Defendants, who are repeat clients of SEG, as "friends and family." See ECF No. 226-1 at Exhibit 15. A further conflict exists based upon SEG, based upon the Company's latest Form 10-K filing, seeking indemnification for hundreds of thousands of dollars in legal fees which seems to be at least partially in dispute, and which the Company describes as "excessive." See 2025 Form 10-K at F-48.

Plaintiff sees no reason to meet with the Committee just to allow you to check off a box before going to the Court and seeking approval of a proposed settlement, especially given

the Committee demanding that Plaintiff enter into a 502(d) agreement.  Plaintiff, however, is willing to meet if the discussions are more substantive and are preceded by a response to Plaintiff's March 3rd email and some explanation as to why the Company believes that David Murphy, a very well experienced mediator the parties have retained in this action, is not adequate to the task.  In addition, prior to any meeting, Plaintiff asks that you honor your previously agreement to provide the Committee's minutes reflecting Morris Koadinov's appointment as counsel. Any such minutes should also reflect any subsequent appointment of Jay Lefkowitz as counsel and your subsequently being re-engaged by the Committee.

I look forward to hearing from you and apologize for not responding to you earlier, but I have just returned to the office today from Passover vacation.

Sincerely yours,

**Jeffrey S. Abraham**
Abraham, Fruchter & Twersky LLP
450 Seventh Avenue, 38th Floor
New York, NY 10123
Tel: (212) 279-5050
Fax: (212) 279-3655



---

**From:** Aaron Morris <aaron@moka.law>
**Sent:** Wednesday, April 8, 2026 12:49 PM
**To:** Jeffrey S. Abraham <JAbraham@aftlaw.com>
**Cc:** Michael Klein <mklein@aftlaw.com>; Michael Jaffa <mjaffa@kartoonstudios.com>; Jay Lefkowitz <lefkowitz@kirkland.com>
**Subject:** Re: Augenbaum/Kartoon Studios

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

> **WARNING:** The sender of this email could not be validated and may not match the person in the "From" field.

Jeff,

I'm following up on our prior emails, points below, and conversation on March 4. The Committee has continued interest in discussing the *Augenbaum* matter directly with you. I expect

schedules would permit a virtual meeting next week. Could you please let us know whether you are willing to meet and, if so, a date that would work for you?

Further, as to the Rule 502(d) non-waiver agreement we previously proposed, my understanding from our call is that Mr. Augenbaum will not participate as a signatory, but will you agree not to oppose its entry if the Company seeks it unilaterally? At bottom, the agreement is intended to facilitate an open dialogue between you, as Mr. Augenbaum's counsel, and the Company without the risk of waiver of privilege as to either party (including, for example, discussion of the information you've requested below).

Happy to discuss at your convenience.

**Aaron T. Morris**
**MORRIS KANDINOV LLP**

Direct: 332.240.4024

aaron@moka.law

**From:** Jeffrey S. Abraham <JAbraham@aftlaw.com>
**Date:** Tuesday, March 3, 2026 at 1:55 PM
**To:** Aaron Morris <aaron@moka.law>
**Cc:** Michael Klein <mklein@aftlaw.com>
**Subject:** RE: Augenbaum/Kartoon Studios

Dear Aaron,

I don't know when you are returning from vacation, but I think there are certain issues which it would be helpful to discuss with the Company (or the committee you represent) in connection with settlement negotiations and which would be helpful for you to think about in advance of any meeting we might have.

*First*, any Defendant looking to settle this case will almost certainly want to know that the Company is on board with any settlement Plaintiff is negotiating.  Therefore, it could help facilitate that process, if you would let me know what the Company considers to be the minimum recovery that it would consider reasonable from each of the eight Defendants.

*Second*, any Defendant settling the case is also likely to ask for a release from the Company.  Often, parties ask for broad releases covering potentially more than the claims at issue in the action.  Please let me know whether there are any limits on the scope of a release which the Company is willing to provide.  Relatedly, please let me know whether the Company will be seeking a reciprocal release from any settling Defendant and, if so, the scope of any such release.

