# EXHIBIT 7

 **Outlook**

## Re: Augenbaum/Kartoon Studios

**From** Aaron Morris <aaron@moka.law>

**Date** Fri 2/13/2026 9:52 AM

**To** Jeffrey S. Abraham <JAbraham@aftlaw.com>

**Cc** Michael Jaffa <mjaffa@kartoonstudios.com>; Andrew Robertson <andrew@moka.law>; Michael Klein <mklein@aftlaw.com>

📎 1 attachment (339 KB)

2026-1-30 Minutes of the Board of Directors of Kartoon Studios, Inc_Redacted.pdf;

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

> **WARNING:** The sender of this email could not be validated and may not match the person in the "From" field.

Jeff,

Thanks for sending the *Ferko* case, which I've reviewed. I see the risk of privilege waiver on your side that you are flagging, but I think we are fully addressing here under the Rule 502(d) agreement, which is bilateral. Moreover, as "suspenders" to this belt, I would suggest that we require defendants to expressly consent to this order and note that in our filing with the Court. I would expect them to agree because they don't really have a basis to object and would appear to the judge as needlessly uncooperative. As to Rule 408, I agree that settlement communications would be covered, but I see that issue as separate to the potential waiver of attorney-client privilege for our respective clients.

As to the resolutions establishing the Committee, I am attaching the minutes with redactions until we resolve the potential privilege issues we have been discussing. The Committee's subsequent retention of my firm will be reflected in minutes that are not yet finalized. Upon receipt, I will provide them to you as well.

If easier, feel free to call me at the number below.

Aaron


**Aaron T. Morris**

**MORRIS KANDINOV LLP**

Direct:  332.240.4024

aaron@moka.law

**From:** Jeffrey S. Abraham <JAbraham@aftlaw.com>
**Date:** Wednesday, February 11, 2026 at 10:36 AM
**To:** Aaron Morris <aaron@moka.law>
**Cc:** Michael Jaffa <mjaffa@kartoonstudios.com>, Andrew Robertson <andrew@moka.law>, Michael Klein <mklein@aftlaw.com>
**Subject:** RE: Augenbaum/Kartoon Studios

Dear Aaron,

Look at *Ferko v. Nat'l Ass'n For Stock Car Auto Racing, Inc.*, 219 F.R.D. 396, 403 (E.D. Tex. 2003) which holds that communication between a plaintiff and a corporate nominal defendant are because  a plaintiff in shareholder derivative action shares with a nominal corporate defendant is not protected by the common interest privilege or any extension of the attorney-client privilege or work-product doctrine.  *See Ferko v. Nat'l Ass'n For Stock Car Auto Racing, Inc.*, 219 F.R.D. 396, 403 (E.D. Tex. 2003).  *Ferko* seems on point because Genius has taken a hostile position towards Plaintiff's claims starting from responding to Plaintiff's demand by asserting that the claim was meritless which even figured as an exhibit in Defendants' motion to dismiss (ECF No. 96-6) continuing through at least summary judgment briefing in which Michael Jaffa's declaration quite pointedly is Exhibit 1.  ECF No. 232-1.

Also, in this case, Plaintiff only knows you as counsel for SEG.  Therefore, it doesn't make sense for Plaintiff to have any conversation with you until you show us the board resolution establishing the "Litigation Committee" and appointing your firm as counsel for that committee. This is not my first rodeo and I have seen many such Board resolutions provided without any privilege being asserted.  I understand that any investigation and legal advice might be privileged but the simple board resolutions Plaintiff is seeking are not within that category.

I am also rather concerned about signing any stipulation of the sort you suggested because I'm not the smartest guy in the room and am concerned about being sandbagged.  This especially true here because I am completely at sea with how anything you could show me with respect to the underlying facts of the case is not already covered by the confidentiality agreement Judge Subramanian entered in this case.  To the extent our conversations touch on other matters, Rule 408 would seem to adequately assure the Company of confidentiality.  Nonetheless, I have no intention of disclosing anything you tell me to Defendants because Plaintiff obviously considers their position as hostile in this litigation.

Sincerely yours,
Jeff

**Jeffrey S. Abraham**
Abraham, Fruchter & Twersky LLP
450 Seventh Avenue, 38th Floor
New York, NY 10123
Tel: (212) 279-5050
Fax: (212) 279-3655



**From:** Aaron Morris <aaron@moka.law>
**Sent:** Tuesday, February 10, 2026 6:42 PM
**To:** Jeffrey S. Abraham <JAbraham@aftlaw.com>
**Cc:** Michael Jaffa <mjaffa@kartoonstudios.com>; Andrew Robertson <andrew@moka.law>; Michael Klein <mklein@aftlaw.com>
**Subject:** Re: Augenbaum/Kartoon Studios

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

> **WARNING:** The sender of this email could not be validated and may not match the person in the "From" field.

Jeff,

Thanks for your email. Assume that it is our intention to provide the information requested in the bullets below, but could we please schedule a call to discuss your final bullet on case law? We are of the opinion that Rule 502(d) was designed to enable this kind of dialogue. We'd be happy to look at any of your cases in advance of that call.

