# EXHIBIT 8

 Outlook

## Re: CVI/Skadden -- Revised Offer

**From** David Murphy <dmurphy@phillipsadr.com>

**Date** Tue 2/24/2026 5:44 PM

**To**    Jeffrey S. Abraham <JAbraham@aftlaw.com>

**Cc**    Michael Klein <mklein@aftlaw.com>

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Ok, in a mediation so I don't realize that was authorized.   Will convey, Jeff.

**David M. Murphy** ([bio](#))

    Mediator ◇ Arbitrator ◇ Independent Panelist

    Phillips ADR Enterprises LLC (PADRE)

      917-446-0233 (CT & NYC)

---

**From:** Jeffrey S. Abraham <JAbraham@aftlaw.com>

**Sent:** Tuesday, February 24, 2026 5:42:31 PM

**To:** David Murphy <dmurphy@phillipsadr.com>

**Cc:** Michael Klein <mklein@aftlaw.com>

**Subject:** RE: CVI/Skadden -- Revised Offer

I thought I wrote to you before in my 3:09 p.m. email that we're running a blue light special today so you can convey the $10 million demand.

**Jeffrey S. Abraham**

Abraham, Fruchter & Twersky LLP

450 Seventh Avenue, 38th Floor

New York, NY 10123

Tel: (212) 279-5050

Fax: (212) 279-3655



---

**From:** David Murphy <dmurphy@phillipsadr.com>

**Sent:** Tuesday, February 24, 2026 5:39 PM

**To:** Jeffrey S. Abraham <JAbraham@aftlaw.com>

**Cc:** Michael Klein <mklein@aftlaw.com>

**Subject:** Re: CVI/Skadden -- Revised Offer

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

It means that I am quite certain that 10m would be accepted were I to propose it, Jeff. I don't know if they would do 7-8m, but the best way to find out is to counter at 10m and let me explore that with them. Obviously only if you are interested.

**David M. Murphy** (bio)

Mediator ◇ Arbitrator ◇ Independent Panelist

Phillips ADR Enterprises LLC (PADRE)

917-446-0233 (CT & NYC)

---

**From:** Jeffrey S. Abraham <JAbraham@aftlaw.com>
**Sent:** Tuesday, February 24, 2026 5:15:35 PM
**To:** David Murphy <dmurphy@phillipsadr.com>
**Cc:** Michael Klein <mklein@aftlaw.com>
**Subject:** RE: CVI/Skadden -- Revised Offer

Does this mean we're done? Or that the prior effort failed?

**Jeffrey S. Abraham**

Abraham, Fruchter & Twersky LLP

450 Seventh Avenue, 38th Floor
New York, NY 10123
Tel: (212) 279-5050
Fax: (212) 279-3655



---

**From:** David Murphy <dmurphy@phillipsadr.com>
**Sent:** Tuesday, February 24, 2026 5:14 PM
**To:** Jeffrey S. Abraham <JAbraham@aftlaw.com>
**Cc:** Michael Klein <mklein@aftlaw.com>
**Subject:** Re: CVI/Skadden -- Revised Offer

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Yes, but I pushed and pushed and pushed and that wasn't viable. It was a hard no, so I didn't make it.

**David M. Murphy** (bio)

Mediator ◇ Arbitrator ◇ Independent Panelist

Phillips ADR Enterprises LLC (PADRE)

917-446-0233 (CT & NYC)

**From:** Jeffrey S. Abraham <JAbraham@aftlaw.com>
**Sent:** Tuesday, February 24, 2026 3:09:19 PM
**To:** David Murphy <dmurphy@phillipsadr.com>
**Cc:** Michael Klein <mklein@aftlaw.com>
**Subject:** RE: CVI/Skadden -- Revised Offer

I'm pretty sure we were discussing a double blind at $10 million. I went back and checked my emails and found one you sent on December 11, 2025 which I am pasting in below. Regardless, this might be a time for a blue light special and I will drop my demand to $10 but I think I think it is fair to get the facts straight.

Jeff


Jeff,

As I said, Skadden's offer of $7 million dropped any demand for an MFN, so the devilish details (at least to CVI) are academic. I will convey your more to $16m. Thank you.

David


**Jeffrey S. Abraham**
Abraham, Fruchter & Twersky LLP
450 Seventh Avenue, 38th Floor
New York, NY 10123
Tel: (212) 279-5050
Fax: (212) 279-3655



**From:** David Murphy <dmurphy@phillipsadr.com>
**Sent:** Tuesday, February 24, 2026 3:01 PM
**To:** Jeffrey S. Abraham <JAbraham@aftlaw.com>
**Cc:** Michael Klein <mklein@aftlaw.com>
**Subject:** Re: CVI/Skadden -- Revised Offer

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

All points well taken, with one exception. They never said 7m. I told you previously if I were to make a double-blind mediator's recommendation at 7ish, I was reasonably confident Susan's client would accept it. Perhaps that is remains true: a $5 million offer is consistent with that landing spot.

That said, Susan told me this morning that her client has incurred material additional expense since then; the passage of time is not neutral; and her client is offering to give up a litigable and now larger claim to indemnification as part of this offer.  What is the Company's position on this since the Company would be getting and giving a release here whatever the final number?

