# EXHIBIT 13

Case 1:22-cv-00249-AS    Document 388-13    Filed 05/20/26    Page 2 of 3



**Rainey** LLP

+1.310.601.8440

raineyllp.com

NEW YORK | LONDON* | BEVERLY HILLS

Monday, May 11, 2026

***SENT VIA NYSCEF***

Hon. Anar Rathod Patel, A.J.S.C.
Supreme Court of the State of New York
Commercial Division, Part 45
60 Centre Street, Room 428
New York, NY 10007

      Re:      **Empery Asset Master, Ltd., et al. v. Kartoon Studios, Inc., Index No. 650906/2026 — Defendant's Proposed Preliminary Conference Order**

Dear Justice Patel:

We represent Defendant Kartoon Studios, Inc. ("Kartoon"). Pursuant to the Court's May 6, 2026 order and Part 45 Practice Rule X.A., Kartoon respectfully submits its proposed Preliminary Conference Order for the May 13, 2026 preliminary conference and pre-motion conference.

The parties conferred regarding the joint statement and proposed Preliminary Conference Order. The parties have reached agreement on the joint statement, which Plaintiffs have indicated they will file. The parties have not reached agreement on the discovery schedule in the proposed Preliminary Conference Order. Plaintiffs have advised that they intend to submit their own proposed schedule.

Kartoon's proposed schedule (attached herewith) is not intended to delay this action. It is a measured schedule for a standard-track Commercial Division case in which the Court has set the May 13 appearance as both a preliminary conference and a pre-motion conference on Kartoon's anticipated dispositive CPLR 3211 motion.

Although Plaintiffs characterize this as a straightforward indemnification matter, the case arises from a multi-year federal Section 16(b) short-swing-profit action, concerns more than $3.5 million in claimed defense fees, and—if it proceeds to discovery—would require examination of the mechanics of a complex set of securities transactions and related transaction documents, as reflected in Plaintiffs' own lengthy complaint package with exhibits.

Commercial Division Rule 11 recognizes that discovery is among the most expensive and time-consuming aspects of commercial litigation and should be proportional and reasonable in light of the complexity of the case and the proof required. The Rules also contemplate early dispositive motion practice before disclosure or after limited-issue disclosure, and Rule 11(g) directs the Court to determine, upon application, whether disclosure should be stayed under CPLR 3214(b) pending a dispositive motion.

Page 2 of 2
To: Hon. Anar Rathod Patel, J.S.C.
May 12, 2026
RE: Empery Asset Master, Ltd., et al. v. Kartoon Studios, Inc., Index No. 650906/2026

Kartoon's anticipated motion may dispose of the action or materially narrow the claims, defenses, and discovery actually needed. Plaintiffs' proposed schedule would nonetheless compress full document discovery, depositions, expert discovery, all discovery, trial readiness, and note-of-issue deadlines into a few months, before the Court has set a motion schedule or addressed the effect of CPLR 3214(b). Kartoon's proposed schedule remains efficient while preserving the statutory stay issue and avoiding unnecessary expense and compressed year-end trial-readiness obligations.

Kartoon respectfully requests that the Court adopt Kartoon's proposed Preliminary Conference Order or address the parties' competing scheduling proposals at the May 13 conference. Kartoon is also separately filing its Commercial Division Rule 10 Certification.

*Respectfully submitted,*

**Chaz Rainey**
*Licensed in CA, NY, NV, TX, and D.C.*

Enclosures: Proposed Preliminary Conference Order; Rule 10 ADR Certification