Exhibit 3

| | |
|---|---|
| **From:** | Benjamin Dozier |
| **To:** | David Murphy |
| **Cc:** | Christopher Clark |
| **Subject:** | RE: Counter |
| **Date:** | Monday, May 18, 2026 6:34:00 PM |

David,

We sent our counterproposal to you on Friday so that Mr. Abraham could have the weekend to consider a reasonable position that may resolve this case or at least demonstrate a willingness to engage in a constructive discussion. Instead, Mr. Abraham has responded with the same rhetoric we have all become used to in support of an unreasonable and unchanging position.  Mr. Abraham's more than $290 million ask is more than 810% the current market capitalization of the Issuer, treats the case as already won before a jury, and disregards the sound and reasonable decision by the Company to monetize this litigation and obtain a necessary and certain cash injection.  Mr. Abraham's treatment of the Settling Defendants' final settlement agreement (tenaciously negotiated by the Company and Settling Defendants) as an "opening" offer, is both unfair and unrealistic. The Settling Defendants have already stretched themselves in achieving an agreement with the Company, and we have now added several million dollars to the pot if Plaintiff will agree to forego an appeal.  This is our best effort to put this matter to bed and keep the Company solvent.

Mr. Abraham's response does not represent a reasonable counteroffer. We will leave our response of $45 million plus release of claims for advancement and indemnification to settle the claims asserted against the Settling Defendants (contingent on Plaintiff accepting the offer and foregoing an appeal) open through the hearing on Tuesday, May 26.  Absent Plaintiff's involvement, we will pursue approval of our agreement with the Company for a settlement of all claims asserted against the Settling Defendants for $39 million cash plus release of claims for advancement and indemnification.

We are happy to discuss or answer any questions you may have.

Best,

Ben

**Benjamin A. Dozier**
Partner
Clark Smith Villazor LLP
666 Third Avenue, 21st Floor
New York, New York 10017

**D** (212) 377-0854 | **M** (302) 545-8782
www.csvllp.com

**From:** Jeffrey S. Abraham <Jsalaw@aftlaw.com>
**Sent:** Sunday, May 17, 2026 18:41
**To:** David Murphy <dmurphy@phillipsadr.com>
**Subject:** Re: Counter

Dear David,

I write with respect to Chris Clark's letter of May 15th.

At the Status Conference on Wednesday, Judge Subramanian stated that Plaintiff could make settlements demand on each individual Defendant rather than an aggregate demand. Tr. at 47:24-25. Plaintiff believes that doing so represents the best way of proceeding because as Plaintiff discussed at the Status Conference, this is not a case involving joint and several liability with each Defendant only being responsible to disgorge its own short-swing profits, and the case has different strength and weaknesses with respect to each Defendant.

One fact not mentioned in Mr. Clark's letter is that Empery responded to Plaintiff's recent settlement demand by stating that it is not interested in discussing settlement. Therefore, there is certain to be a trial, and potentially a resulting appeal, regardless of whether Plaintiff is able to achieve a settlement with any of the other Defendants. Nonetheless, Plaintiff is interested in reaching a settlement with as many of the remaining Defendants as is possible on terms which fairly reflect both the strengths and potential weaknesses of Plaintiff's claims.

As you might be able to tell by the Status Conference transcript, Plaintiff vigorously disputes the Company's ability to resolve Plaintiff's Section 16(b) claims and even assuming *arguendo* that the Company had such authority – which it does not – that the proposed settlement should be approved. The brief Plaintiff expects to file with the Court as scheduled on Wednesday and considers the likelihood of the Court granting the Company's motion as bordering on zero.

Plaintiff has, instead, taken the individual settlement amounts contained in the

proposed settlement as opening offers in response to which Plaintiff made his individual demands.  It would be helpful to know by how much each Defendant is increasing its "contingent counterproposal."  However, if all the Defendants are making that proposal with the thought that either the Court is going to approve the pending motion or that it should have some anchoring effect in this case, Plaintiff believes the settlement process will, unfortunately, not prove productive.

Plaintiff also feels compelled to respond to Mr. Clark's suggestion that Plaintiff is being unreasonable because, among other things, he raised his demand on one Defendant.  Plaintiff does not know which Defendant Mr. Clark is referring to and would prefer direct statements of fact rather than opaque statements requiring guesswork and analysis.  Plaintiff also believes that Defendants and their counsel are sufficiently experienced in settlement matters to understand that an initial demand is not a take it or leave it number and that a settlement demand can appear high when measured against offers which are too low including three which are below prior offers made.

Sincerely,

Jeff

**Jeffrey S. Abraham**
Abraham, Fruchter & Twersky LLP

450 Seventh Avenue, 38th Floor
New York, NY 10123
Tel: (212) 279-5050
Fax: (212) 279-3655



---

**From:** David Murphy <dmurphy@phillipsadr.com>
**Sent:** Saturday, May 16, 2026 10:34 AM
**To:** Jeffrey S. Abraham <Jsalaw@aftlaw.com>
**Subject:** Counter

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Jeff,

Please see attached.

Best regards,

David


**David M. Murphy, Esq.**  (bio)
Mediator ◇ Arbitrator ◇  Independent Panelist
Phillips ADR Enterprises LLC (PADRE)
New York  ◇  Corona del Mar
917-446-0233 (New York)