**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TODD AUGENBAUM,<br><br>          Plaintiff,<br><br>   v.<br><br>ANSON INVESTMENTS MASTER FUND LP; BRIO CAPITAL MASTER FUND LTD.; BRIO SELECT OPPORTUNITIES FUND, LP; CVI INVESTMENTS, INC.; EMPERY ASSET MASTER, LTD.; EMPERY DEBT OPPORTUNITY FUND, LP; EMPERY TAX EFFICIENT, LP; EMPERY ASSET MANAGEMENT, LP; IROQUOIS MASTER FUND LTD.; IROQUOIS CAPITAL INVESTMENT GROUP, LLC; L1 CAPITAL GLOBAL OPPORTUNITIES MASTER FUND; M3A LP; RICHARD MOLINSKY,<br><br>          Defendants,<br><br>  -and-<br><br>KARTOON STUDIOS, INC.,<br><br>          Nominal Defendant. | Civil Action No. 1:22-cv-00249-AS |

**[PROPOSED] JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter came before the Court on Kartoon Studios, Inc.'s ("Kartoon" or the "Company") application for entry of judgment against the Settling Defendants pursuant to the Definitive Settlement Agreement dated May 6, 2026 (the "Agreement") and the Joinder Agreement dated May 21, 2026. This Judgment incorporates by reference the definitions in the Agreement, and all capitalized terms used herein shall have the same meanings set forth in the Agreement.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:**

1

1.      This Court has jurisdiction over the subject matter of this Action and over all Settling Parties.

2.      The Court finds that the Board of Directors of Kartoon, being fully informed and following an arm's-length negotiation with the Settling Defendants, has duly and properly authorized the Company to enter into the Settlement. The Settling Parties are hereby directed to perform the Agreement.

3.      The above-captioned action is dismissed with prejudice against each and all of the Settling Defendants (Anson Investments Master Fund LP, CVI Investments, Inc., Iroquois Master Fund Ltd., Iroquois Capital Investment Group, LLC, L1 Capital Global Opportunities Master Fund, M3A LP, Richard Molinsky, Brio Capital Master Fund Ltd. and Brio Select Opportunities Fund LP).

4.      No Settling Party shall make applications against any other Settling Party or any Released Party for fees, costs, or sanctions pursuant to Rule 11, Rule 37, Rule 45, or any other court rule or statute, with respect to any claims or defenses in this Action or to any aspect of the institution, prosecution, or defense of this Action. Each Settling Party shall bear its own attorneys' fees, costs, and expenses incurred in connection with the Action and the negotiation and execution of the Agreement.

5.      Upon the Release Date, each of the Releasing Parties, on behalf of themselves and their respective shareholders, owners, officers, directors, partners, members, managers, principals, employees, agents, attorneys, predecessors, successors, parents, subsidiaries, affiliates, and assigns, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, as defined in Section 4.1 of the Agreement.

6.      Upon the Release Date, all Releasing Parties and any and all owners of any Kartoon security (as defined in 17 C.F.R. § 240.3a11-1 under the Securities Exchange Act of 1934) or derivative security (as defined in 17 C.F.R. § 240.16a-1(c) under the Securities Exchange Act of 1934) shall be forever barred and enjoined from commencing, instituting, intervening in, or participating in, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind (whether brought directly, in a representative capacity, derivatively, or in any other capacity) asserting any of the Released Claims against any of the Released Parties.

7.      Notwithstanding the foregoing, the releases set forth herein shall not include: (a) claims to enforce the terms of the Agreement; or (b) claims that arise after the date of execution of the Agreement and are not Released Claims.

8.      Neither the Agreement, nor the settlement, nor any of their terms or provisions, nor any act performed or document executed pursuant to or in furtherance of them, nor any of the negotiations or proceedings connected with them: (a) is or may be deemed to be or may be used as an admission of, concession or evidence of, the validity of any Released Claim, the truth of any fact alleged in the Action, the deficiency of any defense that has been or could have been asserted in the Action, or of any alleged wrongdoing, liability, negligence, or fault of any Settling Party or Released Party; or (b) is or may be deemed to be or may be used as an admission, concession, or evidence of any fault or misrepresentation or omission of any Settling Party or Released Party in any civil, criminal, administrative, or other proceeding before any court, administrative agency, arbitration tribunal, or other body. Any Settling Party or Released Party may file the Agreement and/or this Judgment in any other action or other proceeding that may be brought against them in order to support a defense, argument, or counterclaim based on

principles of res judicata, collateral estoppel, release, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense, argument, or counterclaim.

9.      Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the settlement set forth in the Agreement; (b) disposition of the Settlement Payment, the Escrow Payment, and the Initial Payment; (c) all Settling Parties for the purpose of construing, enforcing, and administering the Agreement and this Judgment; and (d) all claims in the above-captioned action against the non-Settling Defendants (Empery Asset Master, Ltd., Empery Debt Opportunity Fund, LP, and Empery Asset Management, LP).

10.     There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**SO ORDERED.**

DATED: _____

_____
THE HONORABLE ARUN SUBRAMANIAN
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

4