**MB MANDEL BHANDARI** LLP

80 Pine Street │ 33rd Floor │ New York, NY │ 10005 │ T. (212) 269-5600 │ F. (646) 964-6667 │ www.mandelbhandari.com

June 4, 2026

**BY ECF**

The Honorable Arun Subramanian
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> **Re:** *Augenbaum v. Anson Investments Master Fund LP, et al.*
> <u>**Case No.: 22-cv-249 (AS)**</u>

Dear Judge Subramanian:

We are co-counsel for Plaintiff Todd Augenbaum in this action. We write in follow-up to the Court's instructions that the parties meet and confer regarding the extensive objections that both sides have asserted to the exhibits identified in the pretrial order. On June 2, 2026, we sent a letter to Defendants identifying several categories of objections that Defendants had asserted, with specific exhibits identified, that we believed to be improper. We indicated that we would be open to revising our own objections and also made several compromise proposals by which both parties would broadly lift objections to certain categories of clearly relevant documents that were likely to be introduced. Defendants requested that both parties identify exhibits highly likely to be introduced so that parties could prioritize discussion of those documents, and Plaintiff agreed to do so.

We met and conferred with counsel for Defendants this afternoon. While the parties resolved some of the objections, unfortunately we were unable to resolve the bulk of the issues.

We write to request clarification on certain evidentiary issues that we believe will streamline the introduction of evidence at trial and provide guidance to the parties concerning the objections that both sides have lodged. All of these issues (and specific documents) were identified in our correspondence to Defendants prior to the meet and confer and the parties have had an opportunity to meet and confer on the matter.

## I.     Documents that Show Group Communication

Defendants have objected to substantially all communications they received from SEG or Heyward on hearsay grounds, sometimes coupled with purported relevance or prejudice objections. As the Court noted in its summary judgment ruling, certain communications made to Defendants by SEG and/or Heyward in facilitation of group communication between Defendants are admissible for a non-hearsay purpose. ECF 287 at 7-8. The fact that SEG and/or Heyward was passing communications between Defendants is affirmative evidence that Defendants were

The Honorable Arun Subramanian
June 4, 2026
Page 2

acting as a group, irrespective of the content of those communications.  These communications are also admissible for the reasons set forth in the letter that Plaintiff sent to the Court yesterday on this topic (ECF No. 426).

For example, the following exhibits each contain SEG and/or Heyward making reference to the statements, positions, or intentions of one Defendant in communications with another. Each should be admitted, and Plaintiffs respectfully request that the Court advise that similar documents will also be admitted to guide further meet and confer negotiations between the parties.

| | | | | |
|---|---|---|---|---|
| PX 40 | PX 165 | PX 181 | PX 224 | PX 544 |
| PX 63 | PX 169 | PX 187 | PX 238 | PX 691 |
| PX 69 | PX 172 | PX 194 | PX 239 | |
| PX 102 | PX 173 | PX 204 | PX 308 | |
| PX 107 | PX 174 | PX 308 | PX 538 | |

## II.    Contracts

Defendants have asserted objections to some of the contracts and agreements at issue in the case.  There is no dispute as to the authenticity of these documents, they are not- testimonial and are properly admitted simply as evidence of the terms that were agreed to.  We believe any such objections should be overruled.  For clarity, the relevant exhibits are as follows:

| | | | | |
|---|---|---|---|---|
| PX 365 | PX 431 | PX 576 | PX 653 | PX 688 |
| PX 430 | PX 435 | | | |

## III.    Completeness Only Objections

For many of Plaintiffs' proffered exhibits, Defendants have asserted only completeness objections under FRE 106.  For clarity, the relevant exhibits are as follows:

| | | | | |
|---|---|---|---|---|
| PX 92 | PX 391 | PX 556 | PX 704 | PX 795 |
| PX 151 | PX 430 | PX 565 | PX 785 | PX 799 |
| PX 268 | PX 476 | PX 576 | PX 787 | |
| PX 295 | PX 545 | PX 631 | PX 788 | |
| PX 365 | PX 555 | PX 688 | PX 789 | |

FRE 106 provides that:

> If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection.

The Honorable Arun Subramanian
June 4, 2026
Page 3

By its terms, FRE 106 is not a wholesale bar to the receipt of otherwise admissible evidence, but merely controls the form in which it is received.  Moreover, many of these documents are more appropriately considered in their current form, either because the "additional" material is irrelevant and/or makes the exhibits unnecessarily lengthy or cumbersome.  For example, PX 92 is (as presented) a complete contract signed by Anson, appropriately considered for its terms and the fact of its execution.  Similarly, PX 151 is a full email message introduced for its contents.  While it purports to have attachments, the attachments are lengthy and ultimately irrelevant.

We have no objection to Defendants putting the "full" version of each document into evidence to satisfy any "completeness" concern but believe that such objections are not a bar to each exhibits' introduction and that the objections should be overruled.

