# FRESHFIELDS

<u>BY ECF</u>

June 6, 2026

**New York**

3 World Trade Center
175 Greenwich Street
New York, NY  10007

**Andrew Gladstein**
**T**  +1 (212) 277-4000
**T**  +1 (212) 230-4685 (direct)
**E**  andrew.gladstein@freshfields.com

**freshfields.us**

Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007


Re:    *Augenbaum v. Anson Investments Master Fund, LP, et al.*, No. 1:22-cv-0249-AS

Dear Judge Subramanian:

At yesterday's final Pretrial Conference, Defendants raised, and Plaintiff requested, the summary judgement briefing from *Litzler,* which is not electronically available.  Tr. 35:3–10; *Litzler v CC Investments, L.D.C.*, 411 F. Supp. 2d. 411 (S.D.N.Y. 2006).  For the convenience of the parties and the Court, attached as Exhibit A is the defendants' opening brief, Exhibit B is the plaintiff's opposition brief, and Exhibit C is the defendants' reply.  As reflected in these filings, much of the coordination that occurred in *Litzler,* including joint meetings and communications among the defendants, the appointment of a single lawyer to act on their behalf in negotiations with the Company, the exchange of changes to the transaction documents and in-person diligence sessions, was undisputed.  Exhibit A at 5–8 (defendants' motion).

In addition, the Court inquired yesterday if Defendants sought an instruction that the use of a single lawyer in a parallel transaction is insufficient to form a group.  Tr. 34:9–12.  The undersigned responded that the revision sought was even simpler, suggesting the change that is now included in the Court's proposed charge.  Tr. 34:13–16.  In hindsight, that was a mistake; counsel should have accepted the Court's proposal in addition to articulating the proposed inclusion of "attorneys" in the relevant "communications" language.

Explaining to the jury that even the use of a single lawyer to facilitate a parallel transaction does not alone form a group would provide important context for the acceptable limits of coordination in a parallel transaction.  Put differently, the instruction initially contemplated by the Court during the conversation concerning *Litzler* would help combat what Defendants have raised as their primary concern around the "group" charge—confusion.  This is particularly true with respect to Empery, since much of Plaintiff's case will rely primarily on the emails of its General Counsel, Brett Director, one of the most experienced PIPE attorneys in the country, who provided precedent to Anson's outside counsel for the transaction documents and was involved on Empery's behalf only in revising the transaction documents.

Recognizing that this Court has already acted on Defendants' request and without any desire to prejudice Plaintiff, Defendants respectfully request that the Court consider reserving judgement to include a complete *Litzler* charge in the instructions given to the jury at the end of the case, following the final charge conference.

**FRESHFIELDS**

Respectfully submitted,

*/s/ Andrew Gladstein*
Andrew Gladstein

cc: All Counsel of Record via ECF

2