**FRESHFIELDS**

**BY ECF**

Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

NICHOLAS A. CASELLI
3 World Trade Center
175 Greenwich Street
New York, New York 10007
Tel +212-230-4628
nicholas.caselli@freshfields.com

June 6, 2026

Re:    *Augenbaum v. Anson Investments Master Fund, LP, et al.*,
No. 1:22-cv-0249-AS

Dear Judge Subramanian:

Defendants respectfully submit this letter at the Court's request to explain why Plaintiff should be precluded from advancing at trial his previously undisclosed theory that Defendants' decision to relinquish their registration rights with respect to the March 2020 Transaction was impermissible group conduct.

Defendants' August 2024 contention interrogatory asked Plaintiff to "identify (i) the communication or other event that caused [each Defendant] to become a part of the group." ECF 436-1 at 3. Plaintiff's detailed, five-page-plus response stated that Defendants formed a group because the term sheet was "the product of collaboration," *id.* at 3–4, certain Defendants shared the motive to reprice underwater Genius securities, *id.* at 4, a Genius announcement referenced an investor "group," *id.* at 5, and Genius obtained voting and lockup agreements from certain other investors, *id.* at 5–6. Plaintiff's response to Defendants' interrogatory nowhere mentioned registration rights, let alone attempted to tie such rights to the alleged group conduct. Those responses were never amended.

At Monday's pretrial conference, Plaintiff introduced the theory that Defendants' agreement not to register their shares was a central means of group formation, because by "binding everyone's hands" and preventing registration, a large block of Genius shares was guaranteed to remain off-market, which allegedly increased the share price. *See* Tr. 42:16–19. Plaintiff's June 3 Letter reiterated this theory. Ltr. at 4.

"A party answering a contention interrogatory is obligated to respond . . . completely." *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 117 F. Supp. 3d 276, 294 (S.D.N.Y. 2015). "Contention interrogatories are treated as judicial admissions which usually estop the responding party from later asserting positions not included in its answers, 'unless the failure was substantially justified or is harmless.'" *Id.* "Failure to amend a contention interrogatory pursuant to Federal Rule of Civil Procedure 26(e) can bar the use of a theory of liability, especially when such failure results in prejudice to the adverse party." *Id.* "However, prejudice is not required for preclusion." *Id.*

There can be no dispute that Plaintiff's registration rights theory is nowhere mentioned in his contention interrogatory response. Nor do even the response's most generic references to the March 2020 Transaction, its term sheet, and agreements with other existing Genius investors reference, let alone specifically disclose, Plaintiff's registration rights theory. In any case, courts

have hesitated to read specific disclosures into generic responses. *See Wechsler v. Hunt Health Sys., Ltd.*, 1999 WL 672902, at *3 n.2 (S.D.N.Y. Aug. 27, 1999) (precluding theory nowhere disclosed in interrogatory response because "[d]isclosure through what is at best innuendo is not what is contemplated by the discovery rules"); *see also Point Prods. A.G. v. Sony Music Ent., Inc.*, 2002 WL 31856951, at *4 (S.D.N.Y. 2002) (interrogatory response's reference to contract and claimed damages insufficient to preserve undisclosed damages theory).[1]

There can be no justifiable excuse for Plaintiff's failure to disclose. As reflected in his responses, Plaintiff identified several agreements and their specific provisions supporting the March 2020 Transaction that he contended rendered Defendants a group, including the lock-up and voting agreements of the principal shareholders and the substance of the required votes, terms pertaining to authorized share issuances and the conversion or exercise price, and provisions authorizing Defendants to seek injunctive relief to enforce certain of the agreements. Thus, it strains credulity to suggest that Plaintiff could identify aspects of the transaction documents purportedly rendering Defendants a group with laser focus, and omit entirely other aspects of the transaction documents, like the removal of registration rights.

In failing to disclose a principal theory of group formation, Plaintiff deprived Defendants of any opportunity to investigate this theory during discovery, address it at summary judgment, or adequately prepare for and rebut it at trial through expert testimony or other evidence. Moreover, when asked after Monday's pretrial conference to identify documents supporting his registration rights theory, Plaintiff refused to do so. *See* ECF 436-2 at 3–4. Nor did Plaintiff expressly assert his registration rights relinquishment theory of group formation in his Amended Complaint, ECF 105, or in the report of Max Holmes, his expert on the transaction documents and group formation. Defendants calibrated their defense to Plaintiff's interrogatory responses and would be unduly prejudiced if required, on the eve of trial, to address this previously undisclosed and untested theory. *See Point Prods.*, 2002 WL 31856951, at *3–5 (precluding new damages theory not disclosed in interrogatories and raised only years later in argument on motion in limine). Defendants respectfully submit that preclusion is warranted.

In addition, the prejudicial effect of Plaintiff's registration rights theory outweighs its probative value. Defendants submit that broaching the subject of their waiver of registration rights appears to be another way of referring to Plaintiff's rejected "pump and dump" theory. On the other hand, any probative value is small, since there is no evidence that the removal of registration as demanded by one investor and agreed to by others was the product of collusion. If Defendants

---

[1] Contrary to Plaintiff's suggestion, this omission was not rendered harmless simply because Empery's summary judgment declaration contained a paragraph explaining Empery's concerns with registration. *See* ECF 426 at n.2 (citing PX-778 ¶ 33). The existence of facts in the record does not, without more, put an opposing party on notice that its adversary intends to marshal those facts in support of a specific, previously undisclosed legal theory. Empery's declaration described certain background facts for purposes of its motion. It did not and could not signal that Plaintiff was advancing a distinct theory premised on those facts. And, in any event, Plaintiff has had this summary judgement declaration for a year and a half, but never once sought to amend his Interrogatory responses.

were coordinating and if avoiding registration was essential to their common objective, there was no reason to "bind[ ] everyone's hands" through formal agreement not to register.   But that divergence undermines Plaintiff's theory.

We appreciate the Court's time and attention to this matter and are available to discuss at the Court's convenience.

Respectfully submitted,

*/s/ Nicholas A. Caselli*
Nicholas A. Caselli

cc:    All Counsel of Record (by ECF)

3