**MB**

**MANDEL BHANDARI** LLP

80 Pine Street | 33rd Floor | New York, NY | 10005 | T. (212) 269-5600 | F. (646) 964-6667 | www.mandelbhandari.com

June 7, 2026

**BY ECF**

The Honorable Arun Subramanian
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> Re:   *Augenbaum v. Anson Investments Master Fund LP, et al.*
>       <u>Case No.: 22-cv-249 (AS)</u>

Dear Judge Subramanian:

We are co-counsel for Plaintiff Todd Augenbaum in this action and write to address whether Robert Charron should be a witness for Defendants notwithstanding the fact that Defendants failed to identify him as a witness at any time during discovery. On Friday, the Court ruled that he could be a witness, provided he was made available for a deposition at Plaintiff's convenience.[1] However, the Court previously made clear that he would not be permitted to be a witness if Plaintiff would be prejudiced by his testimony, such as if his documents had not been produced during discovery, as is the case here.

Mr. Charron is an attorney from Ellenoff Grossman & Schole LLP ("EGS") who worked on the transactions at issue in this case. During discovery, all parties were aware that Mr. Charron had worked on the transactions, and all parties made a strategic decision not to name his as a witness. A few days before the PTO was due, Defendants had a change of heart and identified him as a witness for the first time in this four-year-old case.

Mr. Charron's documents were not collected, reviewed, or produced in this case, and EGS was not subpoenaed. Although Plaintiff believed he would be prejudiced by their production during trial, Plaintiff inquired this weekend as to whether Defendants were willing to collect and produce his documents. Defendants refused.

Defendants point to the fact that some of Mr. Charron's documents were produced from the files of other custodians. For instance, if Mr. Charron sent an email to Ryan Lane of Empery, that email might have been produced in discovery. Defendants' claim that "[t]here are 1,396

---

[1] Although the Court had previously ruled that Mr. Charron could not testify, Defendants re-raised the issue of Mr. Charron in a letter that was filed on Friday at 2:15 in the morning. Plaintiff did not have an opportunity to respond to the letter prior to the Friday afternoon final pre-trial conference.

The Honorable Arun Subramanian
June 7, 2026
Page 2

produced documents concerning Mr. Charron that were already produced by Defendants or third parties." Plaintiff does not know how they came up with this number or if it is accurate.

Plaintiff respectfully submits that he should not be deprived of an opportunity to obtain documents from a trial witness merely because Defendants decided to do an about-face on their strategic decision not to identify Mr. Charron as a witness during discovery. He is obviously in possession of important documents in this case that were never collected.

For instance, during the relevant transactions, Genius was represented by Mintz Levin. Documents were not collected from Mintz Levin. As a result, the communications between Mr. Charron and company's counsel have not been produced (except to the extent a document custodian was copied on the communication and that communication was produced from the custodian's files).

In addition, it is not even clear who Mr. Charron represented in the transactions at issue. Defendants claim he represented Anson, which withheld certain communications with Mr. Charron during discovery. However, Brio *also* withheld as privileged communications that it had with Mr. Charron, suggesting that he also represented Brio. In fact, Mr. Charron's firm, EGS, is trial counsel for Brio in this case. We understand that Mr. Charron frequently represents SEG and believe that it is entirely possible that he was representing SEG on the transactions at issue in this case. Mr. Charron's engagement letter(s) have not been produced, and Plaintiff has not had an opportunity to discover who he was even representing in this case.

For these reasons, we respectfully request that Mr. Charron not testify in this case. In the alternative, Defendants should be compelled to produce all of Mr. Charron's relevant documents (including any and all engagement letters concerning Genius) by June 10.

Respectfully submitted,

/s/ Evan Mandel

Evan Mandel

cc:    Counsel of Record (via ECF)