**FRESHFIELDS**

<u>**Via ECF**</u>

June 7, 2026

Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

**New York**

3 World Trade Center
175 Greenwich Street
New York, NY 10007

**Andrew Gladstein**
**T** +1 (212) 230-4685
**T** +1 (646) 984-6896 (direct)
**E** andrew.gladstein@freshfields.com

**freshfields.us**

Re:     *Augenbaum v. Anson Investments Master Fund, LP, et al.*, No. 1:22-cv-0249-AS

Dear Judge Subramanian:

I am writing on behalf of Defendants in response to Plaintiff's letter motion seeking further revisions to the "group" instruction filed earlier this afternoon. ECF 444 ("Letter"). Plaintiff's letter confirms that he seeks to charge the jury with an invalid theory of group formation, one that is divorced from the combination that is legally required to prove a group.

In his proposed revisions, Plaintiff seeks to dilute the legal requirement that group members share an intent to agree, by changing the required showing to merely an "intent to coordinate." ECF 444-1 at 3. This has been Defendants' primary concern over the past two weeks for a reason. Plaintiff now seeks to prove his case against Empery and Anson by convincing the jury that communications between Empery's General Counsel and Anson's outside counsel render Empery and Anson a group, notwithstanding that each firm made its own independent investment decision, funded its own purchase, in exchange for its own shares, which were sold at its own discretion, for its own proceeds.

Moreover, Plaintiff's argument is squarely contradicted by *Litzler*. Plaintiff argues that *Litzler* establishes that "investors negotiating with each other, as opposed to negotiating in parallel with the issuer, is across the line." Letter at 2. *Litzler* says nothing of the sort. Plaintiff also distinguishes *Litzler* by selectively quoting from the Defendants' reply brief and suggesting the coordination was limited to "direct negotiations with Data Race." But even here, Plaintiff resorts to gross mischaracterizations of the arguments. The defendants in *Litzler* did not argue that their interactions were limited to "direct negotiation with Data Race," as Plaintiff suggests. They argued that, in addition to their coordination with each other, they also negotiated directly with Data Race, thus demonstrating their independence in the face of the documented coordination. ECF 442-3 at 3 (acknowledging that "one investor's counsel serves as the *point person*"). Thus, according to the defendants, their coordination constituted nothing more than "the parallel activity inherent in all private placements." *Id*. at 4.

The Court in *Litzler* acknowledged that the defendants had "a due dilligence session at Data Race's headquarters," which was attended by all defendants, and "[f]ollow-up conference calls. . .sometimes with all of the potential investors". *Litzler v. CC Invs*., *L.D.C.*, 411 F. Supp. 2d 411, 412 (S.D.N.Y. 2006).

An illustration demonstrates the infirmity in Plaintiff's argument:

# FRESHFIELDS

2|2



As reflected above, in *Litzler,* there was documented communication, negotiation and coordination among the investors, including through the "point" counsel who communicated with the company. Plaintiff's proposed revisions to the jury charge would allow the jury to find group liability on a fact pattern that the *Litzler* court said was insufficient to establish a group. That cannot be the case.

Respectfully submitted,

*/s/ Andrew Gladstein*

Andrew Gladstein

cc: All Counsel of Record via ECF