**FRESHFIELDS**

**BY ECF**

June 9, 2026

Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

**New York**

3 World Trade Center
175 Greenwich Street
New York, NY  10007

**Andrew Gladstein**
**T**  +1 (212) 277-4000
**T**  +1 (212) 230-4685 (direct)
**E** andrew.gladstein@freshfields.com

**freshfields.us**

Re:    *Augenbaum v. Anson Investments Master Fund, LP, et al.*, No. 1:22-cv-0249-AS

Dear Judge Subramanian:

Defendants write regarding the Plaintiff's opening statements yesterday and respectfully request a curative instruction on the showing required to establish a "group" for purposes of Section 16(b).

Plaintiff's opening statement confirms how he intends to try this case: by placing the PIPE market for nano-cap companies on trial.  The crux of Plaintiff's opening statement was that investors who negotiate around distressed companies and receive more than "one or two unusual terms" are "making out like bandits." Plaintiff said that "it is not normal for multiple investors to be haggling with each other over the terms of a joint investment," because, for everyone except the "lead investor," the option is "take [it] or leave [it]":  "[w]hat happened here with people bouncing ideas off everybody else in order to try to get the best deal against the company is exactly what's not supposed to happen."  June 8 Tr. 84:4–16.  Plaintiff concluded that "under the law, investors of this size are not supposed to act as a group against their own company.  It's not fair to the company or to ordinary investors."  *Id.* at 84:14–18.

Respectfully, this is a gross mischaracterization that is designed to play to jury bias and has nothing to do with the legal standard required to establish a group.  Indeed, this exact argument is consistent with the "group" jury charge that Plaintiff proposed, and the Court rejected, just yesterday.  Favorable investment terms, negotiations over such terms, and communications among investors or their counsel do not establish a Section 16(b) group; the combination of beneficial ownership does.  The courts and the SEC have told the capital markets for decades that negotiations and communications (or "haggling") in these transactions are *necessary* to accomplish a private placement. *See, e.g.*, Filing & Disclosure Requirements Relating to Beneficial Ownership, Release No. 5925 (Apr. 21, 1978) ("[t]he cooperative activity characteristic of an institutional private placement generally results from sound business considerations … rather than from a desire to affect control of the issuer" and typically ends when the transaction is complete, rendering it "of little interest to investors."); Tr. of Oral Decision at 615:5–8, *Hallwood Realty Partners, L.P. v. Gotham Partners, L.P.*, No. 1:00-cv-01115 (S.D.N.Y. Feb 15, 2000) (a group does not exist "even if" you find that the Defendants "all kn[e]w one another, spoke on the phone every day, and even if one of the[m] . . . had the idea" to invest "and told everybody else.")  Yet, Plaintiff has told the jury the opposite.

Defendants have expressed their concern to the Court that juror confusion is the most significant risk at this trial.  Given the importance of this critical question, and in light of Plaintiff's

**FRESHFIELDS**

statements to the jury, Defendants respectfully request that the Court, in addition to any other relief granted in connection with the letter filed by Anson's counsel last night, ECF No. 455, reiterate the core principles of this case to the jury before testimony begins this morning, with the following curative instruction:

> Yesterday, Plaintiff's counsel made statements during his opening about whether it is normal for investors to communicate and negotiate over transaction terms. I instruct you that parallel transactions like those at issue in this case are commonplace. Investors or their lawyers are allowed to communicate and negotiate around the terms of a transaction if each investor is acting in their own interest, and without any intention of forming a group.

Defendants respectfully submit that this instruction is necessary to ensure that the jury's focus remains on the key legal issue in dispute, and not on the bias that Plaintiff has introduced into this case through his opening statement.

Respectfully submitted,

*/s/ Andrew Gladstein*
Andrew Gladstein

cc: All Counsel of Record via ECF

2