# FRESHFIELDS

<u>**Via ECF**</u>

June 11, 2026

Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

**Washington, DC**

700 13th Street, NW, 10th Floor
Washington, DC  20005

**Jacob Johnston**
**T**  +1 (202) 777-4500
**T**  +1 (202) 777-4554 (direct)
**E**  jacob.johnston@freshfields.com

**freshfields.us**

Re:    *Augenbaum v. Anson Investments Master Fund, LP, et al.*, No. 1:22-cv-0249-AS

Dear Judge Subramanian:

We write on behalf of all Defendants in response to Plaintiff's June 10, 2026 letter regarding the admissibility of what Plaintiff characterizes as "the inside information Defendants possessed."  ECF No. 458 at 1. Plaintiff asserts this "inside information" is "the fact that Genius was intentionally withholding positive press releases," *id.*, but none of the documents Plaintiff cites supports that assertion.  This is Plaintiff's third attempt to admit Genius press releases and related documents, and Defendants respectfully request that it be denied for the same reason as the first two: none is relevant to whether Defendants formed a group, and introducing evidence on this point would be highly prejudicial.

*First*, none of the eight documents cited in Plaintiff's letter is relevant to whether Defendants intentionally agreed to act together for the purpose of acquiring, holding, voting, or disposing of Genius securities:

- PX-70 is a September 2019 chat between Andy Heyward and SEG in which Heyward writes "Mike sent me an email that you said Amin doesn't want is [*sic*] doing any press or Amin will blow the deal."  The "deal" to which Mr. Heyward referred is not the March PIPE, and neither Brio not Empery are copied on or mentioned in this communication.  Nothing in this document—which also contains three levels of hearsay—suggests any coordination among Defendants (or that Anson or any other Defendant had "inside information" concerning Genius press releases).

- PX-103 is a September 2019 email chain among Heyward, others at Genius, SEG, and Amin Nathoo containing an email in which Heyward encourages the others to "get this deal across the finish line."  Heyward characterizes Genius's debt as a "fart in the room" that "hold[s] back everything else from igniting."  Heyward apparently intended to "start releasing news" once the debt was taken care of, including public information listed in the email and unspecified non-public information he was "not allowed to share."  The deal to which Mr. Heyward refers is not the March PIPE; neither Brio nor Empery are copied on or mentioned in this document; and nothing the email chain suggests any coordination among Defendants.

**FRESHFIELDS**

- PX-255 is a February 2020 email chain between Heyward and SEG in which Heyward suggests issuing press releases to "to blunt the news of the 21cent/share financing." Plaintiff characterizes this document as "Defendants' plan," but no Defendant is copied on this communication; neither Anson nor Empery is mentioned; and Brio is mentioned only in the context of two of its investors, who Heyward apparently believed were "enthusiastically in," though with respect to what is unclear.

- PX-259 is a February 2020 email from Heyward to SEG attaching a draft press release announcing an upcoming deal. None of Defendants is copied on or mentioned in this communication, which appears entirely irrelevant to any issue to be tried in this case.

- PX-295 is a March 2020 email from Heyward to Richard Molinsky encouraging Molinsky to sign a voting agreement. To that end, Heyward wrote Molinsky that Genius would "roll out" press releases after "securing the necessary financing to take out the current debt," which was presumably still a fart in the room, "and thus alleviate the pressure on the stock." No Defendant is copied on or mentioned in this document.

- PX-410 is a March 2020 chat thread between Heyward and SEG. Jonathan Schechter of SEG begins the chat by telling Heyward, "no info to us that isn't public." Heyward says he has positive news to share with the market. Joe Reda of SEG asks to be written into the script of one of Genius's cartoons. No Defendant is copied on or mentioned in this document, which postdates signing of the March PIPE deal documents.

- PX-439 is a March 2020 email chain among Heyward, SEG, and Nathoo. Heyward thanks Nathoo for his support of Genius; says Genius has "a boatload of news"; and expresses his pride that Genius can "do good things for our audience of children. In these tough times, they need it!" This document postdates the March PIPE; neither Brio nor Empery are copied or mentioned; and nothing in this document suggests any coordination among Defendants (or that Anson or any other Defendant had "inside information" concerning Genius press releases).

- "Exhibit A" to the letter is a March 2020 email from Heyward to Shaye Hirsch that was not included on Plaintiff's exhibit list. The email, which was sent after the March PIPE transaction documents were signed, consists of links to two news articles. Its subject line thanks Hirsch for "bring [sic] a part of what we are building," and says, "much more coming in the coming days." Neither Anson nor Empery are copied on or mentioned in this email, and the email itself is irrelevant.

None of these documents is relevant to whether Defendants formed a group. Instead, they tell an entirely unremarkable story: Heyward was concerned Genius's debt might dampen the market's reaction to company news and was trying to raise money by painting an optimistic picture of Genius's prospects.

# FRESHFIELDS

3|3

Plaintiff asserts these documents are admissible on two grounds.  Neither is persuasive:

- Plaintiff obliquely suggests these documents bear on Defendants' motive or intent, but that misconstrues the documents.  And any such evidence would be cumulative at most: Defendants invested in Genius to make a profit, and Plaintiff will no doubt elicit testimony to that effect.

- Plaintiff next asserts that Defendants must have had "a very high level of trust and cooperation" because they "admitted to each other that there were engaged in wholly improper conduct – withholding material, non-public information."  Letter at 2.  That is a remarkable assertion.  None of the documents cited in Plaintiff's letter contain any messages or email from Empery or Brio—let alone an admission of improper conduct (or anything else)—and they contain exactly *one* message from Anson, a September 2019 email from Nathoo to SEG and Heyward in which he suggests principles for a "plan vanilla debt deal."

  Defendants also disagree with Plaintiff that these documents "indicate that there had been a meeting of the minds to profit together."  Letter at 2.  Brio and Anson do not appear on any of the same documents, and Empery is not even *mentioned* in any of these documents.

*Second*, Plaintiff's request should be denied because admission of these documents or related evidence would be unfairly prejudicial.  Plaintiff clearly intends to characterize Defendants as bad actors, *see, e.g.*, Letter at 2 ("If they were not operating as a group, the group members would have had no incentive to conceal each other's misconduct, and might even have attempted to use or sell the material non-public information."), which is likely to increase the chance that the jury rules against Defendants.

For the foregoing reasons, Defendants respectfully request that Plaintiff's letter motion be denied.

Respectfully submitted,

*/s/ Jacob Johnston*

Jacob Johnston

cc: All Counsel of Record via ECF