# FRESHFIELDS

<u>**Via ECF**</u>

June 12, 2026

Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

**New York**

3 World Trade Center
175 Greenwich Street
New York, NY  10007

**Andrew Gladstein**
**T**  +1 (212) 277-4000
**T**  +1 (212) 230-4685 (direct)
**E**  andrew.gladstein@freshfields.com

**freshfields.us**

RE:    **Augenbaum v. Anson Investments Master Fund, LP, et al., No. 1:22-cv-0249-AS**

Dear Judge Subramanian:

We represent the Empery Defendants and write in response to the letter Plaintiff filed earlier this evening regarding the exclusion of evidence related to Mr. Lane's personal matters. ECF No. 469.

As an initial matter, the letter stated that Plaintiff "learned for the first time" that Empery intends to offer evidence about the health issues of Mr. Lane's son during a meet and confer that took place earlier this evening.  However, these facts were discussed in detail at the deposition of Martin Hoe, Empery's co-founder.  *See* Ex. A (Hoe Dep. 138:18–14:24) ("In early June of 2020, Ryan called me up one day and said, 'My son basically is dying because he has a gigantic brain tumor in his head that we have to figure out,' and he said 'I'm dropping off the face of the earth. You have my vote until further notice.").

A party should be permitted to prove its case "by evidence of its own choice."  *Old Chief v. U.S.*, 519 U.S. 172, 186 (1997).  Where evidence is relevant and the probative value of the evidence is not outweighed by any danger of unfair prejudice, it should be admitted.  *See* Fed. R. Evid. 403; *United States v. Gilliam*, 994 F.2d 97, 104 (2d Cir. 1993) (Walker, J. concurring) ("Evidence is not unfairly prejudicial to the extent that it serves the proper purpose for which it is potentially admissible.").

Defendants' intended evidence goes directly to one of the core issues in this case:  how Empery made the decision to buy and sell shares of Genius stock.  Plaintiff alleges that Empery, led by Mr. Lane, coordinated purchases and sales of Genius securities with other investors in the March 2020 transaction.  The challenged June 2020 sales coincide with the time Mr. Lane's son was admitted to the hospital.  Mr. Lane's personal challenges are significantly probative of his ability to independently direct Empery's investment decisions which are at the center of the Plaintiff's allegations.  Plaintiff has already stated that he does not intend to dispute that as a result of these issues, Mr. Hoe made the sales decisions.

Furthermore, Plaintiff has put this issue in play through their use of demonstratives with their expert Max Holmes suggesting that selling activity was coordinated by identifying specific individuals.  We are entitled to respond to and rebut that point.  In any event, Plaintiff will not be prejudiced by this evidence.

# FRESHFIELDS

2|2

To the extent that Plaintiff is prejudiced, a jury instruction explaining that "sympathy [can]not be the basis for the verdict can ameliorate any such passion or prejudice." *Int'l Bus. Machines Corp. v. BGC Partners, Inc.*, 2013 WL 1775437, at *8 (S.D.N.Y. Apr. 25, 2013). Empery proposes the following limiting instruction:

> You have been chosen and sworn as jurors in this case to decide issues of fact. You must perform these duties without bias, prejudice, or sympathy for or against any of the parties. You must reach your decision based solely on careful and impartial consideration of all the evidence in the case.

We thank the Court for its consideration.

Respectfully submitted,

*/s/ Andrew Gladstein*

Andrew Gladstein

cc:    All Counsel of Record (via ECF)