

**Aaron T. Morris**
Partner
+1.332.240.4024
aaron@moka.law

June 12, 2026

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

RE:    *Augenbaum v. Anson Investments Master Fund LP, et al.*,
    **No. 22-cv-249 (AS) (S.D.N.Y.)**

Dear Judge Subramanian:

We write on behalf of Kartoon Studios, Inc. (the "Company") in connection with the testimony of Andy Heyward and the Company's request that the Court permit Mr. Heyward to appear at trial remotely at the Company's expense and facilitated by professional trial technology consultants with as little burden as possible on the Court's staff. As stated today, the Company is prepared to have trial technology experts in Court Monday morning to facilitate the remote testimony and available thereafter each trial day until Mr. Heyward's testimony is requested.

As this Court knows, Mr. Heyward is 77 years old and lives in Los Angeles. He traveled to New York this week, at the request of the parties, for purposes of testifying in person. I personally coordinated with lead trial counsel for the parties to arrange Mr. Heyward's testimony on Thursday morning. Mr. Heyward was available at the courthouse, outside the courtroom, all day on Thursday, as requested. When the Court determined that Mr. Heyward would not testify in the morning, he rescheduled his flight home to late evening—despite an immovable court obligation in Los Angeles at 8:00 A.M. Pacific time relating to his teenage daughter, who has battled mental illness and for whom he is the sole guardian—so that he would be able to remain in the courthouse the remainder of the day. Notwithstanding the above, Mr. Heyward was not called to testify on Thursday and arrived home in Los Angeles at 4:30 A.M. on Friday.

On Thursday, following trial, the Court indicated that, with the consent of the parties, and technology permitting, it would permit Mr. Heyward to testify remotely. The parties consented to the remote testimony, but the Court's staff ultimately concluded that the courtroom technology could not support remote testimony. (The Company entirely understands this technological limitation and does not attribute it in any way to the Court's hardworking and accommodating staff.) Following the trial day on Friday, the Company requested that the Court permit it to retain— solely at its own expense and with the lowest possible burden on the Court—technical professionals to set up all technical requirements of the remote testimony. The Company will make these technicians available all day on every trial day until Mr. Heyward is called to testify. The Court declined the Company's request.

The Honorable Arun Subramanian
June 12, 2026
Page 2

The Company respectfully requests that the Court reconsider its decision denying Mr. Heyward's request to testify remotely. Mr. Heyward has a limited range of relevant knowledge regarding this action and, as far as the Company can tell, his testimony is not expected to be extensive. He has already shouldered more logistical burden than perhaps any other fact witness in this case in a good faith effort to provide in-person testimony at the request of the parties. Given that, even as of today, it remains unclear exactly when the parties expect to call Mr. Heyward, requiring him to return to New York next week would impose a severe hardship to Mr. Heyward, including with respect to his significant parenting responsibilities, that is not justified by the offsetting benefits of his limited expected testimony before the jury.

Thank you for your time and consideration of this matter.

Respectfully submitted,

Aaron T. Morris