# FRESHFIELDS

**Washington, DC**

700 13th Street, NW, 10th Floor
Washington, DC  20005

**Jacob Johnston**
**T**  +1 (202) 777-4500
**T**  +1 (202) 777-4554 (direct)
**E**  jacob.johnston@freshfields.com

**freshfields.us**

<u>**Via ECF**</u>

June 15, 2026

Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

Re:    *Augenbaum v. Anson Investments Master Fund, LP, et al.*, No. 1:22-cv-0249-AS

Dear Judge Subramanian:

        We write on behalf of Defendants in response to the letter Plaintiff filed earlier this evening concerning Mr. Augenbaum.  ECF No. 476.  The parties agree that the jury should be informed that Mr. Augenbaum does not have personal knowledge of the facts underlying this case, but a stipulation confined to that single fact risks material prejudice to Defendants.

        *First*, the jury knows about Mr. Augenbaum only what Plaintiff communicated in its opening statement:  Mr. Augenbaum is a shareholder in Genius who authorized this lawsuit on behalf of the company.  June 8 Hr'g Tr. at 75:7–15.  If the jury now learns that Mr. Augenbaum does not have personal knowledge because, as Plaintiff put it, he "was not personally present," the natural inference is that Defendants deceived Mr. Augenbaum.  The jury may well assume that Defendants, who Plaintiff characterized as part of a "scheme," *id.* at 71:21–72:1, conspired behind Mr. Augenbaum's back to take advantage of Genius or its shareholders.  That is neither true nor fair, and the stipulation should clarify that Mr. Augenbaum has no personal knowledge of the facts underlying this case because he was not a Genius shareholder or otherwise affiliated with the company when the relevant transactions occurred.  Nothing in that (accurate) statement is prejudicial to Plaintiff, and any concern Plaintiff has about "bias" may be allayed by informing the jury that the date on which Mr. Augenbaum purchased shares and the number of shares he purchased does not affect the merits of his claim.

        *Second*, Plaintiff's proposed stipulation does not address the issue of jury confusion created by Plaintiff's opening statement and the structure of Section 16(b).  Mr. Augenbaum is the plaintiff in this proceeding, but he was not injured, and does not claim to have been injured, and any stipulation should explain to the jury why that is.  Omitting this information creates an incomplete record prejudicial to Defendants, whereas the concerns raised in Plaintiff's letter may again be addressed by informing the jury that Mr. Augenbaum is entitled to pursue a claim under Section 16(b) even if he does not claim to have been injured.

                                Respectfully submitted,

                                */s/ Jacob Johnston*

                                Jacob Johnston

cc: All Counsel of Record via ECF