**FRESHFIELDS**

**New York**

3 World Trade Center
175 Greenwich Street
New York, NY 10007

**Andrew Gladstein**
**T** +1 (212) 277-4000
**T** +1 (212) 230-4685 (direct)
**E** andrew.gladstein@freshfields.com

**freshfields.us**

By ECF

June 16, 2026

Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

RE:    *Augenbaum v. Anson Investments Master Fund, LP, et al.*, No. 1:22-cv-0249-AS

Dear Judge Subramanian:

We represent the Empery Defendants and write in regard to the Court's proposed jury instructions. The Court's proposed instruction removes the concept of independent investment decision making as a relevant factor in the determination of group formation. Defendants respectfully request that the Court reconsider its exclusion of this principle and instruct the jury that independent decision making is a relevant factor to the jury's determination of whether the Defendants formed a group.

Defendants' proposal is consistent with the case law. In particular, in rejecting evidence of an alleged group of activist shareholders in *Hallwood*, Judge Kaplan noted that the "factors to which the plaintiff points still don't answer, at least in my mind, the question of whether they were acting collectively or independently." Tr. of Oral Decision at 616:13–16, *Hallwood Realty Partners, L.P. v. Gotham Partners, L.P.*, No. 1:00-cv-01115 (S.D.N.Y. Feb. 15, 2000), *aff'd* 286 F.3d 613 (2d Cir. 2002). Judge Kaplan's decision in *Hallwood* was appealed and upheld by the Second Circuit. The Second Circuit quoted the portion of Judge Kaplan's opinion in which he required evidence of collusion among the defendants. Independent action is the inverse of collusive action and the jury should respectfully be so instructed. Indeed, as Judge Kaplan noted, "[T]he fact that several investors conclude that a stock is undervalued and buy it does not necessarily mean that they formed a group. Indeed, that's true even if they all know one another, speak on the phone every day, and even if one of their number was the guy who first had the idea that the stock was undervalued and told everybody else." *Hallwood*, Tr. of Oral Decision at 615:3–15.

Accordingly, Defendants respectfully request an opportunity to discuss this issue tomorrow.

Respectfully submitted,

*/s/ Andrew Gladstein*
Andrew Gladstein

cc:    All counsel (by ECF)