# Exhibit A

| From: | Cochrane, Elizabeth <elizabeth.cochrane@hoganlovells.com> |
|---|---|
| Sent: | Monday, June 8, 2026 12:24 AM |
| To: | Evan Mandel; subramaniannysdchambers@nysd.uscourts.gov |
| Cc: | CASELLI, Nicholas (NCAS); GLADSTEIN, Andrew (ADGL); HOWARD, Timothy (TTH); CARLTON, Alexandra; SCIARETTA, Shannon; Michael Klein; Jeffrey S. Abraham; Tracey, Dennis H.; Bratic, Catherine; Martinez, Peter J; John B. Horgan; Joanna Cohen; Kieran M. Corcoran; Nicole Khalouian; Richard Asche; Jennifer Furey; Mariana Korsunsky; Robert Glunt; Brice Jastrow; Leah Vickers |
| Subject: | RE: Augenbaum v. Anson Investments Master Fund, LP, et al., No. 1:22-cv-0249-AS - Conspiracy Documents |
| Attachments: | Augenbaum Exhibit Objections Chart 2026-06-05 (Defendants' Replies).pdf |

Dear Judge Subramanian's Chambers,

Attached please find a copy of the chart submitted by Plaintiff setting forth the objections and responses to a handful of exhibits in which Plaintiff alleges that Defendants are coordinating with each other, below, with an additional column to provide Defendants' replies to Plaintiff's responses.

Respectfully Submitted,
Lizzie Cochrane

**Elizabeth Cochrane**

*Pronouns: she, her, hers*
*Senior Associate*

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
Tel:     +1 212 918 3000
Fax:     +1 212 918 3100

Direct:   +1 (212) 918-3885

elizabeth.cochrane@hoganlovells.com

**hoganlovells.com    LinkedIn**

**From:** Evan Mandel <em@mandelbhandari.com>
**Sent:** Sunday, June 7, 2026 10:03 AM
**To:** subramaniannysdchambers@nysd.uscourts.gov
**Cc:** CASELLI, Nicholas (NCAS) <nicholas.caselli@freshfields.com>; GLADSTEIN, Andrew (ADGL) <Andrew.Gladstein@freshfields.com>; HOWARD, Timothy (TTH) <Timothy.Howard@freshfields.com>; CARLTON, Alexandra <Alexandra.Carlton@freshfields.com>; SCIARETTA, Shannon <Shannon.Sciaretta@freshfields.com>; Michael Klein <mklein@aftlaw.com>; Jeffrey S. Abraham <JAbraham@aftlaw.com>; Tracey, Dennis H. <dennis.tracey@hoganlovells.com>; Bratic, Catherine <catherine.bratic@hoganlovells.com>; Martinez, Peter J <peter.martinez@hoganlovells.com>; Cochrane, Elizabeth <elizabeth.cochrane@hoganlovells.com>; John B. Horgan <jhorgan@egsllp.com>; Joanna Cohen <jcohen@egsllp.com>; Kieran M. Corcoran <kieran.corcoran@stinson.com>; Nicole Khalouian <nicole.khalouian@stinson.com>; Richard Asche <richardasche@lagnyc.com>; Jennifer Furey <JFurey@goulstonstorrs.com>; Mariana Korsunsky <mkorsunsky@goulstonstorrs.com>; Robert Glunt

<glunt@mandelbhandari.com>; Brice Jastrow <bj@mandelbhandari.com>; Leah Vickers <lv@mandelbhandari.com>
**Subject:** Augenbaum v. Anson Investments Master Fund, LP, et al., No. 1:22-cv-0249-AS - Conspiracy Documents

**[EXTERNAL]**
Dear Judge Subramanian's Chambers,

Pursuant to the Court's instructions on Friday, attached please find a chart setting forth the objections and responses to a handful of exhibits in which Defendants are coordinating with each other.  Also attached are the exhibits.

Respectfully submitted,
Evan Mandel

--
Evan Mandel
Mandel Bhandari LLP
80 Pine St., 33rd Floor
New York, NY 10005
Office: (212) 269-5600
Direct: (212) 381-0055
Fax:   (646) 964-6667
em@mandelbhandari.com

**About Hogan Lovells**
Hogan Lovells is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP. For more information, see www.hoganlovells.com.

CONFIDENTIALITY. This email and any attachments are confidential, except where the email states it can be disclosed; it may also be privileged. If received in error, please do not disclose the contents to anyone, but notify the sender by return email and delete this email (and any attachments) from your system.