*Third*, please let me know whether the Company is amenable to a settlement provision keeping the terms of any settlement confidential subject to the need to make any required federal securities law disclosures and any necessary disclosures to the Court.

*Fourth*, given the Company having previously moving to have the case captioned amended such that it is a nominal defendant, please let me know whether the Company believes that a notice and hearing for any settlement is required by Fed. R. Civ. P. 23.1 or

whether the requirements for the approval of attorneys' fees contained in Local Rule 23.1 apply.

*Fifth*, please let me know whether the Company objects to Plaintiff's counsel holding any settlement funds in escrow pending either the final approval or effectuation of the terms of any settlement and, if so, whether it has a preferred escrow agent.

In addressing these questions to you, Plaintiff does not intend to concede that forming the Litigation Committee was appropriate or necessary given the procedural history and posture of this action.  Instead, this letter simply reflects the reality that the Company has chosen you to interact with Plaintiff's counsel and the practical reality that many, if not most, Defendants are likely to seek a release of claims from the Company in connection with any settlement.

I look forward to hearing from you.

Sincerely yours,
Jeff

**Jeffrey S. Abraham**
Abraham, Fruchter & Twersky LLP
450 Seventh Avenue, 38th Floor
New York, NY 10123
Tel: (212) 279-5050
Fax: (212) 279-3655



---

**From:** Aaron Morris <aaron@moka.law>
**Sent:** Tuesday, February 24, 2026 7:33 PM
**To:** Jeffrey S. Abraham <JAbraham@aftlaw.com>
**Subject:** FW: Augenbaum/Kartoon Studios

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

> **WARNING:** The sender of this email could not be validated and may not match the person in the "From" field.

Jeff,

Apologies, I'm juggling while in British Columbia heliskiing… I thought I would have more downtime than I've had but weather has been great and they are running the choppers all day long. We should connect soon but there's no immediate urgency. Tell me how your schedule looks later in the week and early next week.

**Aaron T. Morris**

**MORRIS KANDINOV LLP**

Direct: 332.240.4024

aaron@moka.law

**From:** Jeffrey S. Abraham <JAbraham@aftlaw.com>
**Date:** Tuesday, February 24, 2026 at 2:13 PM
**To:** Aaron Morris <aaron@moka.law>
**Cc:** Michael Jaffa <mjaffa@kartoonstudios.com>, Andrew Robertson <andrew@moka.law>, Michael Klein <mklein@aftlaw.com>, Robert Glunt <glunt@mandelbhandari.com>, Evan Mandel <em@mandelbhandari.com>
**Subject:** RE: Augenbaum/Kartoon Studios

Aaron,

Following up.  I guess today didn't work for you.  In the meantime, tomorrow morning is no longer good for me.  If you want to talk at another time, let me know.

Jeff

**Jeffrey S. Abraham**

Abraham, Fruchter & Twersky LLP

450 Seventh Avenue, 38th Floor
New York, NY 10123
Tel: (212) 279-5050
Fax: (212) 279-3655



**From:** Jeffrey S. Abraham <JAbraham@aftlaw.com>
**Sent:** Friday, February 20, 2026 4:00 PM
**To:** Aaron Morris <aaron@moka.law>
**Cc:** Michael Jaffa <mjaffa@kartoonstudios.com>; Andrew Robertson <andrew@moka.law>; Michael Klein <mklein@aftlaw.com>; Robert Glunt <glunt@mandelbhandari.com>; Evan Mandel <em@mandelbhandari.com>
**Subject:** Re: Augenbaum/Kartoon Studios