I'm traveling all day tomorrow but could schedule something in the afternoon Thursday or any time Friday.

**Aaron T. Morris**

**MORRIS KANDINOV LLP**

Direct: 332.240.4024

aaron@moka.law

**From:** Jeffrey S. Abraham <JAbraham@aftlaw.com>
**Date:** Tuesday, February 10, 2026 at 5:02 PM
**To:** Aaron Morris <aaron@moka.law>
**Cc:** Michael Jaffa <mjaffa@kartoonstudios.com>, Andrew Robertson <andrew@moka.law>, Michael Klein <mklein@aftlaw.com>
**Subject:** RE: Augenbaum/Kartoon Studios

Dear Aaron,

I have some concerns about this draft stipulation but before we get there, Plaintiff needs to understand the nature of your request and ensure that Plaintiff's information will be properly handled.  To that end, I'd appreciate if you could help me better understand what the Committee has in mind by responding to the following questions:

- For what purpose does the committee want to discuss our "strategic thinking" in this litigation?
- What role does the committee or company believe that it has in this litigation?
- What actions, if any, does the committee or Company intend to take?
- Who will be provided with information turned over to the committee?
- What discussions has the committee or Company had with defendants or their representatives?
- What assurances does Plaintiff have that confidential information will not be provided to the defendants or their representatives?
- Based on Plaintiff's review of the caselaw, there appears to be substantial risk that any information provided to the committee or the Company will lose privilege protections.  Do you have a different view?  Do you have authority for that position?

We're certainly happy to discuss these issues to ensure that everything proceeds appropriately and in a fashion that protects the rights of Plaintiff, and the Company.

Sincerely yours,
Jeff Abraham

**Jeffrey S. Abraham**
Abraham, Fruchter & Twersky LLP
450 Seventh Avenue, 38th Floor
New York, NY 10123
Tel: (212) 279-5050
Fax: (212) 279-3655



---

**From:** Aaron Morris <aaron@moka.law>
**Sent:** Friday, February 6, 2026 7:23 PM
**To:** Jeffrey S. Abraham <JAbraham@aftlaw.com>
**Cc:** Michael Jaffa <mjaffa@kartoonstudios.com>; Andrew Robertson <andrew@moka.law>
**Subject:** Re: Augenbaum/Kartoon Studios

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

> **WARNING:** The sender of this email could not be validated and may not match the person in the "From" field.

Jeff,

Yes, and I'd like to be in a position to share those materials as well as others in the future. I am attaching a Rule 502(d) agreement that would allow the company to share these materials without the risk of waiving the attorney-client privilege.

Please let me know your comments and we will get on file promptly.

**Aaron T. Morris**
**MORRIS KANDINOV LLP**
Direct: 332.240.4024
aaron@moka.law

---

**From:** Jeffrey S. Abraham <JAbraham@aftlaw.com>
**Date:** Friday, February 6, 2026 at 1:50 PM
**To:** Aaron Morris <aaron@moka.law>
**Cc:** Michael Jaffa <mjaffa@kartoonstudios.com>, Andrew Robertson <andrew@moka.law>
**Subject:** RE: Augenbaum/Kartoon Studios
Dear Aaron,

As an initial matter, can you please provide me with the minutes and the Board resolution if there is one creating the Litigation Committee and authorizing the Litigation Committee to hire Morris Kandinov.

Sincerely yours,

Jeff

**Jeffrey S. Abraham**
Abraham, Fruchter & Twersky LLP
450 Seventh Avenue, 38th Floor
New York, NY 10123
Tel: (212) 279-5050
Fax: (212) 279-3655



---

**From:** Aaron Morris <aaron@moka.law>
**Sent:** Friday, February 6, 2026 10:12 AM
**To:** Jeffrey S. Abraham <JAbraham@aftlaw.com>
**Cc:** Michael Jaffa <mjaffa@kartoonstudios.com>; Andrew Robertson <andrew@moka.law>
**Subject:** Augenbaum/Kartoon Studios

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

> **WARNING:** The sender of this email could not be validated and may not match the person in the "From" field.

Jeff,

I hope all is well with you. My firm has been retained in connection with the creation of a Litigation Committee by the Board of Directors of Kartoon Studios. The Committee's mandate is to evaluate the ongoing *Augenbaum* litigation and report its findings and recommendations to the Board. In that regard, the Committee has been authorized by the Board to engage directly with the other parties to the litigation. The Committee has reviewed the procedural history of the litigation and is currently analyzing the risks and benefits to the Company under various potential outcomes.

In the coming weeks, at your convenience, could we please arrange a time to speak regarding the status of the case, the upcoming trial, and Plaintiff's strategic thinking? Perhaps we could speak initially, and then if you are willing, we could arrange a time to speak directly with the members of the Committee (Jeff Schlesinger and Tony Thomopoulos)? Let me know your thoughts.

I'm traveling today but could make any day except for Wednesday next week work.

-Aaron

**Aaron T. Morris**
**MORRIS KANDINOV LLP**
Direct: 332.240.4024
aaron@moka.law