If you want to try to land this right now for 7-8m, consider a counter at 10m.  If not, I understand.

Best,

David

**David M. Murphy**  ([bio](#))

   Mediator ◇ Arbitrator ◇ Independent Panelist

    Phillips ADR Enterprises LLC (PADRE)

      917-446-0233 (CT & NYC)

---

**From:** Jeffrey S. Abraham <JAbraham@aftlaw.com>
**Sent:** Tuesday, February 24, 2026 11:57:12 AM
**To:** David Murphy <dmurphy@phillipsadr.com>
**Cc:** Michael Klein <mklein@aftlaw.com>
**Subject:** RE: CVI/Skadden -- Revised Offer

David,

I am still refining the research, but the first principle is that any agreement to indemnify a party for Section 16(b) claims is void both as a matter of public policy and as a waiver which is void ab initio based upon Section 29(a) of the Exchange Act.  Section 29(b) then makes the entire contract void and although that provision is not often invoked federal courts act based upon principles of equity in determining whether any provision of the contract will continue to be enforceable.

Also, I note that Section 9(k) of the SPA does not clearly reference Section 16(b)  claims and should be interpreted in a manner that would prevent a finding that the parties intended to enter a contract violating where, as here, there exists a perfectly reasonable alternative interpretation that does not involve violating the law.  I also note though it does not make sense to get into detail here on certain differences between the indemnification provision contained in the SPAs for the registered direct offerings as well as the doctrine of severability can be applied when the underlying agreement upon which the purportedly severable provision depends (9(k)(iii) directly cross-references 9(k)(i)) is void ab initio.

Finally, I did not mention the Company forming a Litigation Committee but if that what Susan thinks will rule the day, she should consider the possibility that either Judge Subramanian will not go along with Defendants' scheme or, better yet, he will accept the settlement of the claims by the Company while allowing Plaintiff to pursue the case to trial treating the settlement as a floor beneath which recovery cannot go.

It's very hard to make a counter to such a lowball offer which if I was an intemperate person or in a bad mood I would call a Fuck You offer since it is even lower than the $7 million level I

understood CVI to be at in our prior discussions. I am, however, always open to your thoughts.

Jeff

**Jeffrey S. Abraham**
Abraham, Fruchter & Twersky LLP
450 Seventh Avenue, 38th Floor
New York, NY 10123
Tel: (212) 279-5050
Fax: (212) 279-3655



---

**From:** David Murphy <dmurphy@phillipsadr.com>
**Sent:** Tuesday, February 24, 2026 11:22 AM
**To:** Jeffrey S. Abraham <JAbraham@aftlaw.com>
**Cc:** Michael Klein <mklein@aftlaw.com>
**Subject:** Re: CVI/Skadden -- Revised Offer

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Understood, Jeff.   Do you want other make a counter?   What, may I ask, makes you confident that the newly formed SLC will not wrest control over the resolution of these claims given that the Company faces such large indemnification exposure?

**David M. Murphy, Esq.**  (bio)
Mediator ◇ Arbitrator ◇ Independent Panelist
Phillips ADR Enterprises LLC (PADRE)
New York ◇ Corona del Mar
917-446-0233 (New York)

On Feb 24, 2026, at 10:25 AM, Jeffrey S. Abraham <JAbraham@aftlaw.com> wrote:

David,

I see you've marked this email high importance so I owe you the courtesy of a prompt response.

Susan's offer is almost certainly the product of my having reached out to her late last week to tell her I have maximum flexibility to settle the case before February 27th.  However, flexibility should not be confused with panic or a bargain basement sale.  CVI's offer is rejected but in the spirit of always looking on the bright side of life, if I lost my mind or and accepted that offer, the MFN would not be a problem.

I am guessing that the new intransigence and stalling of meaningful settlement talks is based upon the latest machinations of Iroquois and Empery filing complaints for advancement of legal

fees as well as other related maneuvering by Genius. I am confident – and you can tell Susan – that those efforts will fail.

Sincerely,
Jeff

**Jeffrey S. Abraham**

Abraham, Fruchter & Twersky LLP

450 Seventh Avenue, 38th Floor
New York, NY 10123
Tel: (212) 279-5050
Fax: (212) 279-3655

<image001.jpg>

---

**From:** David Murphy <dmurphy@phillipsadr.com>
**Sent:** Tuesday, February 24, 2026 9:15 AM
**To:** Jeffrey S. Abraham <JAbraham@aftlaw.com>
**Subject:** CVI/Skadden -- Revised Offer
**Importance:** High

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Privileged & Confidential
For Settlement Purposes Only
Subject to Written Confidentiality Agreement

Jeff,

Susan Salzstein called me this morning to relay her call with you and to pass along an offer from her client. CVI is willing to settle with you for $5 million. As part of any settlement, CVI will drop any request for an MFN; CVI will waive its contractual right to indemnification by the Company for its considerable legal fees and expenses to date; but CVI will need a full release from the Company and you. If you are interested in a settlement at this price point, Skadden says that this can be ready to present to the court for approval within a few days.

Best regards,

David

**David M. Murphy, Esq.** (bio)
Mediator ◇ Arbitrator ◇ Independent Panelist
Phillips ADR Enterprises LLC (PADRE)
New York ◇ Corona del Mar
917-446-0233 (New York)