## IV.    Party Admissions

For many of Plaintiffs' proffered exhibits, Defendants have asserted only[1] hearsay objections under FRE 802.  Many of these documents were authored by Defendants themselves and are properly admissible as non-hearsay party admissions under FRE 801(d)(2). We believe any objections should be overruled.  For clarity, the relevant exhibits are as follows:

| | | | | |
|---|---|---|---|---|
| PX 37 | PX 229 | PX 333 | PX 381 | PX 534 |
| PX 67 | PX 234 | PX 334 | PX 382 | PX 535 |
| PX 77 | PX 238 | PX 336 | PX 394 | PX 538 |
| PX 83 | PX 239 | PX 337 | PX 396 | PX 572 |
| PX 87 | PX 240 | PX 338 | PX 426 | PX 588 |
| PX 102 | PX 241 | PX 339 | PX 428 | PX 589 |
| PX 123 | PX 244 | PX 340 | PX 451 | PX 592 |
| PX 141 | PX 247 | PX 341 | PX 469 | PX 700 |
| PX 150 | PX 254 | PX 354 | PX 480 | |
| PX 157 | PX 260 | PX 355 | PX 481 | |
| PX 172 | PX 271 | PX 356 | PX 487 | |
| PX 175 | PX 298 | PX 358 | PX 488 | |
| PX 176 | PX 306 | PX 359 | PX 513 | |
| PX 186 | PX 317 | PX 360 | PX 521 | |
| PX 192 | PX 318 | PX 361 | PX 522 | |
| PX 196 | PX 332 | PX 366 | PX 533 | |

[1]    For strict accuracy, Exhibits PX 157 and PX 394 also have Rule 106 objections on completeness grounds, but we view this as an objection to the form of the document, not whether the substance of some version document is admissible.

The Honorable Arun Subramanian
June 4, 2026
Page 4


### V.      Documents that Appear on Both Exhibit Lists

Many documents were identified as exhibits by both parties.  While both sides have reserved the right to assert valid objection to the introduction of documents even if they appeared on both lists, both sides clearly concede that these documents are likely to be relevant and potentially admissible for at least some purpose.

To streamline the presentation of evidence in what is likely to be a complex trial, Plaintiff respectfully requests that the following documents, which appear on both lists, be ruled admissible to the extent not addressed by prior motions *in limine*.

| | | | | |
|---|---|---|---|---|
| PX 34 | PX 172 | PX 249 | PX 326 | PX 499 |
| PX 35 | PX 175 | PX 263 | PX 341 | PX 501 |
| PX 51 | PX 181 | PX 267 | PX 344 | PX 519 |
| PX 54 | PX 183 | PX 269 | PX 352 | PX 524 |
| PX 60 | PX 186 | PX 277 | PX 362 | PX 529 |
| PX 61 | PX 189 | PX 278 | PX 363 | PX 530 |
| PX 63 | PX 193 | PX 279 | PX 371 | PX 534 |
| PX 64 | PX 194 | PX 280 | PX 384 | PX 549 |
| PX 71 | PX 200 | PX 281 | PX 387 | PX 559 |
| PX 75 | PX 202 | PX 282 | PX 398 | PX 582 |
| PX 78 | PX 203 | PX 283 | PX 400 | PX 587 |
| PX 79 | PX 205 | PX 284 | PX 402 | PX 589 |
| PX 83 | PX 207 | PX 285 | PX 403 | PX 597 |
| PX 84 | PX 209 | PX 287 | PX 408 | PX 605 |
| PX 91 | PX 210 | PX 288 | PX 417 | PX 623 |
| PX 92 | PX 211 | PX 289 | PX 419 | PX 666 |
| PX 94 | PX 212 | PX 290 | PX 421 | PX 678 |
| PX 95 | PX 215 | PX 291 | PX 423 | PX 685 |
| PX 97 | PX 216 | PX 292 | PX 458 | PX 690 |
| PX 104 | PX 220 | PX 293 | PX 466 | PX 709 |
| PX 123 | PX 224 | PX 294 | PX 467 | PX 741 |
| PX 127 | PX 229 | PX 296 | PX 470 | PX 750 |
| PX 135 | PX 233 | PX 297 | PX 480 | PX 790 |
| PX 146 | PX 234 | PX 302 | PX 481 | PX 793 |
| PX 154 | PX 238 | PX 307 | PX 487 | PX 802 |
| PX 169 | PX 241 | PX 308 | PX 488 | PX 805 |
| PX 170 | PX 242 | PX 320 | PX 497 | |

We understand that a document-by-document reconning would be a substantial use of Court resources.  But we believe that any guidance that could be provided on these issues, particularly with respect to the issue of group communications, would be very helpful to the parties in resolving the remaining documentary objections.

The Honorable Arun Subramanian
June 4, 2026
Page 5

Respectfully submitted,

/s/ Robert Glunt

Robert Glunt

cc:    Counsel of Record
       (via ECF)