PRIVACY. Hogan Lovells processes personal data, including data relating to email communications, in accordance with the terms of its privacy policy which is available at www.hoganlovells.com/en/privacy.

| Exhibit No. | Def. Objection | Pl. Response | Def. Reply |
|---|---|---|---|
| PX-172 | FRE 802 with respect to all email threads. FRE 403 as to Joe Reda's email dated January 14, 2020 at 9:43 PM EST. To the extent the emails from Amin Nathoo sent on January 14, 2020 at 3:09 PM, 3:23 PM, 8:42 PM, and 10:01 PM are offered as an opposing party's statement under FRE 801(d)(2) as against Amin Nathoo or Anson, Defendants have no objection. | The entire document is a statement of a party opponent under FRE 801(d)(2) and thereby not hearsay.<br><br>The entire document is also admissible as a co-conspirator's statement under FRE 801(d)(2)(e) as it consists of statements by venturers in furtherance of their joint plan. See United States v. Torres, 124 F.4th 84, 99-100 (2d Cir. 2024) (Where Matute and Torres were co-conspirators, "Rodriguez's testimony regarding what Matute conveyed to him about Torres's participation in Suazo's murder" is admissible even though "Matute lacked first-hand knowledge of Torres's role in the shooting.").<br><br>Also, the email from Joe Reda relating comments from Shaye Hirsh is offered for the fact that he is relaying comments from Brio to Anson concerning potential deal terms at an early stage of negotiations and not for the truth of the matter asserted (and as requests for terms, there is no real factual representation).<br><br>In addition, email communications from SEG are part of the Nathoo | Mr. Reda is not a party opponent and therefore his statements are not statements of a party opponent under FRE 801(d)(2).<br><br>The document is not admissible as a co-conspirator statement, as explained in Defendants' forthcoming letter to the Court to be filed on June 8.<br><br>To the extent Plaintiff does not intend to offer the emails from SEG for the truth of the matter asserted, Defendants are willing to redact the contents to show the recipients of the communications without introducing the hearsay concerns.<br><br>If the contents of the communications from SEG are admitted not for the truth of the matter asserted, Defendants request that a limiting instruction be provided to the jury.<br><br>The FRE 403 as to Joe Reda's email dated 1/14/2020 at 9:43 AM is because it does not accurately reflect the comments of Shaye Hirsch. |

1

| | | response and necessary to understand the Nathoo response.<br><br>There is no conceivable prejudice justifying exclusion under FRE 403, it is unclear what Defendants' objection even is. | |
|---|---|---|---|
| PX-173 | FRE 802 with respect to all email threads. FRE 403 as to Joe Reda's email dated January 14, 2020 at 9:43 PM EST. | The entire document is a co-conspirator's statement under FRE 801(d)(2)(e) as it consists of statements by venturers in furtherance of their joint plan. See Torres, 124 F.4th 84, 99¬100 (2d Cir. 2024) (Where Matute and Torres were co-conspirators, "Rodriguez's testimony regarding what Matute conveyed to him about Torres's participation in Suazo's murder" is admissible even though "Matute lacked first-hand knowledge of Torres's role in the shooting.").<br><br>Also, the email from Joe Reda is offered for the fact that he is accepting comments from Brio to convey to Anson concerning potential deal terms at an early stage of negotiations and not for the truth of the matter asserted (and as requests for terms, there is no real factual representation).<br><br>In connection with PX-172, this email makes clear that the terms conveyed to Anson that SEG represented came | The document is not admissible as a co-conspirator statement, as explained in Defendants' forthcoming letter to the Court to be filed on June 8.<br><br>To the extent Plaintiff does not intend to offer the emails from SEG for the truth of the matter asserted, Defendants are willing to redact the contents to show the recipients of the communications without introducing the hearsay concerns.<br><br>If the contents of the communications from SEG are admitted not for the truth of the matter asserted, Defendants request that a limiting instruction be provided to the jury.<br><br>The FRE 403 as to Joe Reda's email dated 1/14/2020 at 9:43 AM is because it does not accurately reflect the comments of Shaye Hirsch. |