It should

Get Outlook for iOS

**From:** Aaron Morris <aaron@moka.law>
**Sent:** Friday, February 20, 2026 1:50:43 PM
**To:** Jeffrey S. Abraham <JAbraham@aftlaw.com>
**Cc:** Michael Jaffa <mjaffa@kartoonstudios.com>; Andrew Robertson <andrew@moka.law>; Michael Klein <mklein@aftlaw.com>; Robert Glunt <glunt@mandelbhandari.com>; Evan Mandel <em@mandelbhandari.com>
**Subject:** Re: Augenbaum/Kartoon Studios

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

**WARNING:** The sender of this email could not be validated and may not match the person in the "From" field.

Jeff,

Sorry for the delay, I had a few things pull me away this week. I will look into the tolling agreement issue, minutes, and let's discuss next week. I'm on west coast time next week, does anything 9:30AM to 11AM ET Tuesday or Wednesday work for you for a 10 min call?

**Aaron T. Morris**

**MORRIS KANDINOV LLP**

Direct: 332.240.4024

aaron@moka.law

**From:** Jeffrey S. Abraham <JAbraham@aftlaw.com>
**Date:** Friday, February 20, 2026 at 12:17 PM
**To:** Aaron Morris <aaron@moka.law>
**Cc:** Michael Jaffa <mjaffa@kartoonstudios.com>, Andrew Robertson <andrew@moka.law>, Michael Klein <mklein@aftlaw.com>, Robert Glunt <glunt@mandelbhandari.com>, Evan Mandel <em@mandelbhandari.com>
**Subject:** Re: Augenbaum/Kartoon Studios

Aaron,

Are those minutes available yet?  Also, is there an actual tolling agreement into which Iroquois entered into with the Company?  If so, can you shoot it over to me?

What days work for you next week?

Jeff

**Jeffrey S. Abraham**

Abraham, Fruchter & Twersky LLP

450 Seventh Avenue, 38th Floor
New York, NY 10123
Tel: (212) 279-5050
Fax: (212) 279-3655

**From:** Aaron Morris <aaron@moka.law>
**Sent:** Friday, February 13, 2026 9:51 AM
**To:** Jeffrey S. Abraham <JAbraham@aftlaw.com>
**Cc:** Michael Jaffa <mjaffa@kartoonstudios.com>; Andrew Robertson <andrew@moka.law>; Michael Klein <mklein@aftlaw.com>
**Subject:** Re: Augenbaum/Kartoon Studios

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

**WARNING:** The sender of this email could not be validated and may not match the person in the "From" field.

Jeff,

Thanks for sending the *Ferko* case, which I've reviewed. I see the risk of privilege waiver on your side that you are flagging, but I think we are fully addressing here under the Rule 502(d) agreement, which is bilateral. Moreover, as "suspenders" to this belt, I would suggest that we require defendants to expressly consent to this order and note that in our filing with the Court. I would expect them to agree because they don't really have a basis to object and would appear to the judge as needlessly uncooperative. As to Rule 408, I agree that settlement communications would be covered, but I see that issue as separate to the potential waiver of attorney-client privilege for our respective clients.

As to the resolutions establishing the Committee, I am attaching the minutes with redactions until we resolve the potential privilege issues we have been discussing. The Committee's subsequent retention of my firm will be reflected in minutes that are not yet finalized. Upon receipt, I will provide them to you as well.

If easier, feel free to call me at the number below.

Aaron

**Aaron T. Morris**
**MORRIS KANDINOV LLP**
Direct: 332.240.4024
aaron@moka.law

**From:** Jeffrey S. Abraham <JAbraham@aftlaw.com>
**Date:** Wednesday, February 11, 2026 at 10:36 AM
**To:** Aaron Morris <aaron@moka.law>
**Cc:** Michael Jaffa <mjaffa@kartoonstudios.com>, Andrew Robertson <andrew@moka.law>, Michael Klein <mklein@aftlaw.com>
**Subject:** RE: Augenbaum/Kartoon Studios
Dear Aaron,