2

| | | from Brio genuinely came from Brio and were not invented by SEG.<br><br>There is no conceivable prejudice justifying exclusion under FRE 403, it is unclear what Defendants' objection even is. | |
|---|---|---|---|
| PX-174 | FRE 802. | The entire document is a co-conspirator's statement under FRE 801(d)(2)(e). See United States v. Torres, 124 F.4th 84, 99-100 (2d Cir. 2024) (Where Matute and Torres were co-conspirators, "Rodriguez's testimony regarding what Matute conveyed to him about Torres's participation in Suazo's murder" is admissible even though "Matute lacked first-hand knowledge of Torres's role in the shooting.").<br><br>Also the email from Joe Reda to Shaye Hirsh is offered for the fact that he is relaying a term sheet from Anson to Brio concerning potential deal terms at an early stage of negotiations and not for the truth of the matter asserted. | The document is not admissible as a co-conspirator statement, as explained in Defendants' forthcoming letter to the Court to be filed on June 8.<br><br>To the extent Plaintiff does not intend to offer the emails from SEG for the truth of the matter asserted, Defendants are willing to redact the contents to show the recipients of the communications without introducing the hearsay concerns.<br><br>If the contents of the communications from SEG are admitted not for the truth of the matter asserted, Defendants request that a limiting instruction be provided to the jury. |
| PX-181 | FRE 802 with respect to all email threads. FRE 403 as to Joe Reda's email dated January 14, 2020 at 9:43 PM EST. | The entire document is a co-conspirator's statement under FRE 801(d)(2)(e) as it consists of statements by venturers in furtherance of their joint plan. See United States v. Torres, 124 F.4th 84, 99-100 (2d Cir. | The document is not admissible as a co-conspirator statement, as explained in Defendants' forthcoming letter to the Court to be filed on June 8. |

3

|  |  |  |  |
|---|---|---|---|
|  |  | 2024) (Where Matute and Torres were co-conspirators, "Rodriguez's testimony regarding what Matute conveyed to him about Torres's participation in Suazo's murder" is admissible even though "Matute lacked first-hand knowledge of Torres's role in the shooting.").<br><br>Also, the top message from Joe Reda requesting a call makes no factual representations and is not hearsay (it is not offered for the truth of anything, as it makes no factual claims).<br><br>The email from Shaye Hirsh is offered for the fact that he is submitting comments (and requests for approval) to Anson via SEG concerning potential deal terms at an early stage of negotiations. It is not offered for the truth of the matter asserted (and as requests for terms, there is no real factual representation). | To the extent Plaintiff does not intend to offer the emails from SEG for the truth of the matter asserted, Defendants are willing to redact the contents to show the recipients of the communications without introducing the hearsay concerns.<br><br>If the contents of the communications from SEG are admitted not for the truth of the matter asserted, Defendants request that a limiting instruction be provided to the jury. |
| PX-194 | FRE 802 with respect to all emails on the chain. To the extent the emails from Amin Nathoo sent on 1/18/2020 2020 at 9:19 PM and 9:29 PM are offered as an opposing party's statement under FRE 801(d)(2) as against Amin Nathoo or Anson, Defendants have no objection. | The entire document is a co-conspirator's statement under FRE 801(d)(2)(e) as it consists of statements by venturers in furtherance of their joint plan. See United States v. Torres, 124 F.4th 84, 99-100 (2d Cir. 2024) (Where Matute and Torres were co- conspirators, "Rodriguez's testimony regarding what Matute conveyed to him about Torres's | The document is not admissible as a co-conspirator statement, as explained in Defendants' forthcoming letter to the Court to be filed on June 8.<br><br>To the extent Plaintiff does not intend to offer the emails from SEG for the truth of the matter asserted, Defendants are willing to redact the contents to show the recipients of the |

| | | participation in Suazo's murder" is admissible even though "Matute lacked first-hand knowledge of Torres's role in the shooting."). | communications without introducing the hearsay concerns. |
| --- | --- | --- | --- |
| | | The top message from Joe Reda makes no factual representations and is not hearsay (it is not offered for the truth of anything, as it makes no factual claims). | If the contents of the communications from SEG are admitted not for the truth of the matter asserted, Defendants request that a limiting instruction be provided to the jury. |
| | | The remaining document is a statement of party opponents (Anson and Brio) under FRE 801(d)(2) and thereby not hearsay, and quoted emails within the chain are necessary context to understand Brio and Anson's messages. | To the extent the emails from Shaye Hirsch are offered against Shaye Hirsch or Brio, and the emails from Amin Nathoo are offered against Amin Nathoo or Anson as party opponent statements, the Defendants do not object. |
| | | To the extent the SEG emails are independently considered, they are offered for the fact that SEG solicited comments from Brio to Anson transaction documents at an early stage of the negotiations and directly forwarded questions from Brio directly to Anson for answers. | |
| | | In addition, apart from the fact that the SEG emails were sent, the messages themselves do not make factual representations of any substance and are not offered for the truth of any such statements. | |
| PX-204 | FRE 802 with respect to all emails on the chain.  Double FRE 802, | The entire chain is admissible under FRE 801(d)(2)(e) as it consists of | The document is not admissible as a co-conspirator statement, as explained |

| | | |
|---|---|---|
| and FRE 403, with respect to Joe Reda's email dated 1/23/2020 at 2:21 PM.  To the extent the email from Ryan Lane sent on 1/23/2020 at 2:29 PM is offered as an opposing party's statement under FRE 801(d)(2) as against Ryan Lane or Empery, Defendants have no objection. | statements by venturers in furtherance of their joint plan. See United States v. Torres, 124 F.4th 84, 99-100 (2d Cir. 2024) (Where Matute and Torres were co-conspirators, "Rodriguez's testimony regarding what Matute conveyed to him about Torres's participation in Suazo's murder" is admissible even though "Matute lacked first-hand knowledge of Torres's role in the shooting.").