Look at *Ferko v. Nat'l Ass'n For Stock Car Auto Racing, Inc.*, 219 F.R.D. 396, 403 (E.D. Tex. 2003) which holds that communication between a plaintiff and a corporate nominal defendant are because  a plaintiff in shareholder derivative action shares with a nominal corporate defendant is not protected by the common interest privilege or any extension of the attorney-client privilege or work-product doctrine.  *See Ferko v. Nat'l Ass'n For Stock Car Auto Racing, Inc.*, 219 F.R.D. 396, 403 (E.D. Tex. 2003).  *Ferko* seems on point because Genius has taken a hostile position towards Plaintiff's claims starting from responding to Plaintiff's demand by asserting that the claim was meritless which even figured as an exhibit in Defendants' motion to dismiss (ECF No. 96-6) continuing through at least summary judgment briefing in which Michael Jaffa's declaration quite pointedly is Exhibit 1.  ECF No. 232-1.

Also, in this case, Plaintiff only knows you as counsel for SEG.  Therefore, it doesn't make sense for Plaintiff to have any conversation with you until you show us the board resolution establishing the "Litigation Committee" and appointing your firm as counsel for that committee. This is not my first rodeo and I have seen many such Board resolutions provided without any privilege being asserted.  I understand that any investigation and legal advice might be privileged but the simple board resolutions Plaintiff is seeking are not within that category.

I am also rather concerned about signing any stipulation of the sort you suggested because I'm not the smartest guy in the room and am concerned about being sandbagged.  This especially true here because I am completely at sea with how anything you could show me with respect to the underlying facts of the case is not already covered by the confidentiality agreement Judge Subramanian entered in this case.  To the extent our conversations touch on other matters, Rule 408 would seem to adequately assure the Company of confidentiality.  Nonetheless, I have no intention of disclosing anything you tell me to Defendants because Plaintiff obviously considers their position as hostile in this litigation.

Sincerely yours,
Jeff

**Jeffrey S. Abraham**

Abraham, Fruchter & Twersky LLP

450 Seventh Avenue, 38th Floor
New York, NY 10123
Tel: (212) 279-5050
Fax: (212) 279-3655



---

**From:** Aaron Morris <aaron@moka.law>
**Sent:** Tuesday, February 10, 2026 6:42 PM
**To:** Jeffrey S. Abraham <JAbraham@aftlaw.com>
**Cc:** Michael Jaffa <mjaffa@kartoonstudios.com>; Andrew Robertson <andrew@moka.law>; Michael Klein <mklein@aftlaw.com>
**Subject:** Re: Augenbaum/Kartoon Studios

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

> **WARNING:** The sender of this email could not be validated and may not match the person in the "From" field.

Jeff,

Thanks for your email. Assume that it is our intention to provide the information requested in the bullets below, but could we please schedule a call to discuss your final bullet on case law? We are of the opinion that Rule 502(d) was designed to enable this kind of dialogue. We'd be happy to look at any of your cases in advance of that call.

I'm traveling all day tomorrow but could schedule something in the afternoon Thursday or any time Friday.

**Aaron T. Morris**
**MORRIS KANDINOV LLP**
Direct: 332.240.4024
aaron@moka.law

**From:** Jeffrey S. Abraham <JAbraham@aftlaw.com>
**Date:** Tuesday, February 10, 2026 at 5:02 PM
**To:** Aaron Morris <aaron@moka.law>
**Cc:** Michael Jaffa <mjaffa@kartoonstudios.com>, Andrew Robertson <andrew@moka.law>,
Michael Klein <mklein@aftlaw.com>
**Subject:** RE: Augenbaum/Kartoon Studios
Dear Aaron,

I have some concerns about this draft stipulation but before we get there, Plaintiff needs to understand the nature of your request and ensure that Plaintiff's information will be properly handled.  To that end, I'd appreciate if you could help me better understand what the Committee has in mind by responding to the following questions:

- For what purpose does the committee want to discuss our "strategic thinking" in this litigation?
- What role does the committee or company believe that it has in this litigation?
- What actions, if any, does the committee or Company intend to take?
- Who will be provided with information turned over to the committee?
- What discussions has the committee or Company had with defendants or their representatives?
- What assurances does Plaintiff have that confidential information will not be provided to the defendants or their representatives?
- Based on Plaintiff's review of the caselaw, there appears to be substantial risk that any information provided to the committee or the Company will lose privilege protections.  Do you have a different view?  Do you have authority for that position?