Also, the top email from Joe Reda is not offered for the truth of the facts it asserts, as it makes no factual representations. It is offered only to show that SEG solicited Empery's involved by requesting that it assist Anson with setting the terms by which Anson, Empery, and other investors would all jointly invest. The fact and manner of this solicitation, and not any factual assessment of Empery's ability to benefit or benefit others is the relevant portion.

The email from Ryan Lane is a statement of a party opponent (Empery) under FRE 801(d)(2) and thereby not hearsay, and quoted emails below it within the chain are necessary context to understand Empery's message. | in Defendants' forthcoming letter to the Court to be filed on June 8.

To the extent Plaintiff does not intend to offer the emails from SEG for the truth of the matter asserted, Defendants are willing to redact the contents to show the recipients of the communications without introducing the hearsay concerns.

If the contents of the communications from SEG are admitted not for the truth of the matter asserted, Defendants request that a limiting instruction be provided to the jury.

The double FRE 802 and the FRE 403 objections to the email from Joe Reda dated 1/23/2020 are warranted because Mr. Schechter, as SEG's corporate representative, and Amin Nathoo, the purported declarant of the statement, have both testified that the statement is untrue. |

6

| | | The message from Reda to Empery containing pitch materials concerning Genius is not offered for the truth of those materials (as they are irrelevant to the case) but merely to provide context to the messages above and demonstrate that pitch materials were sent.<br><br>There is no conceivable prejudice justifying exclusion under FRE 403, it is unclear what Defendants' objection even is. | |
| PX-239 | FRE 802 with respect to all emails on the chain.  To the extent the email from Charles Phillips sent on 1/14 2020 at 3:43 PM, or the emails from Robert Charron sent on 1/28/2020 at 2:35 PM, 1/31/2020 at 9:38 AM, 11:00 AM, 10:40 AM, 2/3/2020 at 2:20 PM 2:30 PM, and 3:24 PM, are offered as an opposing party's statement under FRE 801(d)(2) as against Robert Charron or Anson, Defendants have no objection. | The entire document is a statement of a party opponent (Charron is counsel for Anson) under FRE 801(d)(2) and thereby not hearsay and quoted emails within the chain are necessary context to understand Anson's message.<br><br>In addition, the entire document is admissible as a co-conspirator's statement under FRE 801(d)(2)(e). See United States v. Torres, 124 F.4th 84, 99-100 (2d Cir. 2024) (Where Matute and Torres were co-conspirators, "Rodriguez's testimony regarding what Matute conveyed to him about Torres's participation in Suazo's murder" is admissible even though "Matute lacked first-hand knowledge of Torres's role in the shooting."). | Defendants already acknowledge that emails from Robert Charron can be offered against Robert Charron or Anson as opposing party statements.<br><br>The document is not admissible as a co-conspirator statement, as explained in Defendants' forthcoming letter to the Court to be filed on June 8.<br><br>To the extent Plaintiff does not intend to offer the emails from SEG for the truth of the matter asserted, Defendants are willing to redact the contents to show the recipients of the communications without introducing the hearsay concerns.<br><br>If the contents of the communications from SEG are admitted not for the truth of the matter asserted, |

7

| | | | To the extent statements or positions are attributed to Empery, those statements are offered not for the truth of the statements themselves (and as statements of position, they make no representations as to facts) but for the fact that they were conveyed and that Anson's counsel was negotiating directly with Empery concerning deal terms. | Defendants request that a limiting instruction be provided to the jury. |
| --- | --- | --- | --- | --- |
| | | | | Defendants have not asserted an FRE 403 objections to this exhibit. |
| | | | To the extent that the SEG and company emails are independently considered, they do not make factual representations of any significance and are not offered for the truth of any such representations, merely as context to understand the statement of a party opponent that quotes them. | |
| | | | There is no conceivable prejudice justifying exclusion under FRE 403, it is unclear what Defendants' objection even is. Empery freely admits that it demanded registration rights be removed from the deal. | |

8