We're certainly happy to discuss these issues to ensure that everything proceeds appropriately and in a fashion that protects the rights of Plaintiff, and the Company.

Sincerely yours,
Jeff Abraham


**Jeffrey S. Abraham**
Abraham, Fruchter & Twersky LLP
450 Seventh Avenue, 38th Floor
New York, NY 10123
Tel: (212) 279-5050
Fax: (212) 279-3655



**From:** Aaron Morris <aaron@moka.law>
**Sent:** Friday, February 6, 2026 7:23 PM
**To:** Jeffrey S. Abraham <JAbraham@aftlaw.com>
**Cc:** Michael Jaffa <mjaffa@kartoonstudios.com>; Andrew Robertson <andrew@moka.law>
**Subject:** Re: Augenbaum/Kartoon Studios

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

**WARNING:** The sender of this email could not be validated and may not match the person in the "From" field.

Jeff,

Yes, and I'd like to be in a position to share those materials as well as others in the future. I am attaching a Rule 502(d) agreement that would allow the company to share these materials without the risk of waiving the attorney-client privilege.

Please let me know your comments and we will get on file promptly.

**Aaron T. Morris**

**MORRIS KANDINOV LLP**

Direct: 332.240.4024

aaron@moka.law

**From:** Jeffrey S. Abraham <JAbraham@aftlaw.com>
**Date:** Friday, February 6, 2026 at 1:50 PM
**To:** Aaron Morris <aaron@moka.law>
**Cc:** Michael Jaffa <mjaffa@kartoonstudios.com>, Andrew Robertson <andrew@moka.law>
**Subject:** RE: Augenbaum/Kartoon Studios

Dear Aaron,

As an initial matter, can you please provide me with the minutes and the Board resolution if there is one creating the Litigation Committee and authorizing the Litigation Committee to hire Morris Kandinov.

Sincerely yours,
Jeff

**Jeffrey S. Abraham**
Abraham, Fruchter & Twersky LLP
450 Seventh Avenue, 38th Floor
New York, NY 10123
Tel: (212) 279-5050
Fax: (212) 279-3655



**From:** Aaron Morris <aaron@moka.law>
**Sent:** Friday, February 6, 2026 10:12 AM
**To:** Jeffrey S. Abraham <JAbraham@aftlaw.com>
**Cc:** Michael Jaffa <mjaffa@kartoonstudios.com>; Andrew Robertson <andrew@moka.law>
**Subject:** Augenbaum/Kartoon Studios

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

**WARNING:** The sender of this email could not be validated and may not match the person in the "From" field.

Jeff,

I hope all is well with you. My firm has been retained in connection with the creation of a Litigation Committee by the Board of Directors of Kartoon Studios. The Committee's mandate is to evaluate the ongoing *Augenbaum* litigation and report its findings and recommendations to the Board. In that regard, the Committee has been authorized by the Board to engage directly with the other parties to the litigation. The Committee has reviewed the procedural history of the litigation and is currently analyzing the risks and benefits to the Company under various potential outcomes.

In the coming weeks, at your convenience, could we please arrange a time to speak regarding the status of the case, the upcoming trial, and Plaintiff's strategic thinking? Perhaps we could speak initially, and then if you are willing, we could arrange a time to speak directly with the members of the Committee (Jeff Schlesinger and Tony Thomopoulos)? Let me know your thoughts.

I'm traveling today but could make any day except for Wednesday next week work.

-Aaron

**Aaron T. Morris**
**MORRIS KANDINOV LLP**
Direct: 332.240.4024
aaron@moka.law